IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF TEXAS
DALLAS DIVISION

| | | |
|---|---|---|
| JASON SIMMONS, | § | |
| | § | |
| Plaintiff, | § | |
| | § | Civil Action No. 3:15-CV-1700-D |
| VS. | § | |
| | § | |
| RAY JACKSON, | § | |
| | § | |
| Defendant. | § | |

MEMORANDUM OPINION
AND ORDER

*Pro se* plaintiff Jason Simmons ("Simmons") sues his former lawyer, Ray Jackson, Esquire ("Jackson"), on claims for fraud, legal malpractice, and conspiracy arising from Jackson's representation of Simmons before the Texas Medical Board ("TMB") and in a lawsuit, *Simmons v. Methodist Hospitals of Dallas*, No. 3:11-CV-0017-B (Boyle, J.) (the "Methodist Lawsuit"). Several motions are pending before the court. For the reasons that follow, the court grants in part and denies in part Jackson's Fed. R. Civ. P. 12(b)(6) motion to dismiss; denies Simmons' motions for partial default judgment, for partial summary judgment, and for leave to file a second amended complaint;[1] grants Simmons' motion to file a reply in support of his motion for default judgment; and grants Simmons' motion to join necessary parties and his request for leave to join necessary parties.

---

[1]The court previously granted Simmons' motion for leave to file a second amended complaint, and it appears that Simmons has filed a duplicate motion. The court denies the motion without prejudice as duplicative.

I

Simmons was an internal medicine resident at Methodist Hospital of Dallas ("Methodist") from 2007 to 2010 and was licensed to practice medicine in Texas.[2] In May 2010 the TMB initiated a proceeding against Simmons that resulted in revoking his license to practice medicine in Texas in July 2013. In July 2010 Simmons was terminated from the residency program. Jackson represented Simmons in the TMB proceeding from May 2010 until October or November 2012.

Simmons filed the Methodist Lawsuit in 2011, alleging that Methodist had discriminated against him based on his race. The court granted summary judgment for Methodist in 2012. Jackson represented Simmons in the Methodist Lawsuit. That same year, Simmons filed a complaint against Jackson with the State Bar of Texas.

In 2015 Simmons brought this *pro se* action against Jackson, alleging claims for fraud, legal malpractice, and conspiracy—with Methodist and its attorney, TMB, and Oscar San Miguel, Esquire ("San Miguel"), who represented Simmons in the TMB proceeding after Jackson withdrew—to deprive Simmons of his license to practice medicine in Texas, under 42 U.S.C. § 1983, and to discriminate against Simmons based on his race in his employment with Methodist, in violation of 42 U.S.C. § 1985(3).

Under the heading "fraud," Simmons alleges that (1) Jackson falsely represented that

---

[2]For purposes of deciding the instant motions, the court will accept as true all well-pleaded factual allegations of Simmons' second amended complaint and draw all reasonable inferences in Simmons' favor. *See, e.g., Lovick v. Ritemoney Ltd.*, 378 F.3d 433, 437 (5th Cir. 2004).

he sent Simmons his "entire file" from which several documents were missing; (2) Jackson failed to disclose to Simmons that the TMB had requested mediation in the TMB proceeding; and (3) Jackson falsely represented to Simmons that the court in the Methodist Lawsuit had stated that Methodist was permitted to "make mistakes," even though the court did not make such a finding. Alternatively, Simmons alleges that Jackson's statements regarding the "entire file" and the court's statement in the Methodist Lawsuit form the basis of a legal malpractice claim.

Under the heading "legal malpractice," Simmons alleges that Jackson (1) failed to submit Simmons' evidence to the TMB; (2) failed to seek discovery from Methodist in the form of medical records; and (3) did not conduct any depositions in the TMB proceeding.

As grounds for his civil conspiracy claim, Simmons alleges that Jackson, Methodist, Methodist's attorney (Simon D. Whiting, Esquire ("Whiting")), the TMB, and San Miguel conspired to deprive Simmons of his license to practice medicine in Texas, under 42 U.S.C. § 1983. According to Simmons, the coconspirators agreed to initiate a sham TMB investigation against him for practicing medicine in a way that created a risk to the public, and the TMB, acting under the color of law, agreed to delay proceedings against Simmons for years and to conduct unethical proceedings. Within this "civil conspiracy" claim, Simmons appears to allege that each coconspirator committed a number of acts as part of the alleged conspiracy. Within his §1983 conspiracy claim, Simmons alleges that Jackson committed fraud and legal malpractice.

Finally, in the alternative to his § 1983 claim, Simmons alleges that Jackson,

Methodist, the TMB, and San Miguel conspired to disparately treat Simmons in his employment at Methodist based on his race.

II

The court first turns to Jackson's motion to dismiss the second amended complaint under Rule 12(b)(6).

A

Jackson contends that Simmons' second amended complaint should be dismissed because (1) Simmons' claims for fraud are in fact claims for legal malpractice; (2) his claims for legal malpractice were filed more than two years after the conclusion of Jackson's representation of him in the TMB proceeding, and the conclusion of the Methodist Lawsuit, and are therefore time-barred; and (3) Simmons has not pleaded a plausible claim for conspiracy.

B

*Pro se* complaints are to be liberally construed. *E.g., Haines v. Kerner*, 404 U.S. 519, 520-21 (1972); *Hernandez v. Maxwell*, 905 F.2d 94, 96 (5th Cir. 1990). They are to be held to "less stringent standards than formal pleadings drafted by lawyers." *Haines*, 404 U.S. at 520. "Although pro se pleadings are to be liberally construed, they must state a 'plausible claim for relief to survive [] a motion to dismiss.'" *Little v. Tex. Attorney Gen.*, 2015 WL 5613321, at *2 (N.D. Tex. Sept. 24, 2015) (Fitzwater, J.) (quoting *Scott v. Cohen,* 528 Fed. Appx. 150, 152 (3d Cir.2013) (per curiam) (brackets in original)), *appeal docketed*, No. 15-11064 (5th Cir. Oct. 27, 2015).

Jackson relies in part for dismissal on the affirmative defense of limitations. "'Although dismissal under Rule 12(b)(6) is ordinarily determined by whether the facts alleged in the complaint, if true, give rise to a cause of action, a claim may also be dismissed if a successful affirmative defense appears clearly on the face of the pleadings.'" *Sivertson v. Clinton*, 2011 WL 4100958, at *2 (N.D. Tex. Sept. 14, 2011) (Fitzwater, C.J.) (quoting *Clark v. Amoco Prod. Co.*, 794 F.2d 967, 970 (5th Cir.1986)); *see also White v. Padgett*, 475 F.2d 79, 82 (5th Cir.1973) (holding that claim is "subject to dismissal under Rule 12(b)(6) . . . when [an] affirmative defense clearly appears on the face of the complaint."). "In the usual case, this court is unable to grant dismissal under Rule 12(b)(6) based on an affirmative defense because it rarely appears on the face of the complaint." *Simon v. Telsco Indus. Emp. Benefit Plan*, 2002 WL 628656, at *1 (N.D. Tex. Apr.17, 2002) (Fitzwater, J.). Further, "[i]t is well settled . . . that in order for a defendant to prevail on the basis of limitations at the pleadings stage, the plaintiff must normally plead [himself] out of court." *W. Fork Partners, L.P. v. Chesapeake Expl., L.L.C.*, 2009 WL 2252505, at *5 (N.D. Tex. July 29, 2009) (Fitzwater, C.J.) (quoting *Funches v. City of Dallas*, 1999 WL 261842, at *2 (N.D. Tex. Apr. 28, 1999) (Fitzwater, J.)). But "[w]here it is clear from a review of a plaintiff's pleadings that any alleged cause of action is barred by limitations, a defendant's motion to dismiss should be granted." *Ingram v. City of Dallas*, 2003 WL 298585, at *2 (N.D. Tex. Feb. 11, 2003) (Fitzwater, J.).

C

Simmons maintains that his claims arise from Jackson's representation in the Methodist Lawsuit and in the TMB proceeding. He acknowledges that the Methodist Lawsuit concluded in April 2012—more than two years before he filed this lawsuit—but he appears to argue that he did not discover Jackson's alleged fraud and malpractice until sometime in 2013, when Jackson returned Simmons' incomplete file. And according to Simmons' second amended complaint, the TMB proceeding was completed in June 2013.

Jackson agrees that the Methodist Lawsuit concluded in April 2012, but he argues that Simmons' claims based on the TMB proceeding accrued when Jackson withdrew in November 2012; Simmons' fraud claims are in fact claims for legal malpractice subject to a two-year statute of limitations; and Simmons' claims arising out of Jackson's representation in both proceedings are time-barred.

Because Simmons' second amended complaint does not, on its face, establish that his claims are time-barred, he has not pleaded himself out of court. Accordingly, the court cannot dismiss this suit under Rule 12(b)(6) on the ground that it is time-barred.

D

Jackson also contends that Simmons' conspiracy claims must be dismissed for failure to state a claim because Simmons has failed to allege any facts demonstrating that the alleged coconspirators acted in concert with one another or that Simmons was deprived of his civil rights through any conspiracy.

To prevail on a § 1983 conspiracy claim, Simmons must establish: (1) an agreement

to commit an illegal act between the defendant and at least one other person acting under color of state law; and (2) an actual deprivation of his constitutional rights in furtherance of that agreement. *Hicks v. Bexar Cnty.*, 973 F. Supp. 653, 676 (W.D. Tex. 1997) (citations omitted). A bald allegation that a conspiracy exists, unsupported by any factual allegations, is insufficient. *Lynch v. Cannatella*, 810 F.2d 1363, 1370 (5th Cir. 1987). Simmons must set forth specific facts, rather than conclusory allegations, demonstrating an agreement to deprive him of his constitutional rights. *Russell v. Millsap*, 781 F.2d 381, 383 (5th Cir. 1985).

Jackson posits that there is no evidence that he and his alleged coconspirators agreed to deprive Simmons of his license to practice medicine in Texas or to discriminate against him based on his race. Simmons alleges only that Jackson, the TMB, Methodist, Whiting, and San Miguel conspired against him to deprive him of his license to practice medicine in Texas, remediable under § 1983, and to discriminate against him in his employment based on his race, in violation of § 1985. He alleges that Jackson and his coconspirators made a "tacit agreement" to violate his rights, but he does not allege any specific facts demonstrating an agreement.

Simmons has failed to plead facts demonstrating a plausible claim for civil conspiracy, remediable under § 1983, or in violation of § 1985, and the court dismisses his conspiracy claims. Although the court is granting in part Jackson's motion to dismiss, it will permit Simmons to replead. "[D]istrict courts often afford plaintiffs at least one opportunity to cure pleading deficiencies before dismissing a case, unless it is clear that the defects are incurable

- 7 -

or the plaintiffs advise the court that they are unwilling or unable to amend in a manner that will avoid dismissal." *In re Am. Airlines, Inc., Privacy Litig.*, 370 F.Supp.2d 552, 567-68 (N.D. Tex. 2005) (Fitzwater, J.) (citation omitted). Although Simmons has already had an opportunity to replead, he did so before the court identified specific deficiencies in his civil conspiracy claim. Plaintiffs are often able to state plausible claims for relief once the court identifies the defects in their pleadings and permits them to amend. *See, e.g., Reneker v. Offill*, 2010 WL 1541350, at *2, *7 (N.D. Tex. Apr.19, 2010) (Fitzwater, C.J.) (after twice granting motions to dismiss, concluding that plaintiff's second amended complaint stated claim on which relief could be granted). Accordingly, the court grants Simmons leave to file a third amended complaint within 28 days of the date this memorandum opinion and order is filed. If Simmons repleads but does not state a plausible claim for conspiracy on which relief can be granted, Jackson may move anew for appropriate relief.

III

The court next turns to Simmons' motion for partial default judgment.[3]

A

Simmons filed his complaint on May 7, 2015 in the Eastern District of New York. The suit was later transferred to this district, and this court permitted Simmons to amend his complaint. Jackson was served with Simmons' amended complaint on July 1, 2015, and

---

[3]Simmons seeks leave to file a reply in support of his motion for partial default judgment. The court grants the motion, and it has considered the reply in denying his motion for partial default judgment.

Jackson filed a motion to dismiss the amended complaint on July 21, 2015. On August 5, 2015 Simmons sought leave to file a second amended complaint, which the court granted on September 3, 2015. On September 15, 2015, the parties filed a joint status report. Simmons moved for a partial default judgment on September 25, 2015. Jackson filed his answer to the second amended complaint on September 28, 2015.

Simmons argues that he is entitled to a partial default judgment because Jackson failed to answer or otherwise respond to the second amended complaint by the September 24, 2015 deadline, i.e., 21 days from the date Jackson was served. Jackson responds that default judgment is not warranted because he has shown his intent to defend against Simmons' claims and has defended against them from the beginning of the lawsuit: he filed a motion to dismiss the first amended complaint, a certificate of interested persons, and a joint status report. According to Jackson, he did not notice that when the court granted Simmons' motion for leave to amend, the second amended complaint was docketed the same day that leave was granted, and he therefore did not respond by the deadline. Jackson answered the second amended complaint four days after the deadline.

B

A party is entitled to entry of a default by the clerk of the court if the opposing party fails to plead or otherwise defend as required by law. *See* Rule 55(a). This first step, entry of a default, is a ministerial matter performed by the clerk, and is a prerequisite to a later default judgment. *Am. S. Ins. Co. v. Buckley*, 2010 WL 5654105, at *3 (E.D. Tex. Dec. 28, 2010), *rec. adopted*, 2011 WL 288604 (E.D. Tex. Jan. 27, 2011). Under Rule 55(b)(2), a

plaintiff is entitled to default judgment if he establishes that (1) the defendant has been served with the summons and complaint, and default was entered for his failure to appear; (2) the defendant is neither a minor nor incompetent; (3) the defendant is not in military service or otherwise subject to the Soldiers and Sailors Relief Act of 1940; and (4) if the defendant has appeared, he was provided notice of the application for default judgment at least three days prior to the hearing.

The Fifth Circuit generally disfavors default judgments and favors resolving cases on their merits. *Arch Ins. Co. v. WM Masters & Assocs., Inc.*, 2013 WL 145502, *3 (N.D. Tex. Jan. 14, 2013) (Lynn, J.) (citing *Rogers v. Hartford Life & Accident Ins. Co.*, 167 F.3d 933, 936 (5th Cir. 1999)). When deciding whether to enter default judgment, the court should consider:

> (1) whether material issues of fact are at issue; (2) whether there has been substantial prejudice; (3) whether grounds for default are clearly established; (4) whether default was caused by good faith mistake or excusable neglect; (5) [the] harshness of default judgment; and (6) whether the court would feel obligated to set aside a default on the defendant's motion.

*Arch Ins. Co.*, 2013 WL 145502, at *3 (citing *Lindsey v. Prive Corp.*, 161 F.3d 886, 893 (5th Cir. 1998)). "Any doubts as to whether to enter or set aside a default judgment must be resolved in favor of the defaulting party," and entry of a default judgment is completely within the court's discretion. *Id.*

The court declines in its discretion to enter default judgment against Jackson. Jackson timely responded to Simmons' first amended complaint by filing a motion to dismiss; he filed

a joint status report; and he answered Simmons' second amended complaint four days after the deadline for filing a responsive pleading. Simmons has not suffered any prejudice by Jackson's short delay in responding to the second amended complaint, and Jackson made clear his intent to defend against Simmons' claims. Simmons' motion is therefore denied.

IV

The court next turns to Simmons' motion to join necessary parties and his request for leave to join necessary parties.

Simmons seeks leave to add as defendants Methodist Hospital of Dallas, the TMB, Whiting, and San Miguel. Under the scheduling order, the deadline for a party to file a motion for leave to join other parties was October 23, 2015. Simmons filed his motion to join necessary parties on September 3, 2015, and his request for leave to join necessary parties on October 7, 2015, before the deadline.

Because Simmons moved for leave to join parties before the court-ordered deadline and there is no apparent reason to deny such relief, the court in its discretion will permit Simmons to file a third amended complaint to add these parties.[4]

---

[4]The court's recent decision in *Grant v. Rathbun*, 2016 WL 1750572 (N.D. Tex. May 3, 2016) (Fitzwater, J.), is not to the contrary. In *Grant* the plaintiffs moved for leave to file an amended complaint that included two new defendants. Although their motion was filed after the deadline for moving for leave to add parties, they relied on the later deadline for moving for leave to amend pleadings to maintain that their motion was timely. The court rejected this argument, concluding that the earlier deadline for moving for leave to add parties controlled the timeliness of their motion. *Id.* at *2. In the present case, Simmons filed his motion and request before the deadline for moving for leave to add parties.

- 11 -

V

The court next turns to Simmons' motion for partial summary judgment.

A

Although the motion is styled a motion for partial summary judgment, Simmons appears to move for summary judgment on all of his claims. Jackson responds that Simmons cannot prove all of the essential elements of any of his claims and that his claims are barred by the statute of limitations, and Jackson challenges the evidence upon which Simmons relies.

Because Simmons will have the burden of proof on his claims at trial, to be entitled to summary judgment, he "must establish 'beyond peradventure all of the essential elements of the claim[.]'" *Bank One, Tex., N.A. v. Prudential Ins. Co. of Am.*, 878 F. Supp. 943, 962 (N.D. Tex. 1995) (Fitzwater, J.) (quoting *Fontenot v. Upjohn Co.*, 780 F.2d 1190, 1194 (5th Cir. 1986)). "This means that [Simmons] must demonstrate that there are no genuine and material fact disputes and that [he] is entitled to summary judgment as a matter of law." *GoForIt Entm't, LLC v. DigiMedia.com L.P.*, 2010 WL 4602549, at *5 (N.D. Tex. Oct. 25, 2010) (Fitzwater, C.J.) (citing *Martin v. Alamo Cmty. Coll. Dist.*, 353 F.3d 409, 412 (5th Cir. 2003)). "The court has noted that the 'beyond peradventure' standard is 'heavy.'" *Carolina Cas. Ins. Co. v. Sowell*, 603 F. Supp. 2d 914, 923 (N.D. Tex. 2009) (Fitzwater, C.J.) (quoting *Cont'l Cas. Co. v. St. Paul Fire & Marine Ins. Co.*, 2007 WL 2403656, at *10 (N.D. Tex. Aug. 23, 2007) (Fitzwater, J.)).

Simmons has not met the heavy beyond peradventure standard. He has failed to

demonstrate that there are no genuine and material fact disputes and that he is entitled to summary judgment as a matter of law as to his claims. The court therefore denies Simmons' motion for partial summary judgment.

\*   \*   \*

For the reasons explained, the court grants Jackson's Rule 12(b)(6) motion to dismiss Simmons' conspiracy claims and otherwise denies the motion. The court grants Simmons leave to file a third amended complaint within 28 days of the date this memorandum opinion and order is filed. The court denies Simmons' motions for default judgment, for partial summary judgment, and for leave to file a second amended complaint, and it grants Simmons' motion to file a reply in support of his motion for default judgment. The court grants Simmons' motion and request for leave to join additional parties.

**SO ORDERED**.

May 10, 2016.

_____
SIDNEY A. FITZWATER
UNITED STATES DISTRICT JUDGE