IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF TEXAS
DALLAS DIVISION

| | | |
|---|---|---|
| JASON SIMMONS, | § | |
| | § | |
| Plaintiff, | § | |
| | § | Civil Action No. 3:15-CV-1700-D |
| VS. | § | |
| | § | |
| RAY JACKSON, | § | |
| | § | |
| Defendant. | § | |

MEMORANDUM OPINION
AND ORDER

*Pro se* plaintiff Jason Simmons ("Simmons") appeals the magistrate judge's order denying his motion for the appointment of counsel. For the reasons that follow, the court affirms the magistrate judge's order, although with a fuller examination and explanation of the relevant factors that inform whether this case involves the necessary exceptional circumstances.

I

Simmons, who alleges that he was an internal medicine resident from July 2007 to May 2010, brings this action asserting civil RICO claims against defendants Ray Jackson ("Jackson"), Methodist Hospital of Dallas, Oscar San Miguel, and the Texas Medical Board. He initially filed this suit on May 7, 2015 in the Eastern District of New York, only against Jackson. After the case was transferred to this court, various motions were filed and decided, and Simmons amended his complaint, Simmons filed on June 6, 2016 the instant motion for the appointment of counsel, which the court referred to the magistrate judge. After

conducting a telephonic *ex parte* hearing, the magistrate judge denied the motion.

In a brief order filed on July 12, 2016, the magistrate judge noted that the right to appointed counsel is not automatic in civil cases, July 12, 2016 Order at 1 (citing *Salmon v. Corpus Christi Independent School District*, 911 F.2d 1165, 1166 (5th Cir. 1990)), and that the trial court exercises "'considerable discretion in determining whether to appoint counsel,'" *id*. (quoting *Salmon*, 911 F.2d at 1166). The magistrate judge also noted that he had attempted unsuccessfully to find *pro bono* counsel for Simmons, but that "Simmons is able to effectively represent himself." *Id.* The magistrate judge concluded that "[b]ased on Mr. Simmons' ability to represent himself, the Court finds it unnecessary to appoint Mr. Simmons counsel at this time." *Id.* Simmons objects to the magistrate judge's decision to deny appointed counsel.

## II

The court begins by addressing the magistrate judge's statement that he attempted unsuccessfully to find *pro bono* counsel for Simmons. To the extent the magistrate judge relied on this unsuccessful attempt as a basis to deny appointment of counsel, the court declines to uphold his decision on this ground.

When a district court attempts unsuccessfully to secure counsel by offering compensation or requesting that willing counsel take a case *pro bono*, "courts also have the inherent power to compel counsel to accept an uncompensated appointment." *Naranjo v. Thompson*, 809 F.3d 793, 801 (5th Cir. 2015) (addressing appointment of counsel in civil rights case). Although *Naranjo* limits compelled representation to cases where a civil rights

plaintiff's claims "meet a threshold level of plausibility" and "the case presents exceptional circumstances," *id.* at 799 (quoting *Ulmer v. Chancellor*, 691 F.2d 209, 212 (5th Cir. 1982)), it would be incorrect to deny a motion for appointment of counsel in a civil rights case merely on the basis that the court was unsuccessful in attempting "to find pro bono counsel," July 12, 2016 Order at 1, without also considering whether the exercise of the court's inherent power to compel counsel to render *pro bono* representation is warranted. Accordingly, the court is not affirming the magistrate judge's decision on the basis that he attempted unsuccessfully to find *pro bono* counsel for Simmons.

III

The magistrate judge appears to have denied appointed counsel principally on the ground that Simmons "is able to effectively represent himself." July 12, 2016 Order at 1. The court affirms the magistrate judge's order to the extent he relies on this ground, although with a fuller examination and explanation of the relevant factors that inform whether this case involves the exceptional circumstances required to warrant appointed counsel.[1] A court abuses its discretion by not considering a series of factors when determining whether there are exceptional circumstances to justify the appointment of counsel. *See Ulmer*, 691 F.2d at 212.

---

[1]"An appellate court may affirm . . . 'on any ground supported by the record, even if it is different from that relied on by the district court.'" *Bluebonnet Hotel Ventures, L.L.C. v. Wells Fargo Bank, N.A.*, 754 F.3d 272, 275 (5th Cir. 2014) (quoting *Holtzclaw v. DSC Commc'ns Corp.*, 255 F.3d 254, 258 (5th Cir. 2001) (addressing summary judgment)).

A

Although the court has the authority to appoint counsel to represent Simmons, he is

not entitled to court-appointed counsel as of right.  *See* 28 U.S.C. § 1915(e)(1) (providing

that "[t]he court may request an attorney to represent any person unable to afford counsel");

*see Naranjo,* 809 F.3d at 799 (citing *Ulmer,* 691 F.2d at 209, 212); *see also Pinson v.*

*Santana*, 2015 WL 1000914, at *1 (N.D. Tex. Mar. 6, 2015) (Fitzwater, J.).  This court is not

required to appoint counsel unless the case presents exceptional circumstances. *See Naranjo*,

809 F.3d at 799 (citing *Ulmer*, 691 F.2d at 212); *see also Pinson*, 2015 WL 1000914, at *1.

> In determining whether to appoint counsel for an indigent
> plaintiff, the court must consider: (1) the type and complexity of
> the case; (2) whether the plaintiff can adequately present the
> case; (3) whether the plaintiff can adequately investigate the
> case; and (4) whether the evidence will consist in large part of
> conflicting testimony so as to require skill in the presentation of
> evidence and cross examination.

*Pinson*, 2015 WL 1000914, at *1 (citing *Ulmer*, 691 F.2d at 213).

B

1

The court considers first the type and complexity of the case.  The court acknowledges

that civil RICO cases can be complex.

2

The second factor is whether Simmons can adequately present the case.  According

to the record, Simmons was at one time a licensed physician.  *See, e.g.*, Compl. ¶ VI.  It is

reasonable to infer that he is highly intelligent.  His pleadings, although prolix and less

polished than if prepared by a competent lawyer, reflect an above-average understanding of how to present a legal claim. In his complaint and amended complaints, and in various motions, he generally articulates his positions with sufficient clarity that the court can understand them. He has shown through his filings that he has a sufficient understanding of the legal principles and evidentiary burden underpinning his claims. And the types of pleadings and motions he files reflect an above-average understanding of how a case should be litigated.

Simmons argues that it is unimaginable how the court could expect a *pro se*, indigent plaintiff to effectively pursue the facts of the case and conduct depositions against the defendants. Although any *pro se* litigant would be better served if represented by competent counsel, Simmons must show that he cannot adequately present his case. Based on Simmons' conduct so far, the court cannot say that he has made this showing. In fact, the court agrees with the magistrate judge's conclusion that this case does not warrant the appointment of counsel because "Simmons is able to effectively represent himself." July 12, 2016 Order at 1.

3

The third factor considers whether the plaintiff can adequately investigate the case. Simmons contends that his lack of financial resources precludes his ability to pay for depositions, court reporters, and other necessary components of discovery. But if impecuniousness were alone sufficient to satisfy the third factor, appointment of counsel could become routine—not exceptional—considering that litigants are often *pro se* precisely

because they cannot afford a lawyer or the costs of litigation.

Turning then to non-monetary factors, the court finds that, to this point in the lawsuit, Simmons has been able to investigate the case sufficiently to set out in a 187-page third amended complaint the facts on which he relies to establish that defendants are liable. Without suggesting that his third amended complaint does or does not state a plausible claim against any particular defendant, it certainly reflects his ability to investigate, and then allege, the facts on which he relies.

4

Under the fourth factor, the court considers whether the evidence will consist in large part of conflicting testimony so as to require skill in the presentation of evidence and cross-examination.

At this stage of the case, the court cannot determine whether the evidence will consist of conflicting testimony so as to require skill in the presentation of evidence and cross-examination. The evidence presented thus far consists primarily of documents rather than conflicting testimony or other information that would require the assistance of counsel to effectively examine for the court. *See, e.g.*, *Jackson v. Dall. Police Dep't*, 811 F.2d 260, 262 (5th Cir. 1986) (per curiam).

C

Simmons posits that, aside from himself, the defendants and the court would benefit from the appointment of counsel through the sharpening of issues, the shaping of the examination and cross-examination of witnesses, and the overall efficiency of a trial. It is

typically a service to the court for counsel to explain the applicable legal principles in the case, and to limit the claims made to those with actual merit. *Knighton v. Watkins*, 616 F.2d 795, 799 (5th Cir. 1980). But to warrant appointed counsel, this case must present exceptional circumstances, not merely circumstances that make it desirous for plaintiff to be represented by counsel.

D

The court concludes that none of the *Ulmer* factors, considered together or individually, warrants the appointment of counsel. Simmons has not demonstrated that this case involves the required exceptional circumstances. Accordingly, the magistrate judge's order denying the appointment of counsel is affirmed.[2]

**AFFIRMED**.

October 24, 2016.

_____
SIDNEY A. FITZWATER
UNITED STATES DISTRICT JUDGE

---

[2]Simmons requests in the alternative that the court refer the motion to appoint counsel to a different magistrate judge to allow new consideration of the presented claims by potential counsel. The court denies this request.