UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF TEXAS
DALLAS DIVISION

| | | |
|---|---|---|
| JASON SIMMONS,<br>    Plaintiff,<br>v.<br>RAY JACKSON, et al.,<br>    Defendants. | § § § § § § | No. 3:15-CV-01700-D |

## FINDINGS, CONCLUSIONS, AND RECOMMENDATION OF THE UNITED STATES MAGISTRATE JUDGE

Pursuant to 28 U.S.C. § 636(b), the district court has referred Defendant Methodist Hospitals of Dallas' Motion to Dismiss [ECF No. 107] for recommendation. *See* Order of Reference [ECF No. 109]. For the following reasons, the undersigned recommends the district court allow Plaintiff to file a final amended complaint in accordance with Federal Rules of Civil Procedure 8, 9(b), and 10(b).

### Background

This case arises out of two previous suits filed by Plaintiff Jason Simmons. Plaintiff's first suit, No. 3:11-CV-0017-B, filed in 2011, alleged race discrimination by Methodist Hospital of Dallas ("Methodist") in Plaintiff's employment as an internal medicine resident. Def.'s Mot. to Dismiss 2 [ECF No. 107]; Mem. Op. & Order 2 [ECF No. 60]. Defendant, attorney Ray Jackson, represented Plaintiff in the lawsuit. Def.'s Mot. to Dismiss 2 [ECF No. 107]. The court granted Methodist's motion for summary judgment and dismissed the case. *Id.* In 2014 Plaintiff, appearing *pro se*, filed a second suit against Methodist, No. 3:14-CV-02958-B, alleging the same claims. *Id.* On May 1, 2015, the court granted Methodist's Motion to Dismiss. *Id.* On May 7, 2015, Plaintiff filed the present suit against Jackson alleging claims for fraud, legal malpractice, and conspiracy. *See* Pl.'s Compl. [ECF No. 1]; Mem. Op. & Order 2 [ECF No. 60]. On May 10, 2016, the district court granted in part and denied in part, Jackson's Motion to Dismiss. Mem. Op. & Order [ECF No.

1

60]. The court allowed Plaintiff to replead his conspiracy claims under 42 U.S.C. § 1983 and § 1985 to address the deficiencies in this claim. *Id.* at 7-8 [ECF No. 60]. Plaintiff's claims for legal malpractice against Jackson survived dismissal. *Id.* at 6 [ECF No. 60]. The court found that Simmons' second amended complaint did not, on its face, establish that his claims were time barred. *Id.* [ECF No. 60]. The court also granted Plaintiff leave to file a third amended complaint and to join additional parties. *Id.* at 13 [ECF No. 60]. Plaintiff's third amended complaint [ECF No. 80] adds Methodist, Simon D. Whiting, Oscar San Miguel, and Texas Medical Board ("TMB") as defendants. This Court liberally construes Plaintiff's 189 page third amended complaint to include claims for alleged violations of the Racketeer Influenced and Corrupt Organizations Act ("RICO") 18 U.S.C. § 1962(a)-(d), fraud, breach of contract, legal malpractice, and civil conspiracy. Pl.'s Am. Compl. 36-184 [ECF No. 80]. Methodist has moved to dismiss Plaintiff's claims pursuant to Federal Rules of Civil Procedure 8(d)(1), 8(a)(2), and 12(b)(6). Def.'s Mot. to Dismiss 1, 3-15 [ECF No. 107].

## Legal Standard

Federal Rule of Civil Procedure 8(a)(2) provides "[a] pleading that states a claim for relief must contain a *short and plain statement* of the claim showing that the pleader is entitled to relief." FED. R. CIV. P. 8(a)(2) (emphasis added). Rule 8(d)(1) states pleadings must be "simple, concise, and direct." FED. R. CIV. P. 8(d)(1). Rule 8(a)(2) requires a pleading to have "facial plausibility." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (citing *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 570 (2007)). The court must be able to draw the reasonable inference from the pleading that the defendant is liable for the misconduct alleged. *Iqbal*, 556 U.S. at 678 (citing *Twombly*, 550 U.S. at 556). Specific facts are not necessary, but the pleadings must give the defendant fair notice of a claim. *Erickson v. Pardus*, 551 U.S. 89, 93 (2007). A defendant may seek dismissal under Rule 12(b)(6) if the pleading fails to establish facial plausibility. *See* FED. R. CIV. P. 12(b)(6); *Iqbal*, 556

U.S. at 678. Rule 9(b) "requires that in alleging fraud, a party must state with 'particularity the circumstances constituting fraud.'" *Bacon v. NCO Fin. Sys., Inc.*, No. 3:12-CV-646-D BK, 2012 WL 1899978, at *1 (N.D. Tex. Apr. 23, 2012), *R. & R. adopted*, No. 3:12-CV-646-O, 2012 WL 1900909 (N.D. Tex. May 25, 2012) (quoting FED. R. CIV. P. 9(b)). "At a minimum, Rule 9(b) requires allegations of the particulars of time, place, and contents of the false representations, as well as the identity of the person making the misrepresentation and what he obtained thereby." *Id.* (quoting *Benchmark Electronics, Inc. v. J.M. Huber Corp.*, 343 F.3d 719, 724 (5th Cir. 2003)). Further, Rule 10 provides, "[a] party must state its claims or defenses *in numbered paragraphs*, each limited as far as practicable to a single set of circumstances." FED. R. CIV. P. 10(b) (emphasis added). While courts liberally construe the pleadings of *pro se* litigants, *pro se* parties are not exempt from complying with court rules of procedural and substantive law. *Birl v. Estelle*, 660 F.2d 592, 593 (5th Cir. 1981) (citing *Faretta v. California*, 422 U.S. 806, 834 n.46 (1975)). Courts should allow plaintiffs at least one opportunity to cure pleading deficiencies before dismissing the case, unless the defects are clearly incurable or plaintiff advises the court that he is unwilling or unable to amend the pleading in a manner that will avoid dismissal. *See Great Plains Trust Co. v. Morgan Stanley Dean Witter & Co.*, 313 F.3d 305, 329 (5th Cir. 2002).

### Analysis

Plaintiff's third amended complaint is deficient under Rules 8, 9(b), and 10(b)'s requirements. As Methodist correctly addresses, the primary purpose of Rule 8 is to give the defendant fair notice of the claims against him. *See Jennings v. Emry*, 910 F.2d 1434, 1436 (7th Cir. 1990) (a complaint "must be presented with clarity sufficient to avoid requiring a district court or opposing party to forever sift through its pages in search of" a valid claim); *see also Flayter v. Wis. Dep't of Corrs.*, 16 Fed. App'x. 507, 509 (7th Cir. 2001) (dismissing 116 page complaint pursuant to Rule 8(a)(2)); *Gordon v. Green*, 602 F.2d 743, 745-46 (5th Cir. 1979) (interpreting Rule 8's

requirements). A complaint that is "prolix and/or confusing" should be dismissed because it "makes it difficult for the defendant to file a responsive pleading and for the court to conduct orderly litigation." *Vicom, Inc. v. Harbridge Merchant Servs., Inc.*, 20 F.3d 771, 775-76 (7th Cir. 1994). Neither this Court nor Defendant is required to search through Plaintiff's single spaced, 189 page complaint, including the 200 pages of attached exhibits, to determine what claims Plaintiff is attempting to bring. Instead of using paragraphs as required by Rule 10(b), the complaint uses only line numbers. *See* Pl.'s Am. Compl. 31-184 [ECF No. 80]. Plaintiff's complaint is over 5,000 lines long. *Id.* [ECF No. 80]. Plaintiff appears to incorporate entire pleadings from his two previous cases that have been dismissed. *Id.* at 38 lines 265-66, 45 lines 489-493, 54 lines 772-73 [ECF No. 80]. Plaintiff's response also does not comply with Rule 10(b). *See* Pl.'s Resp. 1-12 [ECF No. 121]. Plaintiff's complaint forced Defendants Jackson and Oscar San Miquel to file answers assigning their own paragraph numbers in order to respond to the complaint. Def.'s Mot. to Dismiss 4 [ECF No. 107]; Def. Ray Jackson's Answer to Pl.'s Third Am. Compl. 1-26 [ECF No. 94]; Def. Oscar San Miguel Answer to Pl.'s Third Am. Compl. 1-36 [ECF No. 105]. Defendants' answers both show that the parties are unable to sufficiently address Plaintiff's specific allegations because of Plaintiff's failure to comply with Rule 10(b). Methodist argues that "the lack of paragraph numbers required by Rule 10(b) creates unnecessary confusion and burdens the parties and the Court . . ." Def.'s Reply 2 [ECF No. 127]. This Court agrees. Plaintiff's response states, "[t]he Court, in over a year, has never given plaintiff notice that his pleadings contain such a 'fatal' flaw." Pl.'s Resp. 2 [ECF No. 121]. This Court shall do so at this time.

It is readily apparent that Plaintiff's complaint does not meet the requirements of Rules 8, 9(b), or 10(b). Unlike Plaintiff's 226 page second amended complaint [ECF No. 54], Plaintiff's third amended complaint has added four new parties making it even more difficult to distinguish which claims are being asserted against each of the parties. Plaintiff often reasserts and "incorporates"

previous claims in his complaint to support other various claims. *Compare* Pl.'s Am. Compl. at 36 lines 187-88, *with* 73 lines 1466, 1476-79 (Plaintiff "incorporating" § 1962(c) RICO claim into Plaintiff's § 1962(d) RICO claim); *see also id.* at 52 lines 724-25, 53 lines 751-52, 763-64, 55 lines 803-06 (Plaintiff "incorporating" previous allegations to support civil conspiracy allegation) [ECF No. 80]. Plaintiff repeatedly restates statutes, elements, and case law causing unnecessary verbosity throughout his complaint.

Therefore, the undersigned recommends that the district court deny in part and grant in part Methodist's Motion to Dismiss [ECF No. 107]. The court should give Plaintiff an opportunity to file a final amended complaint in compliance with Rules 8(a), 8(d)(1), 9(b), and 10(b). Additionally, the district court should order Plaintiff's fourth amended complaint is: 1) limited to twenty pages; 2) double spaced; and 3) in compliance the rules set forth above.[1] *See Barnes v. Tumlinson*, 597 F. App'x 798, 799 (5th Cir. 2015) (per curiam), *cert. denied*, 136 S.Ct. 485, 193 L.Ed.2d 355 (2015) (holding the district court's orders requesting that plaintiff to replead her case, in compliance with Rule 8, and limiting her pleadings to thirty pages were within the court's discretion); *see also Cesarani v. Graham*, 25 F.3d 1044, 1994 WL 261232, *1-2 (5th Cir. 1994) (affirming district court's dismissal of plaintiff's complaint where plaintiff failed to amend complaint to not exceed twenty pages in length and comply with Rule 8(a)); *Woodson v. Surgitek, Inc.*, 57 F.3d 1406, 1417 (5th Cir. 1995) (explaining that "[t]he federal courts are vested with the inherent power to manage their own affairs so as to achieve the orderly and expeditious disposition of cases") (internal quotation and citation omitted)). If Plaintiff fails to comply, then dismissal with prejudice is warranted.

---

[1] In the alternative, the Court recommends the district court should require Plaintiff to file a RICO case statement. *Marriott Bros. v. Gage*, 911 F.2d 1105, 1107 (5th Cir. 1990) ("such an order does not amount to an unwarranted judicial intervention into the litigation process. Instead, it is a useful, sometimes indispensable, means to understand the nature of the claims asserted and how the allegations satisfy the RICO statute.").

While the undersigned sees merit in the arguments raised in Defendant's Motion to Dismiss under Rule 12(b)(6), Plaintiff should be given an opportunity to cure his pleading deficiencies, prior to dismissal of his case. The Court is unable to determine that it appears beyond doubt that Plaintiff can prove no set of facts in support of his claim which would entitle him to relief. Because this Court presently is unable to ascertain the nature or the specific content of Plaintiff's claims, the district court should deny without prejudice Methodist's motion to dismiss pursuant to Rule 12(b)(6).

## RECOMMENDATION

Defendant Methodist's Motion to Dismiss [ECF No. 107] for Plaintiff's failure to comply with Rule 8 should be granted in part and denied in part. Plaintiff's amended complaint fails to comply with Rules 8(a), 8(d)(1), 9(b), and 10(b), entitling Methodist to dismissal of Plaintiff's claims. However, Plaintiff should be given one, and only one, final opportunity to replead his complaint consistent with these rules. The amended complaint should be filed within fourteen days of the district court's order adopting this recommendation. If Plaintiff fails to file an amended complaint within that period, or if Plaintiff's amended complaint fails to comply with these requirements, Plaintiff's action against Defendant should be dismissed with prejudice pursuant to Fed. R. Civ. P. 41(b). The district court should deny without prejudice Defendant's Motion to Dismiss pursuant to Rule 12(b)(6).

**SO RECOMMENDED**, this 10 day of November, 2016.

PAUL D. STICKNEY
UNITED STATES MAGISTRATE JUDGE

## INSTRUCTIONS FOR SERVICE AND
## NOTICE OF RIGHT TO APPEAL/OBJECT

The United States District Clerk shall serve a true copy of these findings, conclusions and recommendation on the parties. Pursuant to Title 28, United States Code, Section 636(b)(1), any party who desires to object to these findings, conclusions and recommendation must serve and file written objections within fourteen days after service of the findings, conclusions and recommendation. A party filing objections must specifically identify those findings, conclusions or recommendation to which objections are being made. The District Court need not consider frivolous, conclusory or general objections. A party's failure to file such written objections to these proposed findings, conclusions and recommendation shall bar that party from a *de novo* determination by the District Court. *See Thomas v. Arn*, 474 U.S. 140, 150 (1985). Additionally, any failure to file written objections to the proposed findings, conclusions and recommendation within fourteen days after service shall bar the aggrieved party from appealing the factual findings and legal conclusions of the Magistrate Judge that are accepted by the District Court, except upon grounds of plain error. *See Douglass v. United Servs. Auto. Ass'n*, 79 F.3d 1415, 1417 (5th Cir. 1996) (en banc).