IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF TEXAS
DALLAS DIVISION

| | | |
|---|---|---|
| JASON SIMMONS, | § | |
| | § | |
| Plaintiff, | § | |
| | § | Civil Action No. 3:15-CV-1700-D |
| VS. | § | |
| | § | |
| RAY JACKSON, et al., | § | |
| | § | |
| Defendants. | § | |

## **ORDER**

After making an independent review of the pleadings, files, and records in this case, and the November 10, 2016 findings, conclusions, and recommendation of the magistrate judge, as clarified on December 9, 2016 in the magistrate judge's order of clarification, the court concludes that the findings and conclusions are correct. It is therefore ordered that the findings, conclusions, and recommendation of the magistrate judge are adopted.

Accordingly, defendant Methodist Hospitals of Dallas' ("Methodist's") August 18, 2016 motion to dismiss is granted in part and denied without prejudice in part. Plaintiff Jason Simmons' ("Simmons'") November 22, 2016 motion for miscellaneous relief is denied in part as moot (to the extent the magistrate judge has clarified his findings, conclusions, and recommendation) and denied in part on the merits (to the extent the court's order today imposes pleading requirements that Simmons opposes).

No later than January 18, 2017, Simmons must file a fourth amended complaint that complies with Fed. R. Civ. P. 8(a), 8(d)(1), 9(b), and 10(b). The fourth amended complaint must be typed in at least 12-point font, must be double-spaced, and must not exceed 20 total pages. This is Simmons' final opportunity to replead his complaint.

In view of the entry of this ruling, Simmons' December 27, 2016 motion for leave to file an amended complaint against Methodist is denied in part as moot and denied in part as seeking relief that is inconsistent with the requirements of this order. Although Simmons has included with his motion for leave a proposed fourth amended complaint that is double-spaced, it does not appear to comply in all respects with the applicable Federal Rules of Civil Procedure (e.g., Rule 8(a)(1)); it still slightly exceeds 20 pages (even excluding exhibits); and it does not appear to include Barbara Jordan ("Jordan") and Cristal Cienfuegos ("Cienfuegos") as defendants, whom Simmons seeks to join as parties.

Additionally, in view of this ruling, Simmons' November 17, 2016 request for leave to join necessary parties is denied as moot. Simmons can add Jordan and Cienfuegos as parties-defendant in the fourth amended complaint required by this order (and he must do so within the 20 pages allowed).

**SO ORDERED**.

January 4, 2017.

_____
SIDNEY A. FITZWATER
UNITED STATES DISTRICT JUDGE