IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF TEXAS
DALLAS DIVISION

| | | |
|---|---|---|
| JASON SIMMONS, | § | |
| | § | |
| Plaintiff, | § | |
| | § | |
| v. | § | Case No. 3:15-cv-1700-S-BT |
| | § | |
| RAY JACKSON, *et. al.*, | § | |
| | § | |
| Defendants. | § | |

## **FINDINGS, CONCLUSIONS, AND RECOMMENDATION OF THE UNITED STATES MAGISTRATE JUDGE**

This *pro se* civil action has been referred to the United States Magistrate Judge for pretrial management pursuant to 28 U.S.C. § 636(b). Before the Court is Defendant Ray Jackson's Amended Motion to Dismiss Plaintiff's Fourth Amended Complaint (ECF No. 204). For the reasons stated, the District Court should GRANT Defendant's Motion.

### **Background[1]**

On January 4, 2017, the District Court ordered Plaintiff Jason Simmons to file a fourth amended complaint that complies with Rules 8(a), 8(d)(1), 9(b), and 10(b). *See* Order (ECF No. 168). Additionally, the Court ordered: "[t]he fourth

---

[1] Because this case is the subject of several prior opinions, *see Simmons v. Jackson,* 2016 WL 2646738 (N.D. Tex. May 10, 2016); *Simmons v. Jackson*, 2017 WL 3051484 (N.D. Tex. July 19, 2017); *Simmons v. Jackson*, 2016 WL 7647038 (N.D. Tex. Nov. 10, 2016); *Simmons v. Jackson*, 2016 WL 11258076 (N.D. Tex. Oct. 24, 2016); and *Simmons v. Jackson*, 2017 WL 36708 (N.D. Tex. Jan. 4, 2017), only the background facts and procedural history necessary to understand the present decision will be recounted here.

1

amended complaint must be typed in at least 12-point font, must be double-spaced, and must not exceed 20 total pages." *Id.* On January 10, 2017, Plaintiff filed his Fourth Amended Complaint, which is the live pleading in this case.

In his Fourth Amended Complaint, Plaintiff alleges that he was employed as an internal medicine resident for the Methodist Hospitals of Dallas ("Methodist") from June 2007 to May 2010. Fourth Am. Compl. 1 (ECF No. 171). Methodist terminated Plaintiff following a disciplinary hearing, and Methodist reported the matters involved in the disciplinary hearing to the Texas Medical Board ("TMB"). *Id.* at 1, 2. There were at least three cases involving Plaintiff and the TMB. Plaintiff initially hired Jackson to represent him before the TMB. *Id.* at 2. But, Jackson withdrew from representing Plaintiff in the second case, and Plaintiff replaced Jackson with attorney Oscar San Miguel, who is also a defendant in this case. *Id.* Barbara Jordan, another defendant in this case, was the attorney for the TMB in the second and third cases involving Plaintiff. *Id.* Plaintiff alleges that Jackson, San Miguel, and Jordan were involved in a Racketeer Influenced and Corrupt Organizations ("RICO") conspiracy to deprive Plaintiff of his right to freely practice medicine and to conceal Methodist's violation of Plaintiff's due process rights. Plaintiff further alleges Jackson conspired to deny his equal protection rights, in violation of 42 U.S.C. § 1985.

Jackson filed this Amended Motion to Dismiss under Rule 12(b)(6) on the grounds that Plaintiff failed to comply with a previous court order and for failure to state a claim. Plaintiff filed a response (ECF No. 208), and this motion is ripe

for determination.

## Legal Standards and Analysis

### Rule 41(b)

Pursuant to Federal Rule of Civil Procedure 41(b), a trial court has discretionary authority to dismiss an action *sua sponte* for a plaintiff's failure to prosecute or comply with any order of the court. *Link v. Wabash R.R. Co.*, 370 U.S. 626, 629–30 (1962); *Larson v. Scott*, 157 F.3d 1030, 1031 (5th Cir. 1998). The power of the courts "to invoke this sanction is necessary in order to prevent undue delays in the disposition of pending cases and to . . . clear their calendars of cases that have remained dormant because of the inaction or dilatoriness of the parties seeking relief . . . so as to achieve the orderly and expeditious disposition of cases." *Link*, 370 U.S. at 629–31; *see also Lopez v. Aransas Cty. Indep. Sch. Dist.*, 570 F.2d 541, 544 (5th Cir. 1978) (discussing trial court's authority under Rule 41(b) to *sua sponte* dismiss a case with prejudice for failure to prosecute).

The Court advised Plaintiff that his previous complaint was deficient because, among other things, it was almost 200 pages long and improperly attempted to incorporate pleadings from other cases that have been dismissed. *See* Orders (ECF Nos. 163, 168). The Court ordered Plaintiff to file a Fourth Amended Complaint, not longer than 20 *total* pages. *See* Order (ECF No. 168). Plaintiff's Fourth Amended Complaint, including exhibits, is 81 *total* pages. The Fourth Amended Complaint also attempts to incorporate significant portions of Plaintiff's previously filed pleadings and motions, which would greatly extend the

3

length of the pleading. *See* Fourth Am. Compl. ¶¶ 7, 10, 11, 35, 36, and 55. Plaintiff's Fourth Amended Complaint fails to comply with the Court's prior order—for this reason alone—it should be dismissed.

## Rule 12(b)(6)

When deciding a 12(b)(6) motion for failure to state a claim, the court "accepts all well-pleaded facts as true, viewing them in the light most favorable to the plaintiff." *In re Katrina Canal Breaches Litig.,* 495 F.3d 191, 205 (5th Cir. 2007) (quotation marks and citation omitted). To survive a Fed. R. Civ. P. 12(b)(6) motion to dismiss, Plaintiff's Fourth Amended Complaint must contain sufficient factual matter to state a claim for relief that is plausible on its face. *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007). "To be plausible, the complaint's '[f]actual allegations must be enough to raise a right to relief above the speculative level.'" *In re Great Lakes Dredge & Dock Co. LLC*, 624 F.3d 201, 210 (5th Cir. 2010) (quoting *Twombly*, 550 U.S. at 555). This pleading standard does not require "'detailed factual allegations,'" but it does demand more than an unadorned accusation devoid of factual support. *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (quoting *Twombly*, 550 U.S. at 555). "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw a reasonable inference that the defendant is liable for the misconduct alleged." *Iqbal*, 556 U.S. at 678. "[A] formulaic recitation of the elements of a cause of action will not do." *Twombly*, 550 U.S. at 555 (citing *Papasan v. Allain*, 478 U.S. 265, 286 (1986)). "While legal conclusions can provide the complaint's

framework, they must be supported by factual allegations." *Iqbal*, 556 U.S. at 679. Where the facts do not permit the Court to infer more than the mere possibility of misconduct, the Complaint has stopped short of showing that Plaintiff is plausibly entitled to relief. *Iqbal*, 556 U.S. at 678.

## RICO

Plaintiff alleges Defendants Jackson, Methodist, San Miguel, and Jordan engaged in a conspiracy in violation of 18 U.S.C. § 1962(d), which makes it unlawful to conspire to violate RICO. The District Court previously considered this same claim in the context of Methodist's motion to dismiss. The Court succinctly set forth the legal standards applicable to this claim, as follows:

> Any RICO claim, including a RICO conspiracy claim under 18 U.S.C. § 1962(d), must include "(1) a person who engages in (2) a pattern of racketeering activity (3) connected to the acquisition, establishment, conduct, or control of an enterprise." *Orthoflex, Inc. v. ThermoTek, Inc.*, 2012 WL 2864510, at *2 (N.D. Tex. July 12, 2012) (Fitzwater, C.J.); *see St. Paul Mercury Ins. Co. v. Williamson,* 224 F.3d 425, 439 (5th Cir. 2000) (holding that these elements are required for any RICO claim under § 1962(a), (c), or (d)).
>
> Section 1961(1) defines "racketeering activity" in part as "any act which is indictable" under several specified sections of the United States Code or state law. Section 1961(5) defines "pattern of racketeering activity" as "requir[ing] at least two acts of racketeering activity, one of which occurred after the effective date of this chapter and the last of which occurred within ten years (excluding any period of imprisonment) after the commission of a prior act of racketeering activity[.]"
>
> "To establish a pattern of racketeering activity, [Simmons] must allege (1) the predicate acts of

5

> racketeering activity, and (2) a pattern of such acts." *Orthoflex*, 2012 WL 2864510, at *2 (citing *In re Burzynski*, 989 F.2d 733, 742 (5th Cir. 1993)). A pattern of racketeering activity must include two or more acts of racketeering activity. *See* 18 U.S.C. § 1961(5). "[A] 'pattern' requires both that the acts are 'related' to each other and that they have 'continuity.' " *Burzynski*, 989 F.2d at 742 (quoting *H.J. Inc. v. Nw. Bell Tel. Co.*, 492 U.S. 229, 239 (1989)). "It is this factor of continuity plus relationship which combines to produce a pattern." *H.J. Inc.*, 492 U.S. at 239 (emphasis in original) (citation and internal quotation marks omitted). Predicate acts are related if they "have the same or similar purposes, results, participants, victims, or methods of commission, or otherwise are interrelated by distinguishing characteristics and are not isolated events." *Id.* at 240 (citation omitted). Predicate acts under RICO include mail fraud, in violation of 18 U.S.C. § 1341, and wire fraud, in violation of 18 U.S.C. § 1343. *See Samsung Elecs. Am., Inc. v. Chung*, 2017 WL 635031, at *6 (N.D. Tex. Feb. 16, 2017) (Fitzwater, J.).

*Simmons v. Jackson*, 2017 WL 3051484, at *4 (N.D. Tex. July 19, 2017) (Fitzwater, J.), appeal dismissed sub nom. *Simmons v. Methodist Hosps. of Dallas*, 2017 WL 7732860 (5th Cir. Nov. 8, 2017).

Judged against these standards, the Court finds that Plaintiff has failed to state a plausible claim for a RICO conspiracy against Jackson because Plaintiff does not set forth with sufficient particularity any predicate acts Jackson allegedly committed. Plaintiff attempts to incorporate the alleged predicate acts attributed to Jackson in his Third Amended Complaint and Motion for Partial Summary Judgment, rather than including a "'short and plain statement of [his] claim,'" as required by Fed. R. Civ. P. 8(a)(2) and the District Court's January 4, 2017 Order. *Barnes v. Tumlinson*, 597 F. App'x 798, 799 (5th Cir. 2015) (stating

6

that Rule 8(a) requires a short and plain statement of the claim). Rule 10(c) allows that "statement[s] in a pleading may be adopted by reference elsewhere in the same pleading or in any other pleading or motion." Fed. R. Civ. P. 10(c). However, as the District Court made clear, "if a party avails himself of Rule 10(c), 'references to prior allegations must be direct and explicit, in order to enable the responding party to ascertain the nature and extent of the incorporation.'" *Simmons*, 2017 WL 3051484, at *5 (quoting 5A Charles Alan Wright & Arthur R. Miller, Federal Practice and Procedure § 1326, at 431-32 (3d ed. 2004 & Supp. 2017). Blanket statements incorporating whole pleadings, or sections of pleadings, are neither direct nor specific. *See*, e.g., Fourth Am. Compl. 6, ¶ 11 ("Plaintiff incorporates here: the predicate acts stated against Jackson in his MPSJ."). Further, as previously pointed out by the District Court, "Simmons is not permitted to incorporate by reference his motion for partial summary judgment because this practice is not authorized by Rule 10(c) or any other authority that has been identified." *Simmons*, 2017 WL 3051484, at *5. Plaintiff's Fourth Amended Complaint still attempts to incorporate statements from his Motion for Partial Summary Judgment. Fourth Am. Compl. 6, ¶ 11.  Because Plaintiff does not plead with particularity specific predicate acts that Jackson committed, and instead includes blanket statements incorporating whole documents and sections from his previous pleadings in contravention of the District Court's January 4, 2017 Order, Plaintiff fails to state a RICO conspiracy claim.

Plaintiff's allegations regarding the "use of mail or wires," *see* Fourth Am. Compl. 6, ¶ 12, also are too vague to satisfy the federal pleading standards. His Fourth Amended Complaint fails to set forth specific facts as to when and how Defendants used the mail or wires in furtherance of their alleged scheme. *Tel-Phonic Servs., Inc. v. TBS Int'l, Inc.,* 975 F.2d 1134, 1139 (5th Cir. 1992) (holding that, to properly plead RICO mail fraud under Fed. R. Civ. P. 9(b), a plaintiff must allege time, place, contents and the identity of the maker of the false representation); *Oblio Telecom, Inc. v. Patel*, 2009 WL 1650481, at *5 (N.D. Tex. June 10, 2009) (dismissing plaintiff's RICO claim where the plaintiff failed to plead specific facts that the defendants used the mails or wires to execute their scheme, the dates of the communications, or the content of the communications). The District Court reached a similar conclusion with respect to the same RICO claim Plaintiff asserted against Methodist—that the predicate acts were not alleged with sufficient particularity. *See Simmons*, 2017 WL 3051484, at *5.

Because Plaintiff's Fourth Amended Complaint fails to allege any predicate acts by Jackson, Plaintiff has failed to state a RICO claim. Accordingly, Plaintiff's RICO claim against Jackson should be DISMISSED with prejudice.

### Civil Conspiracy under 42 U.S.C. §§ 1983, 1985

Plaintiff's allegations of a civil conspiracy under 42 U.S.C. §§ 1983 and 1985 similarly fail to state a claim. Section 1983 provides a remedy for violations, under color of state law, of a person's constitutionally recognized rights. *Bledsoe v. City of Horn Lake, Miss.*, 449 F.3d 650, 653 (5th Cir. 2006) (citing *Findeisen*

*v. N.E. Indep. Sch. Dist.*, 749 F.2d 234, 236-37 (5th Cir. 1984)). To plead a plausible conspiracy claim under Section 1983, a plaintiff must allege facts that suggest: "1) an agreement between the private and public defendants to commit an illegal act, and 2) an actual deprivation of constitutional rights." *Cinel v. Connick*, 15 F.3d 1338, 1343 (5th Cir. 1994) (citations omitted). Section 1985 provides a cause of action to remedy a denial of equal protection; to state a claim for relief under Section 1985, a plaintiff must allege:

> (1) the defendants conspired (2) for the purposes of depriving, either directly or indirectly, any person or class of persons of the equal protection of the laws, or of equal privileges and immunities under the laws, and (3) one or more of the conspirators committed some act in furtherance of the conspiracy; whereby (4) another person is injured in his person or property or deprived of having and exercising any right or privilege of a citizen of the United States; and (5) the action of the conspirators is motivated by a racial animus.

*Simmons*, 2017 WL 3051484, at *6 (quoting *Horaist v. Doctor's Hosp. of Opelousas*, 255 F.3d 261, 270 n.12 (5th Cir. 2001) (quoting Wong v. Stripling, 881 F.2d 200, 202-03 (5th Cir. 1989))).

     Plaintiff has failed to state a claim against Jackson under Section 1983. As the District Court explained in its ruling on Methodist's motion to dismiss, Plaintiff relies on conclusory assertions that a conspiracy existed and fails to set forth specific allegations that Defendants agreed to commit an illegal act. *Simmons*, 2017 WL 3051484, at *6 (citing *Tebo v. Tebo*, 550 F.3d 492, 496 (5th Cir. 2008) (holding that a conspiracy claim under § 1983 must allege specific

facts to show agreement). The District Court found Plaintiff's claim under Section 1985 similarly deficient. *Simmons*, 2017 WL 3051484, at *6 ("The court likewise concludes that Simmons has not pleaded a plausible claim for relief under § 1985."). Plaintiff incorporates his discussion of his RICO claim to serve as the basis for his section 1985 claim. Fourth Am. Compl. 12-13 ¶ 32, 34. Here also, Plaintiff's section 1985 claim relies on unsupported labels and conclusions, and does not allege sufficient facts that Jackson conspired with any other person to deprive Plaintiff of equal protection.

## RECOMMENDATION

For the reasons stated above, the Court should GRANT Defendant Ray Jackson's Amended Motion to Dismiss Plaintiff's Fourth Amended Complaint (ECF No. 204) and DISMISS WITH PREJUDICE Plaintiff Jason Simmons's claims against Defendant Ray Jackson.[2]

**SO RECOMMENDED**.

September 6, 2018.

_____
REBECCA RUTHERFORD
UNITED STATES MAGISTRATE JUDGE

---

[2] Dismissal with prejudice is appropriate because Plaintiff has had multiple opportunities to plead his best case, and it is apparent that she s unable to plead his claims in a manner that will avoid dismissal. *Schiller v. Physicians Res. Grp., Inc.*, 342 F.3d 563, 567 (5th Cir. 2003); *Jacquez v. Procunier*, 801 F.2d 789, 792 (5th Cir. 1986).

## INSTRUCTIONS FOR SERVICE AND
## NOTICE OF RIGHT TO APPEAL/OBJECT

The United States District Clerk is directed to serve a true copy of these findings, conclusions, and recommendation on the parties. Pursuant to Title 28, United States Code, Section 636(b)(1), any party who desires to object to these findings, conclusions, and recommendation must serve and file written objections within 14 days after being served with a copy. A party filing objections must specifically identify those findings, conclusions, or recommendation to which objections are being made. The District Court need not consider frivolous, conclusory, or general objections. A party's failure to file such written objections to these proposed findings, conclusions, and recommendation will bar that party from a *de novo* determination by the District Court. *See Thomas v. Arn*, 474 U.S. 140, 150 (1985). Additionally, any failure to file written objections to the findings, conclusions, and recommendation within 14 days after being served with a copy will bar the aggrieved party from appealing the factual findings and legal conclusions of the Magistrate Judge that are accepted by the District Court, except upon grounds of plain error. *See Douglass v. United Services Auto. Ass'n*, 79 F.3d 1415, 1417 (5th Cir. 1996) (en banc).