IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF TEXAS
DALLAS DIVISION

| | | |
|---|---|---|
| JASON SIMMONS, | § | |
| | § | |
| Plaintiff, | § | |
| | § | |
| v. | § | No. 3:15-CV-01700-S-BT |
| | § | |
| RAY JACKSON, et al., | § | |
| | § | |
| Defendants. | § | |

**FINDINGS, CONCLUSIONS, AND RECOMMENDATION OF THE UNITED STATES MAGISTRATE JUDGE**

Before the Court is Plaintiff Jason Simmons's Rule 60(b)(1) Motion for Relief from Judgment (ECF No. 223). For the reasons stated, the Court should DENY the Motion.

**Background**[1]

In 2015, Plaintiff Jason Simmons brought this lawsuit against Ray Jackson. Original Compl. (ECF No. 1). Plaintiff later joined Methodist Hospitals of Dallas ("Methodist"), the Texas Medical Board ("TMB"), and Oscar San Miguel. Mem. Op. & Order May 10, 2016, 11, 13 (granting Plaintiff's motion and request for leave to join additional parties) (ECF No. 60). In August 2016, Methodist moved to dismiss Simmons's Third Amended Complaint. Mot. Dismiss (ECF No. 107). The Court

[1] Because this case is the subject of several prior opinions, *see Simmons v. Jackson*, 2016 WL 2646738 (N.D. Tex. May 10, 2016); *Simmons v. Jackson*, 2016 WL 11258076 (N.D. Tex. Oct. 24, 2016); *Simmons v. Jackson*, 2016 WL 7647038 (N.D. Tex. Nov. 10, 2016); *Simmons v. Jackson*, 2017 WL 36708 (N.D. Tex. Jan. 4, 2017); and *Simmons v. Jackson*, 2017 WL 3051484 (N.D. Tex. July 19, 2017), only the background facts and procedural history necessary to understand the present decision will be recounted here.

granted the motion in part and allowed Simmons to replead his complaint one final time. FCR 6 (ECF No. 152); Order Adopting (ECF No. 168). On January 10, 2017, Plaintiff filed his Fourth Amended Complaint, which is the live pleading in this case.

In his Fourth Amended Complaint, Plaintiff alleges that he was employed as an internal medicine resident for Methodist from June 2007 to May 2010. Fourth Am. Compl. 1 (ECF No. 171). Methodist terminated Plaintiff following a disciplinary hearing and reported the matters involved in the disciplinary hearing to the TMB. *Id.* 1-2. Plaintiff initially hired Jackson to represent him before the TMB. *Id.* 2. However, Jackson withdrew from representing Plaintiff in a subsequent case, and Plaintiff replaced Jackson with attorney Oscar San Miguel, who is also a defendant in this case. *Id.* San Miguel represented Plaintiff in the second case, and also a third case with the TMB. *See id.* Barbara Jordan, another defendant in this case, was the attorney for the TMB in the second and third cases involving Plaintiff. *Id.*

Plaintiff alleges that Jackson, San Miguel, and Jordan were involved in a Racketeer Influenced and Corrupt Organizations ("RICO") conspiracy to deprive Plaintiff of his right to freely practice medicine and to conceal Methodist's violation of Plaintiff's due process rights. *Id.* 3. Plaintiff further alleges that Jackson conspired to deny his equal protection rights in violation of 42 U.S.C. § 1985 and that Methodist breached his employment contract *Id.* 13-19. On January 23, 2017, Methodist again moved to dismiss Plaintiff's complaint under

Fed. R. Civ. P. 8, 10(b), and 12(b)(6). Mot. Dismiss (ECF No. 173). TMB later filed its own motion to dismiss under Rules 12(b)(1) and (5). Mot. Dismiss (ECF No. 178).

The Court issued a memorandum opinion and order granting both Methodist and TMB's Motions to Dismiss; in that opinion, the Court dismissed Plaintiff's claims against TMB without prejudice for lack of subject matter jurisdiction and Plaintiff's claims against Methodist with prejudice for failure to state a claim and comply with Rule 10(c). Mem. Op. & Order (ECF No. 194). The Court memorialized that opinion in a July 19, 2017 judgment (the "Judgment"), which Plaintiff now challenges. J. (ECF No. 195). Plaintiff appealed the Judgment, and the Fifth Circuit dismissed the appeal for want of prosecution on November 8, 2017. Notice of Appeal (ECF No. 198); Notice of Dismissal (ECF No. 202). Plaintiff filed his Motion for Relief from Judgment under Rule 60(b)(1) on July 19, 2018, and Methodist filed a response. (ECF No. 227). Thus, the Motion is ripe for determination.

**Legal Standards and Analysis**

Rule 60(b)(1)

Federal Rule of Civil Procedure 60(b)(1) provides that, "[o]n motion and just terms, the court may relieve a party or its legal representative from a final judgment, order, or proceeding for . . . mistake, inadvertence, surprise, or excusable neglect." Fed. R. Civ. P. 60(b)(1). The movant must "make a sufficient showing of unusual or unique circumstances" to justify the extraordinary relief offered under

Rule 60(b)(1). *Pryor v. U.S. Postal Serv.*, 769 F.2d 281, 286 (5th Cir. 1985) (citations omitted); *see also Associated Marine Equip. LLC v. Jones*, 301 F. App'x 346, 349 (5th Cir. 2008). While Rule 60(b)(1) allows the trial court to correct overt errors of law without engaging in the appellate process, "the utility of Rule 60(b)(1) is limited by the desire for finality of judgments and predictability of the judicial process." *United States v. 329.73 Acres of Land*, *Grenada & Yalobusha Ctys., Miss.*, 695 F.2d 922, 925 (5th Cir. 1983) (internal citations omitted). To that effect, "a Rule 60 motion is not a substitute for an appeal from the underlying judgment." *Travelers Ins. Co. v. Liljeberg Enters., Inc.*, 38 F.3d 1404, 1408 (5th Cir. 1994); *see also Hummel v. Muniz*, 220 F. App'x 301, 302 (5th Cir. 2007) (per curiam) (citation omitted).

Under Rule 60(b), the movant bears the burden of establishing the basis for setting aside a judgment, but the district court has discretion in determining whether the burden has been met. *Evenson v. Sprint/United Mgmt. Co.*, 2011 WL 3702627, at *4 (N.D. Tex. Aug. 23, 2011) (Fitzwater, C.J.). A denial of Rule-60(b) relief will be reviewed for abuse of discretion; "[i]t is not enough that the granting of relief might have been permissible, or even warranted—denial must have been so unwarranted as to constitute an abuse of discretion." *Seven Elves, Inc. v. Eskenazi*, 635 F.2d 396, 402 (5th Cir. Unit A Jan. 1981) (citation omitted).

To avail himself of Rule 60(b)'s extraordinary relief, a movant must show unusual or unique circumstances. *Pryor*, 769 F.2d at 286; *see Seven Elves*, 635 F.2d at 403. Though trial judges have discretion to reopen cases to correct legal

error, reopening is not mandatory, and "[t]he orderly process of appeal usually is far more appropriate to deal with such errors." *Fackelman v. Bell*, 564 F.2d 734, 736 (5th Cir. 1977). A Rule 60(b) motion is properly denied when a movant's points could have been raised on appeal, but the movant failed to prosecute his case. *Id.* at 737 ("[A] rule 60(b) motion is not a remedy for one who fails to prosecute his rights.").

As a threshold matter, Plaintiff's Motion should be denied because it is an impermissible substitute for an appeal. Though Plaintiff claims that there are several mistakes in the Judgment, he failed to prosecute his appeal of that Judgment. Order. (ECF No. 202). Plaintiff does not present any unusual or unique circumstances to merit Rule 60(b) relief, nor does his Motion raise any issues that he would not have known during the normal appeals period.

Plaintiff's Motion also should be denied as untimely because it was not filed within a reasonable time. A motion under Rule 60(b) is timely if made within a "reasonable time," and with respect to 60(b)(1) specifically, "no more than a year after the entry of the judgment or order or date of the proceeding." Fed. R. Civ. P. 60(c)(1). "'What constitutes "reasonable time" depends on the facts of each case, taking into consideration the interest in finality, the reason for delay, the practical ability of the litigant to learn earlier of the grounds relied upon, and prejudice to other parties.'" *Travelers*, 38 F.3d at 1410 (quoting *Ashford v. Steuart*, 657 F.2d 1053, 1055 (9th Cir. 1981)). When a Rule 60(b) motion filed outside of the normal appeals period raises issues known during that period, it must show good cause for

late filing because "the usual time period for direct appeal presumptively delimits, as a matter of law, the 'reasonable time' contemplated by Rule 60(b)." *Pryor*, 769 F.2d at 288. Otherwise, Rule 60(b) would permit "an end run to effect an appeal outside the specific time limits," rendering them "essentially meaningless." *Id.*

Other courts in this district have found Rule 60(b) motions to not have been filed within a reasonable time when plaintiffs failed to pursue an appeal. *See e.g., Groden v. Allen*, 2009 WL 1437834, at *6-*7 (N.D. Tex. May 22, 2009) (Fitzwater, C.J.). In *Groden*, the plaintiff's 2004 appeal was dismissed for lack of prosecution, and he did not appeal the amended judgment entered afterward in March 2008. *Id.* at *6. Instead, he filed a Rule 60(b) motion, and the court required him to show good cause for filing after the time for appeal. *Id.* Since he was unable to do so, the court held that he did not file the Rule 60(b) motion within a "reasonable time" as required by Rule 60(c). *Id.* at *7.

Here, though Plaintiff timely filed an appeal of the Judgment dismissing Plaintiff's action against Methodist and the TMB, he failed to pursue his appeal like the *Groden* plaintiff. Plaintiff did not "timely file a brief and record excerpts," and the Fifth Circuit dismissed his appeal for lack of prosecution on November 8, 2017. Order (ECF No. 202). Plaintiff does not mention his appeal in the Motion, and it does not appear that he contested the Fifth Circuit's dismissal. *See* Mot. Plaintiff, therefore, is required to show good cause for filing after the time for appeal, which he does not do. Additionally, Plaintiff's Motion raises no issues that he would not have known during the appeals period. Thus, even though Plaintiff filed his Motion

"not more than a year after the entry of the judgment,"[2] he did not file it within a reasonable time as required under Rule 60(c). Fed. R. Civ. P. 60(c)(1).

Even if Plaintiff's Motion were appropriate and timely, it should still be denied on the merits because Plaintiff has not shown any mistake in the Judgment. Plaintiff first asserts that the Judgment is flawed because he was not allowed to amend his civil rights claims against Methodist before they were dismissed with prejudice under Rules 10(c) and 12(b)(6). Mot. 6-7. District courts have discretion whether to grant motions to amend "and may consider a variety of factors including undue delay, bad faith or dilatory motive on the part of the movant, repeated failures to cure deficiencies by amendments previously allowed, undue prejudice to the opposing party . . . , and futility of the amendment." *Marucci Sports, L.L.C. v. Nat'l Collegiate Athletic Ass'n*, 751 F.3d 368, 378 (5th Cir. 2014) (internal citation and quotation marks omitted). "An amendment is futile if it would fail to survive a Rule 12(b)(6) motion." *Id.* (citing *Briggs v. Miss.*, 331 F.3d 499, 508 (5th Cir. 2003)). In this case, the Court permitted Plaintiff to file a fourth amended complaint. The Court admonished Plaintiff that his Fourth Amended Complaint would be his final opportunity to replead his case. Plaintiff filed his Fourth Amended Complaint and was still unable to state a claim against Methodist. The Court had discretion to deny Plaintiff a fifth opportunity. *See Body by Cook, Inc. v. State Farm Mut. Auto. Ins.*, 869 F.3d 381, 391 (5th Cir. 2017)

---

[2] In fact, Plaintiff filed the Motion on July 19, 2018, exactly one year to the day after the Judgment. Mot. (ECF No. 223).

("The district court did not abuse its discretion by refusing Plaintiffs [a third] opportunity to plead their case and dismissing Plaintiffs' federal claims with prejudice.").

Plaintiff next complains that the Court should have employed lesser sanctions against him before dismissing his claims against Methodist under Rule 41(b). This argument pertains to an earlier recommendation by a magistrate judge, which did not form the basis of the Judgment dismissing Plaintiff's claims against Methodist. FCR (ECF No. 152). Rather, Plaintiff's claims against Methodist were dismissed with prejudice under Rules 10(c) and 12(b)(6). Mem. Op. & Order 9-13 (ECF No. 194).

Plaintiff further maintains that the Court erred in not liberally construing his claims against Methodist; however, the Court specifically indicated that "in deciding Methodist's Rule 12(b)(6) motion, the court construe[d] Simmons'[s] fourth amended complaint in the light most favorable to him . . . ." Mem. Op. & Order 2 n.1. Moreover, the purpose of a Rule 60(b)(1) motion is to cure "an obvious error of law, apparent on the record," such as "a fundamental misconception of the law or a conflict with a clear statutory mandate." *In re Grimland, Inc.*, 243 F.3d 228, 233 (5th Cir. 2001). In an effort to show that the Court did not liberally construe his claims, Plaintiff attempts to demonstrate how his Fourth Amended Complaint stated a claim rather than pointing to any error. Mot. 14 ("Plaintiff incorporates here, the foregoing discussion, to show that he intended to stand on the claims stated against Jackson and San Miguel in his third amendment."). The time for responding to Methodist's Motion to Dismiss has long passed, and Plaintiff's

Motion only reasserts issues already decided in the Judgment. Mem. Op. & Order 11, 13, 16 (dismissing Plaintiff's claims against Methodist for failure to state a claim). Mere "disagreement with the Court's prior rulings is simply not enough to constitute the unique circumstances required to merit relief under Rule 60(b)(1)." *Edwards v. Wyatt*, 2010 WL 11506606, at *3 (W.D. Tex. Jan. 22, 2010) (citations omitted).

Plaintiff similarly contends that the Court erred in not equitably tolling his breach of contract claims. Plaintiff previously alleged that attorney Ray Jackson was aware of the contract claims before the limitations period ran, and the Court noted that "attorney negligence is ordinarily not sufficient to invoke equitable tolling." Mem. Op. & Order. 15-16 (citing *Harris v. Boyd Tunica, Inc.*, 628 F.3d 237, 240 (5th Cir. 2010)). Consequently, the Court's Memorandum Opinion states, "the court . . . concludes that Simmons has not plausibly pleaded that the limitation period for his breach of contract claims has been equitably tolled." *Id.* 15. Here also, Plaintiff points to no error of law but simply disagrees with the Court's prior ruling. Additionally, Plaintiff contends that the Court erred in not commenting on the merits of his breach of contract claims; however, the Court need not examine the merits of time-barred claims. *See Turner v. Cockrell*, 2003 WL 21467228, at *2 (N.D. Tex. June 23, 2003), *report and recommendation adopted*, 2003 WL 21685898 (N.D. Tex. July 15, 2003) ("Therefore, his petition is time barred, and the Court need not consider the merits of Petitioner's claims.").

Last, Plaintiff asserts that the Court erred in dismissing his claims against Barbara Jordan for lack of service. Plaintiff's claims against Barbara Jordan were initially dismissed because she was never served, and a defendant who was never served is not a party to a case. Mem. Op. & Order 18; *see Imperial ED Promotions, L.L.C. v. Pacquiao*, 549 F. App'x 295, 297 (5th Cir. 2013) ("Lozano was never served, and thus never became a party to the case."). However, Plaintiff's contention with respect to Barbara Jordan is moot because the Court permitted him to amend his complaint a fourth time to add Jordan. Order (ECF No. 168); Fourth Am. Compl. 1. In sum, Plaintiff's Motion should be denied on the merits because it fails to raise any mistake to justify relieving him from the Judgment.

**RECOMMENDATION**

The district court should DENY Plaintiff Jason Simmons's Motion for Relief from Judgment (ECF No. 223) because it is untimely and an inappropriate substitute for an appeal. In addition, the Motion should be denied on the merits because Plaintiff has not shown any mistake in the Judgment.

**SO RECOMMENDED**.

November 7, 2018.

REBECCA RUTHERFORD
UNITED STATES MAGISTRATE JUDGE

**INSTRUCTIONS FOR SERVICE AND**
**NOTICE OF RIGHT TO APPEAL/OBJECT**

The United States District Clerk is directed to serve a true copy of these findings, conclusions, and recommendation on the parties. Pursuant to Title 28, United States Code, Section 636(b)(1), any party who desires to object to these findings, conclusions, and recommendation must serve and file written objections within 14 days after being served with a copy. A party filing objections must specifically identify those findings, conclusions, or recommendation to which objections are being made. The District Court need not consider frivolous, conclusory, or general objections. A party's failure to file such written objections to these proposed findings, conclusions, and recommendation will bar that party from a *de novo* determination by the District Court. *See Thomas v. Arn*, 474 U.S. 140, 150 (1985). Additionally, any failure to file written objections to the findings, conclusions, and recommendation within 14 days after being served with a copy will bar the aggrieved party from appealing the factual findings and legal conclusions of the Magistrate Judge that are accepted by the District Court, except upon grounds of plain error. *See Douglass v. United Services Auto. Ass'n*, 79 F.3d 1415, 1417 (5th Cir. 1996) (en banc).