IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF TEXAS
DALLAS DIVISION

JASON SIMMONS,

     Plaintiff,

v.

RAY JACKSON, et al.,

     Defendants.

No. 3:15-CV-01700-S-BT

## FINDINGS, CONCLUSIONS, AND RECOMMENDATION
## OF THE UNITED STATES MAGISTRATE JUDGE

Before the Court are (1) Defendant Barbara Jordan's Motion to Dismiss (ECF No. 229) Plaintiff's Fourth Amended Complaint under Fed. R. Civ. P. 12(b)(1) and 12(b)(6) and (2) Plaintiff Jason Simmons's Rule 56(d) Motion to Deny or Defer Ruling on Defendant Barbara Jordan's Motion to Dismiss (ECF No. 232). For the reasons stated, the Court denies Plaintiff's Rule 56(d) Motion and recommends that Defendant's Motion to Dismiss be granted and all of Plaintiff's claims against Defendant Barbara Jordan be dismissed with prejudice.

### Background

Plaintiff worked as an internal medicine resident for Methodist Hospitals of Dallas ("Methodist") from June 2007 to May 2010. Fourth Am. Compl. 1 (ECF No. 171). Methodist terminated Plaintiff following a disciplinary hearing, and Methodist reported the matters involved in the disciplinary hearing to the Texas Medical Board ("TMB"). *Id.* 1-2. The TMB initiated at least two administrative

1

proceedings against Plaintiff. Jordan worked as an attorney in the TMB's Litigation Department from August 20, 2012, through February 11, 2018, and was the attorney for the TMB in the administrative cases involving Plaintiff. *Id.* 2; *see also id.* 11.

In May 2015, Plaintiff filed this lawsuit alleging that Jordan was involved in a Racketeer Influenced and Corrupt Organizations ("RICO") conspiracy to deprive Plaintiff of his right to freely practice medicine and to conceal Methodist's violation of Plaintiff's due process rights. *Id.* 3. Plaintiff further alleges Jordan conspired to deny his constitutional and equal protection rights, in violation of 42 U.S.C. §§ 1983 and 1985. *Id.* 10-13.

In August 2017, Plaintiff filed a lawsuit in the Western District of Texas, Austin Division, against the TMB Executive Committee, the Disciplinary Process Review Committee, and members of the TMB's General Counsel's Office, including Barbara Jordan, asserting a common law fraud claim and violations of § 1983, § 1985, and RICO. Def.'s Br. Support 10-11 (ECF No. 230). On January 30, 2018, the Western District Court dismissed, with prejudice, all of Plaintiff's claims. Def.'s App. 3 (ECF No. 231).

Jordan filed her Motion to Dismiss in this case under Rules 12(b)(1) and 12(b)(6) arguing that (1) the Court lacks subject-matter jurisdiction; (2) Plaintiff failed to state a claim upon which relief can be granted; and (3) Plaintiff's claims are barred by absolute quasi-judicial and quasi-prosecutorial immunity, qualified immunity, attorney immunity, and res judicata. Plaintiff failed to file a substantive

response to the Motion. Instead, after the deadline to file a response had expired, Plaintiff filed a Rule 56(d) Motion to Deny or Defer Ruling on Defendant Barbara Jordan's Motion to Dismiss, arguing that the Court should permit him to conduct limited discovery prior to ruling on Jordan's Motion. The motions are ripe for determination.

## Plaintiff's Rule 56(d) Motion

Federal Rule of Civil Procedure 56(d) provides that the Court may defer a motion for summary judgment or allow time for a nonmovant to obtain affidavits or declarations or to take discovery if the nonmovant "shows by affidavit or declaration that, for specified reasons, it cannot present facts essential to justify its opposition." Fed. R. Civ. P. 56(d). This rule is "designed to safeguard against a premature or improvident grant of summary judgment." *Washington v. Allstate Ins. Co.*, 901 F.2d 1281, 1285 (5th Cir. 1990) (referring to former Fed. R. Civ. P. 56(f), now Rule 56(d) per 2010 Amendment to the Federal Rules). "[T]o justify a continuance, the Rule [56(d)] motion must demonstrate 1) why the movant needs additional discovery and 2) how the additional discovery will likely create a genuine issue of material fact." *Stearns Airport Equip. Co. v. FMC Corp.*, 170 F.3d 518, 534-35 (5th Cir. 1999) (citing *Krim v. BancTexas Group, Inc.*, 989 F.2d 1435, 1442 (5th Cir. 1993)) (construing former Fed. R. Civ. P. 56(f)); *accord Access Telecom, Inc. v. MCI Telecomms. Corp.*, 197 F.3d 694, 719 (5th Cir. 1999) ("To obtain a continuance of a motion for summary judgment, a party must specifically explain both why it is currently unable to present evidence creating a genuine issue

of fact and how a continuance would enable the party to present such evidence."
(internal quotation marks and citation omitted)).

Plaintiff's request for a Rule 56(d) continuance is not appropriate at this
stage of the litigation. Rule 56(d) applies in the context of a *summary judgment*
motion; it does not apply in the context of a motion dismiss. Here, Jordan has
moved to dismiss Plaintiff's claims against her under Rules 12(b)(1) and 12(b)(6).
As presented, Jordan's Motion to Dismiss does not ask the Court to resolve
whether there is a genuine issue of material fact, and Plaintiff is not entitled to
discovery to attempt to demonstrate the existence of a disputed fact. Even with
respect to Jordan's argument that Plaintiff's claims are barred by res judicata,
Plaintiff has not shown—by affidavit, declaration, or otherwise—that he is entitled
to discovery to respond to Jordan's motion. Additionally, the relevant pleadings
necessary to consider the defense are a matter of public record and are readily
available to Plaintiff without the necessity of conducting discovery. Accordingly,
Plaintiff's Rule 56(d) Motion to Deny or Defer Ruling on Defendant Barbara
Jordan's Motion to Dismiss (ECF No. 232) is DENIED.

## Jordan's Motion to Dismiss

### Legal Standards

A Rule 12(b)(1) motion asserts that the court should dismiss a complaint for
lack of subject-matter jurisdiction. Fed. R. Civ. P. 12(b)(1). "A case is properly
dismissed for lack of subject-matter jurisdiction when the court lacks the statutory
or constitutional power to adjudicate the case." *Home Builders Ass'n of Miss., Inc.*

*v. City of Madison, Miss.*, 143 F.3d 1006, 1010 (5th Cir. 1998) (internal citation and quotation marks omitted).

The Fifth Circuit analyzes motions to dismiss based on immunity under Rule 12(b)(6), rather than Rule 12(b)(1), because "the arguments for immunity are attacks on the existence of a federal cause of action." *Morrison v. Walker*, 704 F. App'x 369, 372 n.5 (5th Cir. 2017) (citing *Daniel v. Ferguson*, 839 F.2d 1124, 1127 (5th Cir. 1988) ("[W]hen a defendant's challenge to the court's jurisdiction is also a challenge to the existence of a federal cause of action, the proper procedure . . . is to find that jurisdiction exists and to deal with the objection as a direct attack on the merits of the plaintiff's case."); *Club Retro, L.L.C. v. Hilton*, 568 F.3d 181, 189 (5th Cir. 2009) (evaluating a motion to dismiss raising qualified immunity under Rule 12(b)(6)); *Ballard v. Wall*, 413 F.3d 510, 514-15 (5th Cir. 2005) (deciding motion to dismiss raising judicial immunity under Rule 12(b)(6))).

When deciding a 12(b)(6) motion for failure to state a claim, the court "accepts all well-pleaded facts as true, viewing them in the light most favorable to the plaintiff." *In re Katrina Canal Breaches Litig.*, 495 F.3d 191, 205 (5th Cir. 2007) (quotation marks and citation omitted). To survive Jordan's motion to dismiss, Plaintiff's Fourth Amended Complaint must contain sufficient factual matter to state a claim for relief that is plausible on its face. *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007). "To be plausible, the complaint's '[f]actual allegations must be enough to raise a right to relief above the speculative level.'" *In re Great Lakes Dredge & Dock Co. LLC*, 624 F.3d 201, 210 (5th Cir. 2010) (quoting *Twombly*, 550

U.S. at 555). This pleading standard does not require "'detailed factual allegations,'" but it does demand more than an unadorned accusation devoid of factual support. *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (quoting *Twombly*, 550 U.S. at 555). "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw a reasonable inference that the defendant is liable for the misconduct alleged." *Id.* at 678 (citing *Twombly*, 550 U.S. at 556). "[A] formulaic recitation of the elements of a cause of action will not do." *Twombly*, 550 U.S. at 555 (citing *Papasan v. Allain*, 478 U.S. 265, 286 (1986)). "While legal conclusions can provide the framework of a complaint, they must be supported by factual allegations." *Iqbal*, 556 U.S. at 679. Where the facts do not permit the Court to infer more than the mere possibility of misconduct, the Complaint has stopped short of showing that Plaintiff is plausibly entitled to relief. *Id.* at 678.

### Absolute Immunity

Plaintiff fails to state a claim against Jordan because she is absolutely immune in her individual capacity from suit on claims arising out of her involvement as an attorney representing the TMB in the administrative proceedings against Plaintiff. Absolute immunity prevents a person whose federal rights have been violated by a government official from obtaining any remedy. *Beck v. Tex. State Bd. of Dental Exam'rs*, 204 F.3d 629, 634 (5th Cir. 2000). Judges and prosecutors are entitled to absolute immunity as well as "executive branch officials, when participating in a federal administrative agency's adjudicative process . . . because they perform functions comparable to those of

judges and prosecutors." *Id.* (citing *Butz v. Economou*, 438 U.S. 478, 512-13 (1978)). The Supreme Court set forth a functional approach for determining whether an agency performs quasi-judicial functions, entitling it to immunity; this approach emphasizes the nature of the function performed rather than the identity of the actor, and, therefore, immunizes state agencies performing quasi-judicial functions as well. *Id.* (citing *Buckley v. Fitzsimmons*, 509 U.S. 259, 268 (1993); *Mays v. Sudderth*, 97 F.3d 107, 110 (5th Cir. 1996)). The following nonexhaustive factors characterize the judicial process and help determine whether an agency performs quasi-judicial functions, entitling it to absolute immunity:

> (1) the need to assure that the individual can perform his functions without harassment or intimidation; (2) the presence of safeguards that reduce the need for private damages actions as a means of controlling unconstitutional conduct; (3) insulation from political influence; (4) the importance of precedent; (5) the adversary nature of the process; and (6) the correctability of error on appeal.

*Id.* (citing *Butz*, 438 U.S. at 512).

The Court finds that members of the TMB are entitled to absolute immunity. The Fifth Circuit determined that members of the Mississippi Board of Nursing and the Texas State Board of Dental Examiners perform quasi-judicial functions and are entitled to absolute immunity. *Id.* at 639; *O'Neal v. Miss. Bd. of Nursing*, 113 F.3d 62, 67 (5th Cir. 1997). Jordan argues, and Plaintiff does not dispute, that members of the Texas Medical Board are no different. The six factors indicative of quasi-judicial function characterize the TMB. Members of the TMB have a need to

perform their functions free of harassment or intimidation; the TMB's procedures include typical safeguards for a professional licensing board; TMB members are insulated from political influence; the TMB uses precedent like other quasi-judicial agencies; TMB proceedings are adversarial; and TMB decisions may be appealed to a court of law. Def.'s Br. Support 17. Accordingly, the TMB's members are entitled to absolute immunity. *See Watts v. Burkhart*, 978 F.2d 269, 271, 278 (6th Cir. 1992) (en banc) (holding members of the Tennessee medical board are entitled to absolute immunity); *Bettencourt v. Bd. of Registration in Med. of Mass.*, 904 F.2d 772, 782-85 (1st Cir. 1990) (same with respect to members of the Board of Registration in Medicine for the Commonwealth of Massachusetts); *Horwitz v. State Bd. of Med. Exam'rs of Colo.*, 822 F.2d 1508, 1515 (10th Cir. 1987) (same with respect to the Colorado State Board of Medical Examiners).

Plaintiff's claims against Jordan arise out of her role as an attorney for the TMB in prosecuting the agency's case against Plaintiff. Fourth Am. Compl. 2. As the Fifth Circuit has recognized, a prosecutor is absolutely immune when "she acts in her role as an advocate for the state by initiating and pursuing prosecution," or "her conduct is 'intimately associated with the judicial phase of the criminal process.'" *Beck*, 204 F.3d at 637 (citing *Burns v. Reed*, 500 U.S. 478, 491-92 (1991)). Plaintiff's allegation that Jordan prosecuted the TMB's case against him establishes that she was involved in "the heart of the adjudicatory process." *Id.* She played a primary role in the proceedings against Plaintiff, and, thus, she is entitled to absolute immunity. Because Plaintiff is unable to assert a claim against Jordan

on the basis of absolute immunity, Plaintiff's claims against Jordan should be dismissed with prejudice. *Boyd v. Biggers*, 31 F.3d 279, 285 (5th Cir. 1994) (holding that a dismissal based on absolute immunity was properly dismissed with prejudice).

## Qualified immunity

Additionally, Plaintiff cannot state a claim against Jordan because she is entitled to qualified immunity. "Qualified immunity attaches when an official's conduct 'does not violate clearly established statutory or constitutional rights of which a reasonable person would have known.'" *White v. Pauly*, 137 S. Ct. 548, 551 (2017) (per curiam) (quoting *Mullenix v. Luna*, 136 S. Ct. 305, 308 (2015) (per curiam)). This "gives government officials breathing room to make reasonable but mistaken judgments, and protects all but the plainly incompetent or those who knowingly violate the law." *Stanton v. Sims*, 571 U.S. 3, 6 (2013) (per curiam) (quoting *Ashcroft v. al-Kidd*, 563 U.S. 731, 743 (2011) (internal quotation marks omitted)). "Once the defendant raises the qualified immunity defense, 'the burden shifts to the plaintiff to rebut this defense by establishing that the official's allegedly wrongful conduct violated clearly established law.'" *Harris v. Serpas*, 745 F.3d 767, 771 (5th Cir. 2014) (quoting *Brumfield v. Hollins*, 551 F.3d 322, 326 (5th Cir. 2008)). The court must determine whether the plaintiff has alleged a violation of a constitutional right and whether that right was clearly established at the time of the alleged misconduct. *Pearson v. Callahan*, 555 U.S. 223, 232 (2009). If a plaintiff does not state a claim that a defendant violated clearly established law,

then "a defendant pleading qualified immunity is entitled to dismissal before the commencement of discovery." *Mitchell v. Forsyth*, 472 U.S. 511, 526 (1985) (citation omitted).

In his Fourth Amended Complaint, Plaintiff alleges that Jordan was part of a RICO conspiracy to deprive him of his right to practice medicine and conceal Methodist's violation of his due process rights; he further alleges that Jordan conspired to deny his constitutional and equal protection rights in violation of 42 U.S.C. §§ 1983 and 1985. Though Plaintiff asserts he was deprived of "rights secured by the Constitution or laws of the United States," he does not plead a violation of his Constitutional rights with any more specificity. Fourth Am. Compl. 10-11 ¶ 26. Thus, he has failed to state a claim that Jordan violated a clearly established constitutional right, and she is entitled to dismissal of Plaintiff's claims.

## Attorney Immunity

Jordan is also entitled to attorney immunity under state law. In Texas, an attorney is entitled to immunity from claims by non-clients related to the attorney's actions in representing a client in litigation. *Troice v. Proskauer Rose, L.L.P.*, 816 F.3d 341, 346 (5th Cir. 2016); *see also Cantey Hanger, LLP v. Byrd*, 467 S.W.3d 477, 481-84 (Tex. 2015). The doctrine "'stem[s] from the broad declaration . . . that "attorneys are authorized to practice their profession, to advise their clients and interpose any defense or supposed defense, without making themselves liable for damages."'" *Troice*, 816 F.3d at 346 (quoting *Cantey*

*Hanger*, 467 S.W.3d at 481). This doctrine ensures attorneys advocate zealously, loyally, faithfully, and aggressively for their clients. *Id.* "Attorney immunity is necessary 'to avoid the inevitable conflict that would arise if [an attorney] were "forced constantly to balance his own potential exposure against his client's best interest.""" *Id.* (citing *Cantey Hanger*, 467 S.W.3d at 483 (quoting *Alpert v. Crain, Caton & James, PC*, 178 S.W.3d 398, 405 (Tex. App.—Houston [1st Dist.] 2005, pet. denied))). Because Plaintiff raises claims against Jordan based solely on actions she took in the course of her representation of the TMB, the doctrine of attorney immunity also bars his claims.

## RICO

Plaintiff asserts that Jordan, together with Methodist and others engaged in a conspiracy in violation of 18 U.S.C. § 1962(d), which makes it unlawful to conspire to violate RICO. The District Court considered this same claim in the context of Methodist's motion to dismiss and laid out the relevant legal standard, stating:

> Any RICO claim, including a RICO conspiracy claim under 18 U.S.C. § 1962(d), must include "(1) a person who engages in (2) a pattern of racketeering activity (3) connected to the acquisition, establishment, conduct, or control of an enterprise." *Orthoflex, Inc. v. ThermoTek, Inc.*, 2012 WL 2864510, at *2 (N.D. Tex. July 12, 2012) (Fitzwater, C.J.); *see St. Paul Mercury Ins. Co. v. Williamson*, 224 F.3d 425, 439 (5th Cir. 2000) (holding that these elements are required for any RICO claim under § 1962(a), (c), or (d)).
>
> Section 1961(1) defines "racketeering activity" in part as "any act which is indictable" under several specified

sections of the United States Code or state law. Section 1961(5) defines "pattern of racketeering activity" as "requir[ing] at least two acts of racketeering activity, one of which occurred after the effective date of this chapter and the last of which occurred within ten years (excluding any period of imprisonment) after the commission of a prior act of racketeering activity[.]"

"To establish a pattern of racketeering activity, [Simmons] must allege (1) the predicate acts of racketeering activity, and (2) a pattern of such acts." *Orthoflex*, 2012 WL 2864510, at *2 (citing *In re Burzynski*, 989 F.2d 733, 742 (5th Cir. 1993)). A pattern of racketeering activity must include two or more acts of racketeering activity. *See* 18 U.S.C. § 1961(5). "[A] 'pattern' requires both that the acts are 'related' to each other and that they have 'continuity.'" *Burzynski*, 989 F.2d at 742 (quoting *H.J. Inc. v. Nw. Bell Tel. Co.*, 492 U.S. 229, 239 (1989)). "It is this factor of *continuity plus relationship* which combines to produce a pattern." *H.J. Inc.*, 492 U.S. at 239 (emphasis in original) (citation and internal quotation marks omitted). Predicate acts are related if they "have the same or similar purposes, results, participants, victims, or methods of commission, or otherwise are interrelated by distinguishing characteristics and are not isolated events." *Id.* at 240 (citation omitted). Predicate acts under RICO include mail fraud, in violation of 18 U.S.C. § 1341, and wire fraud, in violation of 18 U.S.C. § 1343. *See Samsung Elecs. Am., Inc. v. Chung*, 2017 WL 635031, at *6 (N.D. Tex. Feb. 16, 2017) (Fitzwater, J.).

*Simmons v. Jackson*, 2017 WL 3051484, at *4 (N.D. Tex. July 19, 2017) (Fitzwater, J.), *appeal dismissed, Simmons v. Methodist Hosps. of Dallas*, 2017 WL 7732860 (5th Cir. Nov. 8, 2017).

The Court finds that Plaintiff has failed to state a plausible claim for a RICO conspiracy against Jordan because Plaintiff does not set forth with sufficient particularity any predicate acts Jordan allegedly committed. Under the heading

"Pattern of Racketeering," Plaintiff states that he "incorporates . . . the acts stated against Jordan in this amendment to establish the pattern of racketeering," but does not provide any more detail. Fourth Am. Compl. 5-6 ¶ 11. The District Court concluded, with respect to the same live pleading, that Plaintiff did not plausibly plead a pattern of racketeering activity and that "the only predicate acts . . . the fourth amended complaint potentially alleges are mail and wire fraud by TMB and Jordan, which it sets out in the civil conspiracy count but references in the RICO conspiracy count." *Simmons*, 2017 WL 3051484, at *5. Plaintiff's allegations regarding the "use of mail or wires" are too vague to satisfy the federal pleading standards. Fourth Am. Compl. 6 ¶ 12. His Fourth Amended Complaint does not set forth any specific facts as to when and how Defendants used the mail or wires to further their alleged conspiracy. *Tel-Phonic Servs., Inc. v. TBS Int'l, Inc.,* 975 F.2d 1134, 1139 (5th Cir. 1992) (holding that, to properly plead RICO mail fraud under Fed. R. Civ. P. 9(b), a plaintiff must allege time, place, contents and the identity of the maker of the false representation); *Oblio Telecom, Inc. v. Patel*, 2009 WL 1650481, at *5 (N.D. Tex. June 10, 2009) (dismissing plaintiff's RICO claim where the plaintiff failed to plead specific facts that the defendants used the mails or wires to execute their scheme, the dates of the communications, or the content of the communications). Because Plaintiff's Fourth Amended Complaint fails to allege with sufficient particularity any predicate acts Jordan allegedly committed, Plaintiff has not stated a RICO claim against her. Accordingly, Plaintiff's RICO claim against Jordan should be DISMISSED.

## Civil Conspiracy under 42 U.S.C. §§ 1983, 1985

Plaintiff similarly fails to state a claim for civil conspiracy under 42 U.S.C. §§ 1983 and 1985. Section 1983 provides a remedy for violations, under color of state law, of a person's constitutionally recognized rights. *Bledsoe v. City of Horn Lake, Miss.*, 449 F.3d 650, 653 (5th Cir. 2006) (citing *Findeisen v. N.E. Indep. Sch. Dist.,* 749 F.2d 234, 236-37 (5th Cir. 1984)). To state a civil conspiracy claim under § 1983, a plaintiff must allege "facts that suggest: 1) an agreement between the private and public defendants to commit an illegal act, and 2) an actual deprivation of constitutional rights." *Cinel v. Connick*, 15 F.3d 1338, 1343 (5th Cir. 1994) (internal citations omitted). To plead a § 1985 claim, a plaintiff must allege:

> "(1) the defendants conspired (2) for the purposes of depriving, either directly or indirectly, any person or class of persons of the equal protection of the laws, or of equal privileges and immunities under the laws, and (3) one or more of the conspirators committed some act in furtherance of the conspiracy; whereby (4) another person is injured in his person or property or deprived of having and exercising any right or privilege of a citizen of the United States; and (5) the action of the conspirators is motivated by a racial animus."

*Horaist v. Doctor's Hosp. of Opelousas*, 255 F.3d 261, 270 n.12 (5th Cir. 2001) (quoting *Wong v. Stripling,* 881 F.2d 200, 202-03 (5th Cir. 1989)).

Plaintiff fails to state a claim under § 1983 against Jordan. The District Court previously determined that Plaintiff failed to state a conspiracy claim under § 1983 against Methodist because he relied on conclusory statements that a conspiracy existed and failed to make any specific allegations that Defendants agreed to

commit an illegal act. *Simmons*, 2017 WL 3051484, *6 (citing *Tebo v. Tebo*, 550 F.3d 492, 496 (5th Cir. 2008) (holding that a conspiracy claim under § 1983 must allege specific facts to show agreement)). The same live pleading is at issue here. *See Simmons*, 2017 WL 3051484, at *2. Therein, Plaintiff states that Jordan sent him a letter and an email to inform him of a settlement conference; however, these facts do not indicate any agreement between the parties to commit an illegal act. Fourth Am. Compl. 11 ¶ 30. Plaintiff relies on conclusory statements that a conspiracy existed and fails to make any specific allegations that Defendants agreed to commit an illegal act.  As a result, Plaintiff fails to state a claim under § 1983 against Jordan.

The District Court found that Plaintiff's claim under § 1985 similarly relied on conclusory statements and unsupported allegations. *Simmons*, 2017 WL 3051484, at *6 ("The court likewise concludes that Simmons has not pleaded a plausible claim for relief under § 1985."). It is unclear from Plaintiff's Fourth Amended Complaint whether he actually asserts a claim against Jordan under § 1985; however, because he incorporates the discussion of his RICO claim to serve as the basis for his § 1985 claim, the Court will construe the § 1985 claim to include the parties alleged to be part of the RICO conspiracy, including Jordan. Fourth Am. Compl. 12-13 ¶ 32, 34. Regardless, Plaintiff's § 1985 claim also relies on unsupported assertions and does not allege sufficient facts that Jordan conspired with anyone to deprive Plaintiff of equal protection. Plaintiff's claims against Jordan for civil conspiracy under 42 U.S.C. §§ 1983 and 1985 should be dismissed.

15

## Injunctive Relief

Plaintiff also has not stated a claim for a preliminary or permanent injunction. Equitable relief is not available against government actors sued in their individual capacities. *Scott v. Flowers*, 910 F.2d 201, 213 (5th Cir. 1990) ("[T]he injunctive relief sought and won by Scott can be obtained from the defendants only in their official capacity as commissioners."); *see Shaboon v. Duncan*, 1998 WL 1782542, at *3 (W.D. Tex. Oct. 21, 1998) (Prado, J.) ("Further, Shaboon cannot obtain equitable relief . . . from Duncan in his individual capacity."). Here, Plaintiff has sued Jordan, in her individual capacity, for conduct related to her representation of the TMB. He has not asserted any claims against Jordan in her official capacity. Therefore, Plaintiff's claims for injunctive relief should be dismissed.

## Res Judicata

Finally, Jordan argues that Plaintiff's claims against her are barred by res judicata.[2] "'Claim preclusion, or res judicata, bars the litigation of claims that

---

[2] Res judicata is not expressly listed as a defense that may be raised in a Rule 12(b) motion; rather, Rule 8(c) includes it as an affirmative defense. Fed. R. Civ. P. 8(c), 12(b); *Bradford v. Law Firm of Gauthier, Houghtaling & Williams, L.L.P.*, 696 F. App'x 691, 694 (5th Cir. 2017). Accordingly, exact compliance with the rules requires pleading res judicata in the answer; however, "a technical failure to strictly comply with Rule 8(c) does not forfeit the affirmative defense of res judicata when it is raised before the district court 'in a manner that does not result in unfair surprise.'" *Bradford,* 696 F. App'x at 694 (quoting *Lafreniere Park Found. v. Broussard*, 221 F.3d 804, 808 (5th Cir. 2000)) (affirming the district court's judgment that a claim was barred by res judicata when raised in a Rule 12(b)(6) motion; *see also* 18 Charles Alan Wright & Arthur R. Miller, *Federal Practice and Procedure* § 4405 (3d ed. 2018) ("In various circumstances, preclusion defenses have been entertained on motions to dismiss."). In *Bradford*, where "the affirmative defense was raised at a pragmatically sufficient time and Bradford was not prejudiced in her ability to respond, the defense of res judicata was not forfeited for any failure to strictly comply with Rule 8(c)." 696 F. App'x at 694 (internal quotation marks, citation, and brackets omitted). Here, Plaintiff was not prejudiced in his ability to respond and did, in fact, respond by

16

either have been litigated or should have been raised in an earlier suit.'" *Petro-Hunt, L.L.C. v. United States*, 365 F.3d 385, 395 (5th Cir. 2004) (quoting *In re Southmark Corp.*, 163 F.3d 925, 934 (5th Cir. 1999)); *see also Brown v. Felsen*, 442 U.S. 127, 131 (1979) ("Res judicata prevents litigation of all grounds for, or defenses to, recovery that were previously available to the parties, regardless of whether they were asserted or determined in the prior proceeding."). A claim is precluded when: "(1) the parties are identical or in privity; (2) the judgment in the prior action was rendered by a court of competent jurisdiction; (3) the prior action was concluded by a final judgment on the merits; and (4) the same claim or cause of action was involved in both actions." *Test Masters Educ. Servs., Inc. v. Singh*, 428 F.3d 559, 571 (5th Cir. 2005) (citation omitted). The Fifth Circuit uses the "transactional test" to determine whether two actions involve the same claim or cause of action. *Id.* "Under the transactional test, a prior judgment's preclusive effect extends to all rights of the plaintiff 'with respect to all or part of the transaction, or series of connected transactions, out of which the [original] action arose.'" *Davis v. Dallas Area Rapid Transit*, 383 F.3d 309, 313 (5th Cir. 2004) (quoting *Petro-Hunt*, 365 F.3d at 395-96). The facts making up a transaction are "determined pragmatically;" however, the critical issue is "whether the two actions are based on the same nucleus of operative facts." *Id.* (quotation marks and citation omitted).

---

filing his Rule 56(d) Motion to Deny or Defer Ruling on Jordan's Motion to Dismiss in which he discusses res judicata. Mot. Deny 6.

On August 16, 2017, Plaintiff filed a lawsuit against Jordan, among others, in the Western District of Texas. Def.'s App. 6. The relevant parties in Plaintiff's Western District suit and those in this suit are the same—Simmons and Jordan. The Western District of Texas had subject-matter jurisdiction over the case. *See id.* 6, 8. And on January 30, 2018, Judge Sparks issued an order dismissing all of Plaintiff's claims with prejudice. *Id.* 12-13; Fed. R. Civ. P. 41(b) ("[A] dismissal under this subdivision (b) and any dismissal not under this rule—except one for lack of jurisdiction, improper venue, or failure to join a party under Rule 19—operates as an adjudication on the merits."). Plaintiff's Western District suit and this suit involve the same claim or cause of action because the two actions are based on the same nucleus of operative facts—Simmons's legal battle with the TMB following the termination of his employment as an internal medicine resident with Methodist. Def.'s App. 4-6. Therefore, because Plaintiff's Western District lawsuit and this suit involve identical parties; the Western District had jurisdiction and rendered judgment on the merits; and the two suits involve the same claim under the transactional test, Plaintiff's claims against Jordan are barred by res judicata and should be dismissed.

## RECOMMENDATION

For the reasons stated above, the Court DENIES Simmons's Rule 56(d) Motion to Deny or Defer Ruling on Defendant Barbara Jordan's Motion to Dismiss (ECF No. 232). The Court further recommends that Defendant Barbara Jordan's

Motion to Dismiss (ECF No. 229) be GRANTED and that Plaintiff Jason Simmons's

claims against Defendant Barbara Jordan be DISMISSED WITH PREJUDICE.

**SO RECOMMENDED**.

December 21, 2018.

_____
REBECCA RUTHERFORD
UNITED STATES MAGISTRATE JUDGE

## INSTRUCTIONS FOR SERVICE AND
## NOTICE OF RIGHT TO OBJECT

A copy of this report and recommendation shall be served on all parties in the manner provided by law. Any party who objects to any part of this report and recommendation must file specific written objections within 14 days after being served with a copy. *See* 28 U.S.C. § 636(b)(1); FED. R. CIV. P. 72(b). To be specific, an objection must identify the specific finding or recommendation to which objection is made, state the basis for the objection, and specify the place in the magistrate judge's report and recommendation where the disputed determination is found. An objection that merely incorporates by reference or refers to the briefing before the magistrate judge is not specific. Failure to file specific written objections will bar the aggrieved party from appealing the factual findings and legal conclusions of the magistrate judge that are accepted or adopted by the district court, except upon grounds of plain error. *See Douglass v. United Services Automobile Ass'n*, 79 F.3d 1415, 1417 (5th Cir. 1996).