IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF TEXAS
DALLAS DIVISION

| | |
|---|---|
| JASON SIMMONS,<br><br>    Plaintiff,<br><br>v.<br><br>RAY JACKSON, ET AL.,<br><br>    Defendants. | No. 3:15-CV-01700-S-BT |

**FINDINGS, CONCLUSIONS, AND RECOMMENDATION
OF THE UNITED STATES MAGISTRATE JUDGE**

Before the Court are (1) Defendant Oscar San Miguel's Motion for Summary Judgment (ECF No. 265) and (2) Plaintiff Jason Simmons's Motion for Summary Judgment (ECF No. 266). For the reasons stated, the Court recommends that the District Court GRANT Defendant's Motion and DENY Plaintiff's Motion.

**Background[1]**

On January 4, 2017, the District Court ordered Plaintiff Jason Simmons to file a fourth amended complaint that complies with Rules 8(a), 8(d)(1), 9(b), and 10(b). Jan. 4, 2017 Order (ECF No. 168). Additionally, the Court ordered: "[t]he fourth amended complaint must be typed in at least 12-point font, must be double-spaced, and must not exceed 20 total pages." *Id.* Six days later, Plaintiff filed his Fourth Amended Complaint, the live complaint, wherein he asserts that he was

---

[1] Because this case has been the subject of several prior decisions, the Court recounts here only the background information necessary to understand the current recommendation.

1

employed as an internal medicine resident for Methodist Hospitals of Dallas ("Methodist") from June 2007 to May 2010. Fourth Am. Compl. 1. (ECF No. 171). After a disciplinary hearing, Methodist terminated Plaintiff and reported the matters involved to the Texas Medical Board ("TMB"). *Id.* 1, 2. Plaintiff filed at least three civil cases against the TMB, and others involved in the circumstances associated with his termination. Plaintiff first hired attorney Ray Jackson to represent him before the TMB. *Id.* 2. Jackson withdrew from representing Plaintiff in the second case, and Plaintiff hired attorney Defendant Oscar San Miguel. *Id.* Barbara Jordan was the attorney for the TMB in the second and third cases involving Plaintiff. *Id.* Plaintiff alleges that Jackson, San Miguel, and Jordan were involved in a Racketeer Influenced and Corrupt Organizations ("RICO") conspiracy to deprive Plaintiff of his right to freely practice medicine and to conceal Methodist's violation of Plaintiff's due process rights. Plaintiff further appears to allege, by "incorporat[ing] . . . discussions of the foregoing 1962(d) RICO conspiracy claim," that San Miguel conspired to deny his constitutional and equal protection rights, in violation of 42 U.S.C. §§ 1983 and 1985. *Id.* 10-11 ¶ 26; 12 ¶ 32.

Oscar San Miguel answered Plaintiff's Third Amended Complaint but failed to answer Plaintiff's Fourth Amended Complaint. Answer (ECF No. 105); Third Am. Compl. (ECF No. 80); Fourth Am. Compl. The Court ordered San Miguel, the only remaining defendant, and Plaintiff to submit cross-motions for summary judgment. Nov. 7, 2018 Order (ECF No. 259). Plaintiff, accordingly, moves for summary judgment

2

on his claims, and San Miguel now moves for summary judgment on the defense that Plaintiff failed to state a claim and refused to comply with a court order. The motions are ripe for determination.

## Legal Standard

At the Court's direction, the parties filed cross-motions for summary judgment. Plaintiff moves for summary judgment on his RICO conspiracy, § 1983, and § 1985 claims—Plaintiff bears the burden to establish the elements of each of his claims at trial. Defendant simultaneously moves for summary judgment on the defense that Plaintiff failed to state a claim; Defendant bears the burden to prove his 12(b)(6) defense. Because both movants, Plaintiff and Defendant, bear the burden of proof with respect to their claims, or defenses, each must establish "beyond peradventure" the elements of his claims, or existence of his defense, to warrant judgment in his favor. *Fontenot v. Upjohn Co.*, 780 F.2d 1190, 1194 (5th Cir. 1986). The beyond peradventure standard imposes a heavy burden on the movant to show there are no genuine material fact disputes and that the movant is entitled to summary judgment as a matter of law. *See, e.g., Martin v. Alamo Cmty. Coll. Dist.*, 353 F.3d 409, 412 (5th Cir. 2003). On such a motion, the Court draws all reasonable inferences in favor of the nonmovant. *Chaplin v. NationsCredit Corp.*, 307 F.3d 368, 372 (5th Cir. 2002) (citing *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 255 (1986)).

## Analysis

### I. Defendant's Motion for Summary Judgment

Defendant moves for summary judgment on the defense that Plaintiff failed to state a claim. Because Plaintiff fails to state a RICO, § 1983, or § 1985 claim against Defendant, Defendant's motion should be granted. Additionally, Plaintiff's Fourth Amended Complaint should be dismissed because it did not comply with the District Court's Order granting Plaintiff leave to file his fourth amended complaint.

Though Rule 12(b)(6) motions to dismiss are generally asserted during the pleading stage, the Federal Rules of Civil Procedure permit the defense to be raised at the summary judgment stage. *C&C Inv. Props., L.L.C. v. Trustmark Nat'l Bank*, 838 F.3d 655, 660 (5th Cir. 2016); Fed. R. Civ. P. 12(b)(6) (stating that "every defense to a claim *must* be asserted in the responsive pleading if one is required. But a party *may* assert . . . by motion" a 12(b)(6) defense for failure to state a claim) (emphasis added); Fed. R. Civ. P. 12(h)(1) (omitting 12(b)(6) motions from the list of those that may be waived by failing to assert them at the Rule 12 stage). In fact, "Rule 12 expressly provides that a defendant not pursuing a Rule 12(b)(6) defense at the pleading stage may raise it later in the litigation, including at trial." *C&C Inv. Props.*, 838 F.3d at 660 (citing Fed. R. Civ. P. 12(h)(2)(C)). Affirmative defenses raised in Rule 12(b)(6) motions may also be strategically raised via summary-judgment motion for the ability to rely on evidence outside the complaint. *Id.* Yet "even when there is no apparent reason for doing so, the rules allow a defendant

4

to assert an affirmative defense that may have been suitable for Rule 12(b)(6) disposition at the summary judgment stage." *Id.* Thus, when a party fails to assert an affirmative defense in its answer, the court may permit the party to raise it "at a pragmatically sufficient time" when "the plaintiff was not prejudiced in its ability to respond." *Id.* (brackets and internal quotation marks omitted) (citing *Arismendez v. Nightingale Home Health Care, Inc.*, 493 F.3d 602, 610 (5th Cir. 2007); *Rogers v. McDorman*, 521 F.3d 381, 386-87 (5th Cir. 2008) (finding no unfair surprise when plaintiffs had notice of an unpleaded defense since it was alluded to in the answer, a pretrial brief, and during a pretrial hearing); *Standard Waste Sys. Ltd. v. Mid-Continent Cas. Co.*, 612 F.3d 394, 398-99 (5th Cir. 2010) (per curiam) (finding the failure to plead an affirmative defense did not result in unfair surprise when defendant expressly mentioned it in denial letters, a joint status report, and the expert witness designation list)).

Here, the Court finds that Defendant raised the 12(b)(6) defense in a pragmatically sufficient time, in his court-ordered motion for summary judgment, and that Plaintiff was not prejudiced in his ability to respond. First, Plaintiff, in fact, did respond to Defendant's Motion for Summary Judgment. Pl.'s Resp. (ECF No. 272). And second, Defendant's failure to answer Plaintiff's Fourth Amended Complaint, or file a motion to dismiss at the pleading stage, could not have resulted in unfair surprise with respect to the Complaint's vulnerability to such a defense since Plaintiff's claims against Defendants Methodist and Ray Jackson have already been dismissed with prejudice for failure to state a claim. July 19, 2017 J.

5

(ECF No. 195); Sept. 24, 2018 J. (ECF No. 246). Accordingly, the Court finds that Defendant appropriately raised the 12(b)(6) ground for dismissal in his motion for summary judgment.

## RICO

In his Fourth Amended Complaint, Plaintiff asserts that San Miguel, together with Ray Jackson, Barbara Jordan, and Methodist ("Defendants") engaged in a conspiracy in violation of 18 U.S.C. § 1962(d), which makes it unlawful to conspire to violate RICO. The District Court previously laid out the relevant legal standard while considering this same claim with respect to Methodist's motion to dismiss, stating:

> Any RICO claim, including a RICO conspiracy claim under 18 U.S.C. § 1962(d), must include "(1) a person who engages in (2) a pattern of racketeering activity (3) connected to the acquisition, establishment, conduct, or control of an enterprise." *Orthoflex, Inc. v. ThermoTek, Inc.*, 2012 WL 2864510, at *2 (N.D. Tex. July 12, 2012) (Fitzwater, C.J.); *see St. Paul Mercury Ins. Co. v. Williamson*, 224 F.3d 425, 439 (5th Cir. 2000) (holding that these elements are required for any RICO claim under § 1962(a), (c), or (d)).
>
> Section 1961(1) defines "racketeering activity" in part as "any act which is indictable" under several specified sections of the United States Code or state law. Section 1961(5) defines "pattern of racketeering activity" as "requir[ing] at least two acts of racketeering activity, one of which occurred after the effective date of this chapter and the last of which occurred within ten years (excluding any period of imprisonment) after the commission of a prior act of racketeering activity[.]"
>
> "To establish a pattern of racketeering activity, [Simmons] must allege (1) the predicate acts of

6

> racketeering activity, and (2) a pattern of such acts." *Orthoflex*, 2012 WL 2864510, at *2 (citing *In re Burzynski*, 989 F.2d 733, 742 (5th Cir. 1993)). A pattern of racketeering activity must include two or more acts of racketeering activity. See 18 U.S.C. § 1961(5). "[A] 'pattern' requires both that the acts are 'related' to each other and that they have 'continuity.'" *Burzynski*, 989 F.2d at 742 (quoting *H.J. Inc. v. Nw. Bell Tel. Co.*, 492 U.S. 229, 239 (1989)). "It is this factor of continuity plus relationship which combines to produce a pattern." *H.J. Inc.*, 492 U.S. at 239 (emphasis in original) (citation and internal quotation marks omitted). Predicate acts are related if they "have the same or similar purposes, results, participants, victims, or methods of commission, or otherwise are interrelated by distinguishing characteristics and are not isolated events." *Id.* at 240 (citation omitted). Predicate acts under RICO include mail fraud, in violation of 18 U.S.C. § 1341, and wire fraud, in violation of 18 U.S.C. § 1343. *See Samsung Elecs. Am., Inc. v. Chung*, 2017 WL 635031, at *6 (N.D. Tex. Feb. 16, 2017) (Fitzwater, J.).

*Simmons v. Jackson*, 2017 WL 3051484, at *4 (N.D. Tex. July 19, 2017) (Fitzwater, J.), *appeal dismissed*, *Simmons v. Methodist Hosps. of Dallas*, 2017 WL 7732860 (5th Cir. Nov. 8, 2017).

The Court finds that Plaintiff failed to state a plausible claim for a RICO conspiracy against San Miguel because Plaintiff does not set forth with sufficient particularity any predicate acts San Miguel allegedly committed. Under the heading "Pattern of Racketeering," Plaintiff "incorporates . . . the predicate acts stated against Jackson and San Miguel in his Third Amended Original Complaint . . . to establish the pattern of racketeering," but does not provide any more detail. Fourth Am. Compl. 5-6 ¶ 11. The District Court "decline[d] to search the third amended complaint . . . for allegations of a pattern of racketeering activity," noting

7

that though Rule 10(c) permits that "[a] statement in a pleading may be adopted by reference elsewhere in the same pleading or in any other pleading or motion," a party availing himself of this provision must ensure his "references to prior allegations . . . [are] direct and explicit, in order to enable the responding party to ascertain the nature and extent of the incorporation." *Simmons*, 2017 WL 3051484, at *5 (citing Fed. R. Civ. P. 10(c); 5A Charles Alan Wright & Arthur R. Miller, *Federal Practice and Procedure* § 1326, at 431-32 (3d ed. 2004 & Supp. 2017)). To that end, the District Court concluded that Plaintiff did not plausibly plead a pattern of racketeering activity and that "the only predicate acts . . . the fourth amended complaint potentially alleges are mail and wire fraud by TMB and Jordan, which it sets out in the civil conspiracy count but references in the RICO conspiracy count." *Simmons*, 2017 WL 3051484, at *5. And Plaintiff's allegations regarding the "use of mail or wires" are too vague to satisfy the federal pleading standards. Fourth Am. Compl. 6 ¶ 12. His Fourth Amended Complaint does not set forth any specific facts as to when and how Defendants used the mail or wires to further their alleged conspiracy. *Tel-Phonic Servs., Inc. v. TBS Int'l, Inc.,* 975 F.2d 1134, 1139 (5th Cir. 1992) (holding that, to properly plead RICO mail fraud under Fed. R. Civ. P. 9(b), a plaintiff must allege time, place, contents and the identity of the maker of the false representation); *Oblio Telecom, Inc. v. Patel*, 2009 WL 1650481, at *5 (N.D. Tex. June 10, 2009) (dismissing plaintiff's RICO claim where the plaintiff failed to plead specific facts that the defendants used the mails or wires to execute their scheme, the dates of the communications, or the content of the

communications). Because Plaintiff's Fourth Amended Complaint fails to allege with sufficient particularity any predicate acts San Miguel allegedly committed, Plaintiff has not stated a RICO claim against him.

### Civil Conspiracy under 42 U.S.C. §§ 1983, 1985

Plaintiff similarly fails to state a claim for civil conspiracy under 42 U.S.C. §§ 1983 and 1985. Section 1983 provides a remedy for violations, under color of state law, of a person's constitutionally recognized rights. *Bledsoe v. City of Horn Lake, Miss.*, 449 F.3d 650, 653 (5th Cir. 2006) (citing *Findeisen v. N.E. Indep. Sch. Dist.,* 749 F.2d 234, 236-37 (5th Cir. 1984)). To state a civil conspiracy claim under § 1983, a plaintiff must allege "facts that suggest: 1) an agreement between the private and public defendants to commit an illegal act, and 2) an actual deprivation of constitutional rights." *Cinel v. Connick*, 15 F.3d 1338, 1343 (5th Cir. 1994) (internal citations omitted). To plead a § 1985 claim, a plaintiff must allege:

> "(1) the defendants conspired (2) for the purposes of depriving, either directly or indirectly, any person or class of persons of the equal protection of the laws, or of equal privileges and immunities under the laws, and (3) one or more of the conspirators committed some act in furtherance of the conspiracy; whereby (4) another person is injured in his person or property or deprived of having and exercising any right or privilege of a citizen of the United States; and (5) the action of the conspirators is motivated by a racial animus."

*Horaist v. Doctor's Hosp. of Opelousas*, 255 F.3d 261, 270 n.12 (5th Cir. 2001) (quoting *Wong v. Stripling,* 881 F.2d 200, 202-03 (5th Cir. 1989)).

Plaintiff fails to state a claim under § 1983 against San Miguel. The District Court previously determined that Plaintiff failed to state a § 1983 conspiracy claim against Methodist because he relied on conclusory statements that a conspiracy existed and failed to make any specific allegations that Defendants agreed to commit an illegal act. *Simmons*, 2017 WL 3051484, *6 (citing *Tebo v. Tebo*, 550 F.3d 492, 496 (5th Cir. 2008) (holding that a conspiracy claim under § 1983 must allege specific facts to show agreement)). The same live pleading is at issue here. *See id.* at *2. Therein, Plaintiff "incorporates . . . the Injury discussion . . . for his RICO conspiracy claim, to allege the deprivations [sic] of rights secured by the Constitution or laws of the United States" but does not make any specific allegations that Defendants agreed to commit an illegal act, or even mention San Miguel. Fourth Am. Compl. 10-11 ¶ 26. Instead, Plaintiff relies on conclusory statements that a conspiracy existed, and, as a result, fails to state a claim under § 1983 against San Miguel.

The District Court further found that Plaintiff's claim under § 1985 relied on conclusory statements and unsupported allegations. *Simmons*, 2017 WL 3051484, at *6 ("The court likewise concludes that Simmons has not pleaded a plausible claim for relief under § 1985."). Though Plaintiff does not mention San Miguel in his Fourth Amended Complaint when he asserts his § 1985 claim, he again "incorporates" the discussion of his RICO claim to serve as the basis for his § 1985 claim; thus, the Court construes Plaintiff's § 1985 claim to include the parties alleged to be part of the RICO conspiracy, including San Miguel. Fourth Am.

Compl. 12-13 ¶ 32, 34. Regardless, Plaintiff's § 1985 claim also relies on unsupported assertions and does not allege sufficient facts that San Miguel conspired with anyone to deprive Plaintiff of equal protection. Plaintiff fails to state a claim against San Miguel for civil conspiracy under 42 U.S.C. § 1985.

In addition to his 12(b)(6) defense, Defendant asserts that Plaintiff's Fourth Amended Complaint should be dismissed for failure to comply with the District Court's January 4, 2017 Order, Rules 8, and 10(b). Def.'s MSJ 2. Federal Rule of Civil Procedure 41(b) gives trial courts discretionary authority to dismiss an action *sua sponte* for a plaintiff's failure to prosecute or comply with any order of the court. *Link v. Wabash R.R. Co.*, 370 U.S. 626, 629-30 (1962); *Larson v. Scott*, 157 F.3d 1030, 1031 (5th Cir. 1998). The District Court's order required Plaintiff to file a Fourth Amended Complaint that did not exceed 20 *total* pages. Jan. 4, 2017 Order. Plaintiff's Fourth Amended Complaint, including exhibits, is 81 *total* pages. The Fourth Amended Complaint also attempts to incorporate significant portions of Plaintiff's previously filed pleadings and motions, which would further extend its length. Fourth Am. Compl. ¶¶ 7, 10, 11, 35, 36, and 55. Plaintiff's prolix pleadings have made the Court's task in evaluating the sufficiency of his claims unnecessarily difficult. For that reason, the District Court ordered Plaintiff to state his claims succinctly. The District Court reasonably limited Plaintiff to 20 pages. However, Plaintiff's Fourth Amended Complaint fails to comply with the District Court's order; indeed, the Fourth Amended Complaint exceeds the court-imposed limitations by 60 pages. For that reason also, Plaintiff's claims against Defendant

should be dismissed.

## II. Plaintiff's Motion for Summary Judgment

Plaintiff fails to carry his burden and establish beyond peradventure that there are no genuine material fact disputes as to the essential elements of his RICO, § 1983, and § 1985 claims against San Miguel. In his Motion and 87-page brief in support, well in excess of the 25-page limit mandated by Local Rule 7.2(c), Plaintiff reurges claims against parties that this Court has already dismissed; the Court, therefore, will only address Plaintiff's claims against Oscar San Miguel, the sole remaining defendant. L. Civ. R. 7.2(c).

### RICO

To be successful on his RICO claim against San Miguel, brought under 18 U.S.C. § 1962(d), Plaintiff must establish that the alleged conspirators engaged in "a pattern of racketeering activity." *Orthoflex*, 2012 WL 2864510, at *2. Establishing a "pattern of racketeering activity," requires proving a pattern of "predicate acts of racketeering activity" occurred. *Id.* Plaintiff fails to set forth with particularity that any predicate acts occurred, let alone establish beyond peradventure that there are no genuine material fact disputes as to whether the alleged conspirators engaged in predicate acts. Plaintiff makes various statements, such as, "San Miguel admitted he discussed plaintiff's TMB Legal No. 11-0141, with Ray Jackson on February 20, 2013;" however, such statements, even if factual, do not demonstrate a pattern of racketeering activity, but are ordinary actions a lawyer would take when representing a new client, previously represented by

12

another lawyer. Pl.'s Br. Support 11 (ECF No. 266-2). Accordingly, the Court finds that Plaintiff has not established beyond peradventure that no fact issue exists regarding whether San Miguel and the alleged conspirators engaged in a pattern of racketeering activity.

### Civil Conspiracy under 42 U.S.C. §§ 1983 and 1985

Similarly, to be successful on his civil conspiracy claim under § 1983, Plaintiff must establish beyond peradventure that the Defendants agreed to commit an illegal act. *Cinel*, 15 F.3d at 1343. In his Motion for Summary Judgment, Plaintiff restates his allegations against defendants. Pl.'s Br. Support 14 ("Plaintiff alleges the defendants agreed to and did conspire to . . . "). The only facts that Plaintiff raises to support his allegations show that the Defendants conducted ordinary actions related to their representation of a client and do not establish that any defendant engaged in an illegal act. For example, Plaintiff states that his "evidence shows that both San Miguel and Jackson represented plaintiff before the medical board, and both received information on his behalf for the proceedings." Pl.'s Br. Support 15. A lawyer receives information about his client in the ordinary course of representation. Because Plaintiff fails to point to any evidence establishing that Defendants agreed to commit an illegal act, he has not established beyond peradventure that there are no genuine issues of material fact regarding his § 1983 claim.

Last, to be entitled to summary judgment on his § 1985 civil conspiracy claim, Plaintiff must establish that the Defendants conspired to deprive him of

equal protection of the laws and committed an act in furtherance of the conspiracy. *Horaist*, 255 F.3d at 270 n.12. Plaintiff combines his analysis of the elements for a § 1983 and § 1985 claim. Pl.'s Br. Support 13 ("1. OSCAR SAN MIGUEL IS LIABLE TO PLAINTIFF FOR CIVIL CONSPIRACY IN VIOLATION OF 42 U.S.C. § 1983 AND 42 U.S.C. § 1985, IN THE ALTERNATIVE"). Thus, here again, Plaintiff relies on conclusory allegations and does not point to any evidence establishing beyond peradventure that the Defendants committed any act in furtherance of a conspiracy to deprive him of equal protection. Accordingly, the Court finds that Plaintiff is not entitled to summary judgment with respect to his § 1983 and § 1985 civil conspiracy claims against Oscar San Miguel.

## **RECOMMENDATION**

For the reasons stated above, the Court recommends that Defendant Oscar San Miguel's Motion for Summary Judgment (ECF No. 265) be GRANTED, and Plaintiff Jason Simmons's Motion for Summary Judgment (ECF No. 266) be DENIED. Plaintiff Jason Simmons's claims against Oscar San Miguel should be DISMISSED with prejudice.

**SO RECOMMENDED**.

January 4, 2019.

_____
REBECCA RUTHERFORD
UNITED STATES MAGISTRATE JUDGE

## INSTRUCTIONS FOR SERVICE AND
## NOTICE OF RIGHT TO APPEAL/OBJECT

A copy of this report and recommendation shall be served on all parties in the manner provided by law. Any party who objects to any part of this report and recommendation must file specific written objections within 14 days after being served with a copy. *See* 28 U.S.C. § 636(b)(1); FED. R. CIV. P. 72(b). To be specific, an objection must identify the specific finding or recommendation to which objection is made, state the basis for the objection, and specify the place in the magistrate judge's report and recommendation where the disputed determination is found. An objection that merely incorporates by reference or refers to the briefing before the magistrate judge is not specific. Failure to file specific written objections will bar the aggrieved party from appealing the factual findings and legal conclusions of the magistrate judge that are accepted or adopted by the district court, except upon grounds of plain error. *See Douglass v. United Services Automobile Ass'n*, 79 F.3d 1415, 1417 (5th Cir. 1996).