IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF TEXAS
DALLAS DIVISION

FILED
February 07, 2019
KAREN MITCHELL
CLERK, U.S. DISTRICT COURT

| | | |
|---|---|---|
| **JASON SIMMONS** | § | |
| **Plaintiff,** | § | |
| | § | |
| **vs.** | § | **Civil Action No. 3:15-CV-1700-S-BT** |
| | § | |
| **RAY JACKSON,** | § | |
| **METHODIST HOSPITALS OF DALLAS,** | § | |
| **OSCAR SAN MIGUEL,** | § | |
| **TEXAS MEDICAL BOARD,** | § | |
| **Defendants.** | § | |

**MOTION TO ALTER OR AMEND JUDGMENT PURSUANT TO RULE 59 OR TO MAKE ADDITIONAL FINDINGS OF FACT AND CONCLUSIONS OF LAW PURSUANT TO RULE 52(b) IN THE ALTERNATIVE AND BRIEF IN SUPPORT**

**NOW COMES**, Jason Simmons, "Plaintiff," respectfully files this Motion to Alter or Amend Judgment Pursuant to Rule 59, or to Make Additional Findings of Fact and Law Pursuant to Rule 52 (b), in the alternative, in the above referenced case. The motion is filed in response to the order entered on January 29, 2019, granting Defendant's Motion for Summary Judgment and Denying Plaintiff's Motion for Summary Judgment and is based on manifest errors of law and manifest errors of fact. In support of this motion, plaintiff shows as follows:

## I. ARGUMENTS & AUTHORITIES

Plaintiff brings his motion to point to controlling law, decisions and evidence that this Court overlooked which led to manifest errors of law and manifest errors of fact in the

judgment. The grounds for plaintiff's motion rest in the Court's: 1.) Failure to follow the law for summary judgment determination; 2.) Failure to abide by the Pinkerton Doctrine and; 3.) Wholesale omission and lack of consideration for plaintiff's ***entire*** uncontroverted evidence, as well as, his undisputed facts.

Plaintiff requested trial by jury, (Doc. 1). The Court ordered the parties to move for summary judgment, (Doc. 259). Plaintiff submitted affidavits based on personal knowledge and documentary evidence to support all elements for his claim, (Doc. 266). The Court weighed plaintiff's evidence and made credibility determinations on his testimony instead of submitting it to the jury, (Doc. 274). This Court has made an error of law by violating Rule 56.

After initially violating Rule 56, the Court proceeded to focus only on the portion of plaintiff's evidence that established the defendants had an opportunity to affect his legal proceedings. The court ignored the rest of plaintiff's evidence submitted to prove the remaining elements for his claim, once again violating Rule 56. For example, there is no comment on the evidence showing the defendants had knowledge of the conspiracy, opportunities to conspire, intent to advance the conspiracy, made repeated false statements to the plaintiff/Court/TMB and concealed information from him. Plaintiff does not know precisely what evidence this Court relied upon in making its findings of fact and conclusions of law because at **no** point in the magistrate judge's recommendations or the federal judge's order is there **specific** citation to the underlying record, (Docs.: 274 and; 279). Plaintiff's evidence is referred to only fleetingly, (Doc. 274). The ***entire*** record shows this Court has made clear errors of fact by overlooking Rule 56; The Pinkerton Doctrine and; evidence that required a different outcome in this case.

**1. Legal Standard For Rule 59(e)**

Rule 59(e) of the Federal Rules of Civil Procedure allows a court "to rectify its own mistakes in the period immediately following entry of judgment, (*White v. New Hampshire Dept. of Employment Sec.,* 455 U.S. 445, 450 (1982). To prevail on a FRCP 59(e) motion, the moving party must detail why the court should reconsider its earlier decision by: Establishing a clear error of fact or law of a strongly convincing nature or; Pointing to controlling decisions, evidence, or data that the court overlooked or that became available only after entry of judgment, (*Roger Miller Music, Inc. v. Sony/ATW Publ'g, LLC*, 477 F.3d 383, 395 (6th Cir. 2007)). Although district courts have discretion as to whether to reopen a case under Rule 59(e), that discretion is not unlimited. The Fifth Circuit has "identified two important judicial imperatives relating to such a motion: 1) the need to bring litigation to an end; and 2) the need to render just decisions on the basis of all the facts. The task for the district court is to strike the proper balance between these competing interests, (*Templet v. HydroChem Inc.,* 367 F.3d 473, 479 (5th Cir. 2004)).

**A. This Court Committed Manifest Error of Law When It Failed To Comply with the Correct Summary Judgment Standard**

i.

In moving for summary judgment, the movant may show that there is no genuine issue of material fact by pointing to "particular parts of materials in the record, including depositions, documents, electronically stored information, affidavits or declarations, stipulations . . . , admissions, interrogatory answers, or other materials[.]" Fed. R. Civ. P. 56(c) (1) (A). For summary judgment, the court's task is to make a threshold determination of the sufficiency of the allegations or evidence, not to resolve disputes of fact, (*Tuwamo v. Tuwamo*, 790 S.E.2d 331 (N.C. App. 2016)). In determining whether an issue is "genuine," courts cannot consider the

merits, make credibility determinations, evaluate testimony or weigh evidence, (*Barnes v. Darby*, 98-CA-73872 6 (La. App. 5 Cir. 1/26/99). The court's task at summary judgment is to determine whether genuine issues of material fact exist for a jury to resolve, not to actually resolve those issues ("find" those facts), (*Hodges v. Moore*, 205 N.C. App. 722 (2010)).

In this case, plaintiff requested trial by jury. For his summary judgment motion, plaintiff submitted: 1.) Affidavits based on personal knowledge, (Docs.: 256 and; 266); 2.) More than 10 exhibits of direct or circumstantial documentary evidence proving the defendants' knowledge of the conspiracy and; 3.) More than 35 exhibits of direct or circumstantial documentary evidence proving the defendants' intent to advance the conspiracy and parallel acts committed (i.e. false statements), (Doc. 266). The bulk of plaintiff's evidence is self-authenticating and/or part of public records. The Court did not find any of plaintiff's evidence to be inadmissible, (Docs.: 274 and; 279). Defendant did not object to any of plaintiff's evidence or dispute plaintiff's version of the facts, (Doc. 265). This Court stated: *"Plaintiff fails to point to any evidence establishing that Defendants agreed to commit an illegal act*, (Doc. 274 Page 13) and, *Plaintiff does not point to any evidence establishing beyond peradventure that the Defendants committed any act in furtherance of a conspiracy to deprive him of equal protection,* (Doc. 274)." It is clear from these comments; the Court evaluated the credibility of plaintiff's testimony and weighed his evidence instead of submitting it to the jury. The Court violated Rule 56, and the controlling *Barnes v. Darby*.

In *Barnes v. Darby,* the dispute arose from an auto accident. The Fifth Circuit vacated and remanded the lower court's decision because the lower court decided the case on summary judgment by making credibility determinations on all the evidence at issue attesting to the ultimate material fact of who caused the accident and therefore who had legal liability, (*Barnes v.*

*Darby*, 98-CA-73872 6 (La. App. 5 Cir. 1/26/99). The same result is required here. All of plaintiff's evidence discussed below was properly presented to the Court and attests to the ultimate material fact whether the defendants agreed to commit overt acts against the plaintiff. This Court could not have made the foregoing comments or rendered summary judgment in this matter without determining the credibility of plaintiff's testimony and weighing his evidence. Because this Court made credibility determinations on plaintiff's evidence relevant to the issue of whether the defendants agreed to commit overt acts, the denial of his summary judgment motion was improper and the Court's judgment should be reversed.

**ii.**

Affirmative defenses raised in Rule 12(b) (6) motions may also be strategically raised via summary-judgment motion for the ability to rely on evidence outside the complaint, (*C&C Inv. Props.*, 838 F.3d at 660 (citing Fed. R. Civ. P. 12(h) (2) (C)). Alternatively to Fed. R. Civ. P. 56(c) (1) (A), the movant may "show that the materials cited do not establish the absence or presence of a genuine dispute, or that an adverse party cannot produce admissible evidence to support the fact." Fed. R. Civ. P. 56(c) (1) (B).

Here, San Miguel's motion does not point to evidence outside the complaint nor, does it highlight the insufficiency of plaintiff's evidence, (Doc. 265). San Miguel did not **rely on evidence outside the complaint** to support his Rule 12 (b) (6) defense. Despite his failure to comply with Fed. R. Civ. P. 56(c) (1) (A), and Fed. R. Civ. P. 56(c) (1) (B), the Court granted San Miguel's motion, (Doc. 274). Because the Court did not abide by Fed. R. Civ. P. 56(c) (1) (A), or Fed. R. Civ. P. 56(c) (1) (B), in ruling on San Miguel's motion for summary judgment, the ruling on it must be reversed.

In summary judgment practice, a party asserting that a fact cannot be or is genuinely disputed must support the assertion by citing to particular parts of materials in the record, including depositions, documents, electronically stored information, affidavits or declarations, stipulations (including those made for purposes of the motion only), admissions, interrogatory answers, or other materials, (Fed. R. Civ. P. 56(c)). When ruling on motions for summary judgment, the court should give credence to the evidence favoring the non-movant as well as that "evidence supporting the moving party that is un-contradicted and unimpeached, (*Liberty Lobby, supra,* at 255, 106 S.Ct. 2505). The trial judge must accept as true the non-movant's evidence, must draw all legitimate inferences in the non-movant's favor, and must not weigh the evidence on the credibility of witnesses, (*Valentine v. Joliet Township High School District,* 802 F.2d 981, 986 (7th Cir.1986). Summary judgment is inappropriate where "the evidence is such that a reasonable jury could return a verdict for the nonmoving party, (*Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 248, 106 S.Ct. 2505, 91 L.Ed.2d 202 (1986)).

Plaintiff responded to San Miguel's motion by citing to his evidence on record, (Doc. 270). However, the court did not give credence to plaintiff's ***entire*** un-contradicted and unimpeached evidence because there is no specific mention of any of it in this Court's recommendations and order, (Docs.: 274 and; 279). The Court ignored evidence from which reasonable inferences could be drawn in favor of the plaintiff. The circumstances here are similar to *Burton v. Teleflex*.

In *Burton v. Teleflex,* the District Court disregarded the plaintiff, Burton's testimony where she established that she had suffered an adverse employment action. The district court dismissed her claim on summary judgment. The Third Circuit vacated the district court's grant of

summary judgment on the discrimination claims and remanded for further proceedings because the lower court ignored evidence from which a reasonable juror could conclude that Burton was terminated. The reviewing court found that by disregarding the plaintiff's conflicting testimony, the district court improperly made credibility determinations, which it may not do at summary judgment, (*Burton v. Teleflex Inc.*, 707 F. 3d 417 - Court of Appeals, 3rd Circuit 2013).

In our case, the court ignored evidence from which a reasonable juror could conclude that the defendants agreed to commit overt and parallel acts, (Docs.: 274 and; 279). Because the Court did not abide by Rule 56 and the controlling *Anderson v. Liberty Lobby, Inc,* in ruling on the defendant's motion to dismiss, the judgment must be reversed. Plaintiff has identified controlling law and controlling decisions which this Court overlooked. Accordingly he has met the standard for reconsideration under Rule 59. For the reasons discussed above and upon acknowledgment of plaintiff's substantial, contrary, un-contradicted and, unimpeached evidence discussed below, the Judgment must be amended and judgment entered for the plaintiff.

**B. This Court Committed Manifest Error of Law When It Failed To Consider the Pinkerton Rule & Totality of Circumstances**

The Pinkerton rule is a judicially created doctrine that imposes liability on a conspirator for all crime or offenses committed in furtherance of the conspiracy, the rule imposes liability on the conspirator even if those offenses are actually performed by co-conspirators, (*Pinkerton v. United States*, 328 U.S. 640, 66 S.Ct 1180 (1946)). Under the totality of the circumstances test, courts focus "on all the circumstances of a particular case, rather than any one factor.

This Court deliberately did not consider plaintiff's allegations and evidence against: The Methodist Hospitals of Dallas; Ray Jackson and; the Texas Medical Board, simply because

plaintiff's claims against these defendants had been dismissed prior to its ruling on summary judgment citing L. Civ. R 7.2 (c), for its reasoning, (Doc. 274). Even if this Court were justified in ignoring plaintiff's entire brief, it cannot ignore his affidavit testimony and ***entire*** documentary evidence per Rule 56.

One becomes a member of a conspiracy by willfully participating in the unlawful plan with the intent to advance or further some object or purpose of the conspiracy, (*Pinkerton v. United States,* 328 U.S. 640, 66 S.Ct 1180 (1946)). A court need not inquire into the individual culpability of a particular conspirator, so long as the substantive crime was a reasonably foreseeable consequence of the conspiracy, (*United States v. Frost*, 914 F.2d 756, 762 (6th Cir. 1990)). As long as the defendant understands the act being planned is criminal and proceeds nonetheless, he can be charged with conspiracy, (*Ocasio v. United States,* 578 U.S. (2016)).

Even if the Court only considered the allegations and evidence against San Miguel, plaintiff's brief, testimony and evidence still establishes that San Miguel joined a pre-existing conspiracy in addition to forming an agreement with Jackson to conceal his fraud. All the necessary evidence to create issues of fact regarding all alleged members' knowledge of the conspiracy, agreement, intent to advance it and, overt acts is cited in plaintiff's statement of undisputed facts in the first six (6) pages of his brief, (Doc. 266). San Miguel does not dispute plaintiff's facts. Further, all the necessary evidence is discussed in plaintiff's affidavit, (Doc. 266).

In violation of 56 and the Pinkerton Doctrine, this Court ignored plaintiff's evidence that established an ongoing conspiracy which San Miguel joined in 2013. This Court refuses to

acknowledge the foundation for which San Miguel's knowledge and foreseeable criminal act alone establishes his liability according to *Pinkerton* and the controlling cases.

The Court's decision to make credibility determinations on the evidence submitted against only *one* alleged conspirator violates Rule 56, the Pinkerton Doctrine and, totality of circumstances test. Plaintiff has identified controlling law, decisions and evidence which this Court has overlooked. Accordingly, plaintiff meets the standard for reconsideration under Rule 59.

**C. This Court Made Manifest Errors of Fact When It Failed To Accept As True The Evidence-Based Allegations In Plaintiff's Briefs**

Plaintiff addresses the following errors of fact:

*1. "Plaintiff fails to point to any evidence establishing that Defendants agreed to commit an illegal act*", (Doc. 274 Page 13);

*2."The only facts that Plaintiff raises to support his allegations show that the Defendants conducted ordinary actions related to their representation of a client and do not establish that any defendant engaged in an illegal act",* (Doc. 274 Page 13);

*3. "Plaintiff does not point to any evidence establishing beyond peradventure that the Defendants committed any act in furtherance of a conspiracy to deprive him of equal protection*", (Doc. 274 Page 14) and;

4. "*Plaintiff's § 1985 claim also relies on unsupported assertions and does not allege sufficient facts that San Miguel conspired with anyone to deprive Plaintiff of equal protection. Plaintiff*

*fails to state a claim against San Miguel for civil conspiracy under 42 U.S.C. § 1985*", (Doc. 274 Page 10).

If there is any evidence in the record from which a reasonable inference could be drawn in favor of the non-movant on a material issue of fact, summary judgment is improper, (*Hetchkop v. Woodlawn at Grassmere, Inc.*, 116 F.3d 28, 33 (2d Cir. 1997)). Plaintiff's motion for summary judgment and response to defendant's motion are replete with factual allegations that are supported by testimony based on personal knowledge and, supported by direct and circumstantial evidence, (Docs.: 266 and; 270). In that there is no specific reference to or discussion of the evidence in the underlying record to support the Court's decision regarding the defendants' opportunity to conspire, knowledge of the conspiracy, intent to advance it, overt acts and parallel conduct, it is clear the Court overlooked plaintiff's evidence that establishes the following:

-On February 11, 2013, San Miguel notified Barbara Jordan that he had been retained by the plaintiff, On February 11, 2013, Jordan emailed San Miguel a Rule 11 agreement regarding extension of discovery for TMB Legal No. 11-0141/SOAH DOCKET #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; On February 12, 2013, San Miguel emailed discovery to Jordan and requested information on the Agreed Order which was offered by the TMB, On February 14, 2013, Jordan emailed the Agreed Order to San Miguel; On February 19, 2013, Jordan emailed San Miguel a copy of the order granting Summary Disposition, [Exhibit C II: *San Miguel's Motion To Appeal Summary Judgment Disposition For TMB Legal No. 11-0141/SOAH DOCKET # 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*] and; [Attachment 15: *San Miguel's Forwarded Message Re: Email Exchange With Jordan*], (Doc. 270 Pages 3- 4);

-On November 11, 2018, San Miguel stated to this Court that he never had any communication with Barbara Jordan about plaintiff's legal proceedings, (Doc. 265);

-San Miguel had knowledge of the goal to obstruct plaintiff's proceedings shown by his refusal to obtain the medical records, despite plaintiff's repeated requests: [Attachment 1: *San Miguel's March 13, 2017, Email Regarding Discovery of Jackson's Efforts For TMB Legal No. 10-5774*], (Doc. 266 Page 12);

-Jackson and the hospital functioned together as a continuous decision-making unit for Civil Action 3:11-CV-0017-B, from January 2011, to April 2012, submitting to the Court: a joint motion to forego mediation on February 3, 2012, and a joint status report on February 10, 2011: [Exhibit T II: *Jackson's February 3, 2012, Agreed Motion to Forego Mediation for Civil Action No. 3:11-CV-0017-B*], (Doc. 266 Page 8);

-Jackson had knowledge of the goal to obstruct plaintiff's proceedings shown by his awareness of plaintiff's audio recording that he did not utilize for Civil Action 3:11-CV-0017-B, TMB Legal No. 10-5774, TMB Legal No. 11-0141; awareness of the Texas Workforce Commission's decision that he did not utilize for Civil Action 3:11-CV-0017-B, TMB Legal No. 10-5774, TMB Legal No. 11-0141; knowledge of and copying of plaintiff's complaint to the DIO which refuted the hospital's affidavits that Jackson did not utilize for Civil Action 3:11-CV-0017-B, TMB Legal No. 10-5774, TMB Legal No. 11-0141, which he did not send plaintiff when stating that he sent plaintiff his entire file: [Doc 94]; [Exhibit P: *Texas Workforce Commission Disposition Regarding Plaintiff's Employment Termination*]; [Exhibit B: *Plaintiff's November 2009 Letter to DIO Complaining of Individual Harassment*]; [Exhibit Q: *August 2013 Email From Jackson Regarding: "Entire File"*], (Doc. 266 Page 12);

-The hospital had knowledge of the conspiracy to discriminate against plaintiff in the terms of his employment, deny him of his ability to obtain board eligibility and board certification in Internal Medicine, deny his ability to enter into his contract to be trained in Sports Medicine and Pain Intervention and, to sanction his medical license: [Exhibit A: *Transcript of Audio Recording From Plaintiff's GMEC Hearing May 20, 2010*]. There is no specific reference to plaintiff's evidence showing the hospital's knowledge of the conspiracy to obstruct plaintiff's legal proceedings: [Exhibit: A]; [Exhibit I: *MHD's Affidavits for Civil Action No. 3:11-CV-0017-B and , TMB Legal No. 11-0141*]; [Exhibit P] and; [Exhibit S: *Plaintiff's May 20, 2010, Suspension Letter*], (Doc. 266 Page 11);

-Whiting received constructive notice that the hospital had no objective evidence to support its "original" reasons for firing the plaintiff and that he was wrongfully terminated, [Exhibit P].

-Plaintiff discussed his audio recording with Whiting during his deposition for Civil Action 3:11-CV-0017-B, in November 2011, [Doc. 256];

-Jackson gave Whiting a copy of the recording after plaintiff's deposition, [Doc. 256];

-The individual board members had knowledge of the conspiracy to sanction plaintiff's medical license and deny him the right to fair and impartial hearings: [Exhibit P]; [Exhibit F II: *The Texas Medical Board's 8/1/13 Letter To Plaintiff Instructing Him To Wait For An Update*,] (Doc. 274 Page 13); [Attachment 3: *TMB's Physician Profile For Plaintiff*]; [Attachment 13: *Plaintiff's Reliance of TMB 8/1/13 Letter*]; [Attachment 6: *Plaintiff's Attempts To Re-schedule Hearing and Submit Evidence For TMB Legal No. 14-0096*]; [Attachment 14: *Plaintiff's Requests For Clarification Re: TMB Legal No. 14-0096*]; [Exhibit E II: *Plaintiff's*

*NYOPMC #CO-13-07-3474-A Appearance*]; [Attachment 3]; [Attachment 10: *Plaintiff and Board's Emails Re: Conference for Motion For Protection*]; (Doc. 243) and; (Doc. 248), (Doc. 266 Page 13);

-San Miguel used the wires to deter plaintiff from pursuing the medical records/pager records on February, 21, 2013, when he told plaintiff the medical record/page records issue was *secondary*: [Exhibit A II: *San Miguel's February 2013 Emails regarding Phone Call With Jackson*], (Doc. 266 Pages 24-25);

-San Miguel, later the same day, used the wires to lull plaintiff into believing the medical records issue was now *primary* and San Miguel was going to conduct discovery for plaintiff's proceeding when in fact he did not: [Attachment 8: *Plaintiff/San Miguel's Emails Regarding Evidence*] and; [Attachment 12: *San Miguel's Answer to Plaintiff's Request For Admissions*] (Doc. 266 Pages 25- 26);

-San Miguel told plaintiff time was "so short" to file a motion for rehearing four months before the proceeding was resolved: [Exhibit A II], (Doc. 266 Pages 24-25);

-San Miguel used the wires to deter plaintiff from pursuing information about Jackson's fraud when told the plaintiff he had "no idea" what Jackson did: [Exhibit A II], (Doc. 266 Pages 29-30);

-San Miguel used the wires to make a promise to plaintiff that he would attend the final board hearing for TMB Legal No. 11-0141, and provide plaintiff with an update when San Miguel did neither: [Exhibit L II: *Oscar's 3/19/13 Email Regarding TMB Final Hearing*] and; [Exhibit B II: *Plaintiff's Email to San Miguel Regarding Final Arguments*], (Doc. 266 Pages 27 – 28);

-On November 11, 2018, San Miguel stated to this Court that he never had any communication with Barbara Jordan about plaintiff's legal proceedings, (Doc. 265);

-San Miguel committed an affirmative act after the filing date for this action to continue concealing facts about his opportunity to conspire with Jordan: [Exhibit C II]; [Attachment 15] and; (Doc. 265), (Doc. 270 Pages 3- 4);

-Jackson used the wires to conceal the hospital's affidavits from the plaintiff for the first lawsuit: [Exhibit H: *Jackson's February 18, 2012, Email To Plaintiff Re: MHD Motion For Summary Judgment*], (Doc. 266 Page 16);

-Jackson submitted a forged affidavit for the first lawsuit: [Exhibit L: *Plaintiff's February 20, 2012, Email Response To Jackson Re: MHD's Motion for Summary Judgment*]; [Exhibit T: *Resident Physician Agreement*]; [Exhibit AIII: *Cristal Cienfuegos' March 2016 Response To Plaintiff's Request for Record Book Entry For Affidavit Jackson Submitted For Civil Action No. 3:11-CV-0017-B*]; [Exhibit G III: *Affidavit Submitted By Ray Jackson on March 2, 2012, For Civil Action No. 3:11-CV-0017-B*] and; [Doc. 97], (Doc. 266 Page 18);

-Jackson made a false promise of compromise for the first lawsuit: [Exhibit L]; [Exhibit T II: *Jackson's February 3, 2012, Agreed Motion To Forego Mediation For Civil Action No. 3:11-CV-0017-B*] and; [Attachment 11: *Jackson's Response To Plaintiffs Second Request For Admissions*], (Doc. 266 Page 14);

-Jackson concealed the TMB's request for mediation for TMB Legal No. 11-10141, from the plaintiff: [Exhibits M and; J II], (Doc. 266 Page 19);

-Jackson used the mail to make a false statement to withdraw from representing plaintiff for TMB Legal No. 11-0141: [Exhibit M: *The Texas Medical Board's Request for Mediation for TMB Legal No. 11-0141*]; [Exhibit I II: *Jackson's Motion To Withdraw From TMB Legal No.11-0141*]; [Exhibit J II: *Plaintiff's State Bar Complaint*] and; [Attachment 9: *Plaintiff's September 2012 Attempt To Meet With Jackson*], (Doc. 266 Pages 20-21);

-Jackson concealed the disposition of TMB Legal No. 10-5774, from the plaintiff: [Doc. 256]; [Exhibit J II]; [Attachment 9]; [Attachment 3: *TMB's Physician Profile For Plaintiff*] and; [Exhibit F II: *TMB 8/1/13 Letter Instructing Plaintiff To Wait For An Update*], (Doc. 266 Pages 20- 22);

-Jackson used the wires to conceal plaintiff's entire file from his legal proceedings: [Exhibit Q] and; [Exhibit B], (Doc. 266 Page 23);

-The hospital submitted false affidavits to this Court and TMB for his legal proceedings: [Exhibit A]; [Exhibit B: *Plaintiff's November 2009 Letter to DIO Complaining of Individual Harassment*]; [Exhibit I]; [Exhibit P:]; [Exhibit R: *TMB June 2013 Final Order*]; [Exhibit S] and; [Exhibit Y: *Rivera's Email To Hunter Re: Plaintiff's Request For GMEC Hearing*], (Doc. 266 Pages 31 – 35);

-The hospital and Whiting used the mail to intentionally delay Civil Action 3:14-CV-02958-B: [Exhibit K II: *Whiting's Letter To Delay Civil Action 3:14-CV-02958-B*], (Doc. 266 Page 36);

-The board members used the mail to make a false promise to update plaintiff on TMB Legal No. 10-5774: [Exhibit F II], (Doc. 266 Pages 37 - 38);

-The board members removed information about TMB Legal No. 10-5774, from the public record: [Attachment 3], (Doc. 266 Page 37);

-The board members initiated a sham board proceeding against plaintiff accusing him of failing to respond to requests for information during the time when the board itself instructed plaintiff to wait for an update: [Exhibit F II]; [Exhibit C III: *Jordan's 2013 Letter Re: ISC for TMB Legal No. 14-0096*]; [Exhibit D III: *Plaintiff's SOAH Appearance*] and; [Attachment 3], (Doc. 266 Page 39);

-The board members sent plaintiff wired communications for the sham legal proceeding the year before it officially started: [Exhibits: C III and; D II], (Doc. 266 Pages 40-41);

-The board members made false statements to initiate proceedings against plaintiff before other agencies: [Exhibit D III] and; [Exhibit E II], (Doc. 266 Page 39);

-The board members used the wires and mail to place a burden on plaintiff's right to have a subpoena issued: [Attachment 2: *Jordan's Email Re: Plaintiff's Subpoena Request*] and; [Exhibit E III: *Freshour's Denial of Plaintiff's Subpoena*], (Doc. 266 Pages 45 - 47) and;

-The board members used the wires to commit an affirmative act to continue concealing the names of the individuals who fraudulently accused plaintiff of violating Texas Medical Practice Act for TMB Legal No. 14-0096: [Attachment 10: *Plaintiff and Board's Emails Re: Conference For Motion For Protection*], (Doc. 266 Pages 48 - 49).

In summarily dismissing plaintiff's motion, the court failed to accept the foregoing factual allegations as true. It ignored the relevant and cumulative circumstantial evidence that proves by inference the defendants formed an agreement. The Court ignored direct evidence of

the defendants' intent to advance the conspiracy and parallel conduct. There were no innocent explanations offered to rebut plaintiff's evidence or his undisputed facts, (Doc. 265). Further, the Court also ignored the record where San Miguel attempted to hide his guilt by stating that he never talked to Jordan about plaintiff's proceedings, (Doc. 265). This undeniably false statement should have only increased the persuasiveness of the rest of plaintiff's evidence of an agreement and fraudulent acts pushing all evidence beyond the "threshold" for sufficiency determination. The Court should have, at minimum, followed Rule 56 and allowed the jury to decide the facts**.** Acknowledgment of the foregoing evidence would affect the outcome of the case and is material to the court's conclusions.

Plaintiff has identified: part of the record and; material, substantive, cumulative, self-authenticating and, contrary evidence relevant to the question of an agreement to commit overt and parallel acts among the defendants that this Court has overlooked. Accordingly plaintiff meets the standard for reconsideration under Rule 59.

**2. Legal Standard For Rule 52 (b)**

The purpose of Rule 52(b) is to allow for supplementing the court's findings, correcting manifest errors of law or fact or, in limited circumstances, presenting newly discovered evidence—but not re-litigating old issues or advancing new theories of law, (*Fontenot v. Mesa Petroleum Co*., 791 F.2d 1207, 1219 (5th Cir. 1986)). The purpose of the motion is to correct, clarify or amplify the findings so that the appellate court will have a thorough understanding of the factual basis of the trial court's decision, (*United States v. Local 1801-1, International Longshoremen's Assn*. 831 F. Supp. 167, 169 (SDNY, 1993)). The bases for a motion to add or

amend findings could include incomplete findings, (*Glaverbel Societe Anonyme v. Northlake Mktg. & Supply*, 45 F.3d 1550, 1555-56 (Fed. Cir. 1995).

An appellate court may consider only the record as it was made before the district court, (*Ballard Med. Prods. v. Wright*, 821 F.2d 642, 643, 5 U.S.P.Q.2d 1223,1223 (Fed. Cir. 1987). Thus, the basic rule is that an issue or argument not briefed and argued cannot be entertained for the first time on appeal, (*Boone v. Chiles*, 35 U.S. 177, 208 (1836). Therefore, plaintiff also files this motion pursuant to Rule 52 (b), requesting the Court make additional findings regardless of whether or not granting plaintiff's motion would alter the judgment. There can be no dispute that the recommendation and order from this Court have no specific reference to or, discussion of the evidence submitted by plaintiff, (Docs.: 274 and; 279). Supplementation is necessary.

Plaintiff incorporates the foregoing paragraphs: 1.) To demonstrate the clear errors of law and fact in this Court's judgment and; 2.) To show the findings are incomplete and require supplementation. For purposes of appeal, plaintiff requests clarification and discussion whether the evidence discussed above is sufficient and relevant to the question of whether the defendants agreed to commit overt acts to obstruct plaintiff's legal proceedings. In consideration of the parties' undisputed facts, (Doc. 266), plaintiff avers that the evidence is substantial and reasonably establishes his theory of liability.

Since the judge, and not the jury, made the factual findings in this case, plaintiff also requests a recitation of the *undisputed* facts in order to set the stage for its ruling. Because there is no specific reference to the evidence, plaintiff is unable to determine the thought process and reasoning behind the judgment. For example, the Court makes the finding: *"A lawyer receives information about his client in the ordinary course of representation"*, when discussing the

"ordinary" actions of San Miguel, (Doc 274. Page 13). Plaintiff is unaware if this conclusion is based on: Exhibit A II; Exhibit F II; Exhibit C II; Attachment 15 or; all of the above.

If the court concluded that San Miguel talked to Jackson and ***received*** information, from "Exhibit A II", then plaintiff requests it clarify how San Miguel's statement in "Exhibit A II" that he had "no idea" what Jackson did is not fraudulent or reckless. Subsequently, plaintiff requests clarification on how the remaining statements made by San Miguel in "Exhibit AII" are not either fraudulent or reckless since the exhibit is admissible and uncontested.

Plaintiff cited: Exhibit F II, regarding the medical board to show that the individual board members had knowledge of the conspiracy to sanction plaintiff's medical license and to deny him the right to fair and impartial hearings, (Doc. 266 Page 13), as well as, to demonstrate the board members used the mail to make a false promise to update plaintiff on TMB Legal No. 10-5774, (Doc. 266 Pages 37 - 38). If the Court concluded that the plaintiff and San Miguel ***received*** the stated letter regarding TMB Legal No. 10-5774, then plaintiff requests clarification on how the board's statement regarding TMB Legal No. 10-5774, in June 2013, was not fraudulent or reckless and comment on the removal of information about TMB Legal No. 10-5774, from plaintiff's physician profile [Attachment 3], for the overt act analysis. Plaintiff is unaware if the Court also concluded that the hospital did, in fact, start at least two board proceedings against the plaintiff: one before the determination made by the Texas Workforce Commission, (TMB Legal No. 10-5774), and; one after, (TMB Legal No. 11-0141). Such factual findings stemming from San Miguel's ***receipt*** of information would support the factual allegation that San Miguel joined a pre-existing conspiracy to sanction plaintiff's medical license.

Regarding [Exhibit C II] and [Attachment 15], it is unclear if the Court has found that San Miguel talked to Jordan about plaintiff's legal proceedings and ***received*** information. If so, then plaintiff requests the Court reconcile that conclusion with the Rule 11 argument in plaintiff's response brief where plaintiff established that San Miguel used his law firm to deny the occurrence of this exchange of information and opportunity to conspire, (Doc. 270).

This Court has selected, in its mind and without informing the plaintiff, only that evidence which favors its ultimate conclusion and did not confront the evidence that contradicts its factual and legal conclusions. The Court did not explain why plaintiff's substantive and contrary evidence was insufficient and irrelevant to the issue of whether the defendants agreed to commit overt and parallel acts to obstruct his legal proceedings. The Court did not sufficiently articulate its assessment of the contrary evidence to assure a reviewing court that it considered it, (Doc. 279). With the current record, plaintiff and a reviewing court cannot trace the path of its reasoning because there is no accurate and logical bridge from the ***entire*** evidence to its conclusions. If the Court denies plaintiff's motion for reconsideration, then plaintiff, in the alternative, requests the Court make additional findings of fact and conclusions of law on the contrary evidence and recite the undisputed facts for purposes of his appeal. The current findings and conclusions lack evidentiary support. Discussion of the issues is incomplete and the judgment fails to account for all dispositive factual matters. The parties' undisputed facts and, the additional facts and conclusions about the evidence discussed herein would affect the outcome of the case because it is material to the question of whether the defendants formed an agreement to commit overt and parallel acts.

## II. CONCLUSION

Plaintiff has identified manifest errors of law and manifest errors of fact to support his Motion to Alter or Amend Judgment Pursuant to Rule 59 (e), or to Make Additional Findings of Fact and Law Pursuant to Rule 52 (b), in the alternative. Therefore, the motions must be granted. It is imperative that this Court render a just decision on the basis of controlling law, all the facts and, all the evidence. Since plaintiff's evidence is sufficient and relevant to support each element of his claim, it should have been submitted to the jury. Since San Miguel did not offer any rebuttal evidence, point out any deficiencies in plaintiff's evidence or dispute plaintiff's facts, summary judgment should have been entered for the plaintiff

## III. <u>RELIEF SOUGHT</u>

Plaintiff respectfully requests that this Court: reconsider and grant his motion for summary judgment; deny Defendant's motion for summary judgment and; grant Plaintiff any and all relief to which he may be entitled. In the alternative, Plaintiff requests the Court provide specific analysis and discussion of the substantive and contrary evidence discussed herein, its reason for finding it insufficient and, requests a recitation of *undisputed* facts so that plaintiff and the appellate court will have a thorough understanding of the factual basis of the trial court's decision.

## IV. <u>PRAYER</u>

Plaintiff prays that this Court's January 29, 2019, order be reversed and judgment be entered for the Plaintiff.

Respectfully Submitted,

/s/Jason Simmons

Jason Simmons-Pro Se Plaintiff

100 Briar Heath Cir.

Dayton, OH 45415

## V. CERTIFICATE OF CONFERENCE

I hereby certify that I conferred with the attorneys on record for the defendants regarding Plaintiff's Motion to Alter or Amend Judgment Pursuant to Rule 59, or to Make Additional Findings of Fact and Law Pursuant to Rule 52, in the alternative on February 1, 2019. Defendant, San Miguel and The Methodist Hospital of Dallas are opposed. The other Defendants are aware.

/s/Jason Simmons

Jason Simmons-Pro Se Plaintiff

100 Briar Heath Cir.

Dayton, OH 45415

## VI. CERTIFICATE OF SERVICE

On this 7th Day of February, 2019, I hereby certify that I filed the foregoing document with the Clerk of the United States District Court for the Northern District of Texas, Dallas Division. The electronic case filing system sent a "Notice of Electronic Filing" to the following attorneys of record:

**NOTICE OF ELECTRONIC FILING**: A Notice of Electronic Filing will be sent by operation of the ECF system to the following ECF registrants: Via email to: 3:15-cv-01700-S-BT Notice has been electronically mailed to:

Alison H Moore amoore@thompsoncoe.com, vcaldwell@thompsoncoe.com,

Ray Jackson rjackson@jacksonfirm.net,

Sean C Urich sean.urich@ogletreedeakins.com, lori.demoss@ogletree.com,

Eric AHudson eric.hudson@oag.texas.gov, jean.reich@oag.texas.gov, merry.smith@oag.texas.gov,

Oscar San Miguel Oscar@osmlaw.com,

Stephanie Johnson Manning stephanie.manning@ogletree.com, barbara.denny@ogletree.com,

Jason Simmons jsimmsmd@gmail.com

/s/ Jason Simmons

Jason Simmons-Pro Se Plaintiff

100 Briar Heath Cir.

Dayton, OH 45415