**IN THE UNITED STATES DISTRICT COURT**

**FOR THE NORTHERN DISTRICT OF TEXAS**

**DALLAS DIVISION**

| | | |
|---|---|---|
| **JASON SIMMONS** | **§** | |
| **Plaintiff,** | **§** | |
| | **§** | |
| **vs.** | **§** | **Civil Action No. 3:15-CV-1700-S-BT** |
| | **§** | |
| **RAY JACKSON,** | **§** | |
| **METHODIST HOSPITALS OF DALLAS,** | **§** | |
| **OSCAR SAN MIGUEL,** | **§** | |
| **TEXAS MEDICAL BOARD,** | **§** | |
| **Defendants.** | **§** | |

**PLAINTIFF'S REQUEST TO FILE AN AMENDED AFFIDAVIT IN SUPPORT OF PLAINTIFF'S MOTION TO ALTER OR AMEND JUDGMENT PURSUANT TO RULE 59 OR TO MAKE ADDITIONAL FINDINGS OF FACT PURSUANT TO RULE 52(b) IN THE ALTERNATIVE AND BRIEF IN SUPPORT**

**NOW COMES**, Jason Simmons, "Plaintiff," respectfully request the Court for leave to file an amended affidavit in support of his Motion to Alter or Amend Judgment Pursuant to Rule 59, or to Make Additional Findings of Fact and Law Pursuant to Rule 52 (b), in the alternative, filed on February 7, 2019, (Doc. 282), in the above referenced case. In support of the request, plaintiff shows as follows:

## I. ARGUMENTS & AUTHORITIES

In dismissing plaintiff's complaint, the Court found *Plaintiff fails to point to any evidence establishing that Defendants agreed to commit an illegal act*, (Doc. 274 Page 13) and, *Plaintiff does not point to any evidence establishing beyond peradventure that the Defendants committed any act in furtherance of a conspiracy to deprive him of equal protection,* (Doc. 274)."

The Court did not notify plaintiff of any deficiencies in his previous affidavits, (Doc. 274). Plaintiff's affidavits in support of his motion for summary judgment were made in writing under oath before an authorized officer, made on his personal knowledge, attempted to set out facts that would be admissible in evidence and, showed that he was competent to testify on the matters stated, (Docs. 256 and; 271). Despite the previous affidavits meeting the requirements set forth in *Sfakianos v. Shelby County Government*, the format apparently confused the Court and caused it to determine plaintiff does not point to any evidence to support his claim, (Doc. 274).

Plaintiff submits this amended affidavit to assist the Court in correcting mistakes of fact in its assessment of his testimony and evidence. The amended affidavit contains corrections to the previous affidavits' format. With the amended affidavit, plaintiff is not attempting to advance arguments that properly should have been presented in the earlier proceeding or reformulate them. Plaintiff is not attempting to add new allegations, evidence or, facts. Plaintiff is not attempting to change the substance of his claim. Here, San Miguel did not object to plaintiff's statement of undisputed facts or object to plaintiff's previous affidavits, (Doc. 265).

It is settled law among federal and state courts that testimony to which no objection is made may be considered by the trier of fact; an analogous rule applies to testimony provided within an affidavit, whereby improper affidavits may be considered by the court on motion for summary judgment where counsel raises no objections, (*Klingman v. Nat'l Indem. Co.*, 317 F.2d 850, 854 (7th Cir. 1963). In the absence of a motion by counsel opposing admissibility of an improper affidavit, formal defects within the affidavit ordinarily are waived, (*Auto Drive-Away Co. of Hialeah*, 360 F.2d 446 at 449). On the question whether a trial court should consider a defective affidavit introduced in support of a motion for summary judgment and not objected to by the opposing party, we have consistently held that a failure to object constitutes a waiver of

the right to object to the affidavit and that in the absence of an objection the trial court may properly consider such an affidavit, even if an objection alleging the particular defect would clearly have been proper, (*Lennon v. Petersen*, 624 So.2d 171 (Ala.1993)).

Accordingly, San Miguel has waived any potential defects regarding the admissibility of the testimony and evidence in plaintiff's initial affidavits and the Court may consider them. The amended affidavit contains no additional facts, arguments or evidence and San Miguel will not be prejudiced by it. Allowing plaintiff to amend his affidavit is supported by: FRCP 8(e); FRCP 56(e) (1); *Conley v Gibson* and; The Haines Rule. The amended affidavit will assist the Court in deciding this case on its merits and undisputed facts.

## II. CERTIFICATE OF CONFERENCE

I hereby certify that I conferred with the attorneys on record for the defendants regarding Plaintiff's request for leave to file an amended affidavit in support of his Motion to Alter or Amend Judgment Pursuant to Rule 59, or to Make Additional Findings of Fact and Law Pursuant to Rule 52 (b), in the alternative, on February 18, 2019. As of February 26, 2019, the Defendants did not respond and therefore, Plaintiff files the request as opposed.

/s/Jason Simmons
Jason Simmons-Pro Se Plaintiff
100 Briar Heath Cir.
Dayton, OH 45415

## III. CERTIFICATE OF SERVICE

On this 27th Day of February, 2019, I hereby certify that I filed the foregoing document with the Clerk of the United States District Court for the Northern District of Texas, Dallas Division. The electronic case filing system sent a "Notice of Electronic Filing" to the following attorneys of record:

**NOTICE OF ELECTRONIC FILING**: A Notice of Electronic Filing will be sent by operation of the ECF system to the following ECF registrants: Via email to: 3:15-cv-01700-S-BT Notice has been electronically mailed to:

Alison H Moore amoore@thompsoncoe.com, vcaldwell@thompsoncoe.com,

Ray Jackson rjackson@jacksonfirm.net,

Sean C Urich sean.urich@ogletreedeakins.com, lori.demoss@ogletree.com,

Eric AHudson eric.hudson@oag.texas.gov, jean.reich@oag.texas.gov, merry.smith@oag.texas.gov,

Oscar San Miguel Oscar@osmlaw.com,

Stephanie Johnson Manning stephanie.manning@ogletree.com, barbara.denny@ogletree.com,

Jason Simmons jsimmsmd@gmail.com

/s/ Jason Simmons

Jason Simmons-Pro Se Plaintiff

100 Briar Heath Cir.

Dayton, OH 45415