**IN THE UNITED STATES DISTRICT COURT**

**FOR THE NORTHERN DISTRICT OF TEXAS**

**DALLAS DIVISION**

| | | |
|---|---|---|
| **JASON SIMMONS** | **§** | |
| **Plaintiff,** | **§** | |
| | **§** | |
| **vs.** | **§** | **Civil Action No. 3:15-CV-1700-S-BT** |
| | **§** | |
| **RAY JACKSON,** | **§** | |
| **METHODIST HOSPITALS OF DALLAS,** | **§** | |
| **OSCAR SAN MIGUEL,** | **§** | |
| **TEXAS MEDICAL BOARD,** | **§** | |
| **Defendants.** | **§** | |

**PLAINTIFF JASON SIMMONS' AMENDED AFFIDAVIT IN SUPPORT OF MOTION FOR SUMMARY JUDGMENT**

**BEFORE ME**, the undersigned notary public, on this day personally appeared Plaintiff, Jason Simmons, here, being by me duly sworn on oath stated as follows:

1. "I am the Plaintiff in this matter, and as such have personal knowledge of the facts hereinafter deposed to.
2. This amended affidavit is submitted in support of my Motion for Summary Judgment.
3. I submit this amended affidavit to assist the Court in correcting mistakes of fact in its assessment of my testimony and evidence.
4. The amended affidavit includes additional details to cite the documentary evidence to support my Motion for Summary Judgment.
5. I reaffirm the statements of fact contained in the affidavit filed with the Court on October 23, 2018, (Doc. 256), and, the affidavit filed with the Court on December 11, 2018, (Doc. 271).
6. My amended affidavit merely clarifies the factual recitations set forth in my previous affidavits and does not contradict the statements in those affidavits used to support my Motion for Summary Judgment submitted on November 19, 2018, (Doc. 266).
7. The amended affidavit is enumerated for greater clarity. It clarifies the ambiguity arising from the omission of certain details in my previous affidavits: 1.) In paragraphs 15 - 123, I provide the statement, "*Attached hereto is a true ad correct copy of…*" to direct the Court to which items of my documentary evidence supports my factual allegations and 2.) In paragraphs: 44;61;62;70;81;86;88;89;95;98;114;118;119;124 I provide the statement, "*Formerly labeled Attachment…*", where I re-label the associated evidence as an "*Exhibit*."

8. In paragraphs 131-143, I also provide greater detail to inform the Court of the source of my evidence.
9. My amended affidavit comports with all of the other evidence in the case, as well as with my earlier sworn statements.
10. My name is Jason Simmons, I am over the age of twenty-one (21) years, of sound mind, and suffer no legal disability to incapacitate me from making this affidavit.
11. I have personal knowledge of, and I am personally acquainted with the facts herein stated, and they are true and correct.
12. I further state that I am competent to testify to the matters and opinions set out in this affidavit as I was: the resident medical doctor fired by the Methodist Hospitals of Dallas in May 2010; I was the Plaintiff for Civil Action No. 3-11-CV-0017-B, Civil Action No. 3-14-CV-02958-B, and Civil Action 1:17-CV-794-SS, in Federal Court; I was the Respondent for TMB Legal No. 10-5774, TMB Legal No. 11-0141, and TMB Legal No. 14-0096, before the Texas Medical Board and; I am the Plaintiff for the current cause against Ray Jackson, Oscar San Miguel, Barbara Jordan, the Methodist Hospitals of Dallas and the Texas Medical Board:
13. I was employed as an internal medicine resident for the Methodist Hospitals of Dallas from June 2007 to May 2010.
14. The hospital offered me an employment position as an internal medicine resident via the "RESIDENT PHYSICIAN AGREEMENT" in June of 2007.
15. I accepted the offer of employment, signing on page 9 of the agreement on June 17, 2009. Attached hereto as Exhibit "T" is a true and correct copy of the signature page of the RESIDENT PHYSICIAN AGREEMENT I had with the hospital.
16. The agreement was also signed by the hospital. I was given a copy of the agreement on the date that I signed it. The agreement was renewed in June 2008, and, again, in June 2009.
17. During my employment with the hospital, I received money in return for my services as a resident. Attached hereto as Exhibit "U" is a true and correct copy of a pay stub I received from the hospital.
18. I requested a meeting with the hospital's GMEC before May 11, 2010, to discuss my inability to do a Rheumatology rotation like the peers in my class; individual harassment I received from the Internal Medicine Residency Faculty and; Dr. Leigh Hunter's refusal to grant me two weeks of vacation.
19. On May 11, 2010, Dr. Manuel Rivera, the hospital's Designated Institutional Official for the ACGME, wrote an email to Dr. Leigh Hunter informing her that I requested the meeting. The DIO cc'd me a copy of the email. Attached hereto as Exhibit "Y" is a true and correct copy of the email I received from Dr. Rivera on May, 11, 2010.
20. I was subjected to a disciplinary hearing by the hospital's GMEC on May 20, 2010. During the hearing, I was given a letter outlining the reasons for why I was being

subjected to discipline. Attached hereto as Exhibit "S" is a true and correct copy of the suspension letter I received from the hospital.

21. My hospital privileges were revoked during the hearing. I made an audio recording of the disciplinary hearing. Attached hereto as Exhibit "A" is a true and correct copy of the transcript from the May 20, 2010 GMEC Hearing.
22. The hospital reported its findings against me to the Texas Medical Board to initiate TMB Legal No. 10-5774, in 2010.
23. I hired Attorney, Ray Jackson, to file suit against the hospital and represent me before the medical board. I was fired from the hospital after the hospital's CEO upheld the GMEC findings in July 2010. Attached hereto as Exhibit "X" is a true and correct copy of the letter I received from the hospital's CEO regarding my employment in July 2010.
24. I had completed 35 out of 36 months of residency training before being fired. I was the only medical resident in my class to be fired.
25. After being fired from residency, I was unable to enter into my fellowship contract with John Peter Smith Hospital to train in Sports Medicine and Pain Intervention. The NRMP sent me a letter confirming I could not enter fellowship training. Attached hereto as Exhibit "W" is a true and correct copy of the letter I received from the NRMP in July 2010.
26. The Texas Workforce Commission granted me unemployment benefits in 2010, despite the hospital's appeal, TWC Appeal No. 1380840-1-3, Attached hereto as Exhibit "P" is a true and correct copy of the Texas Workforce Commission's decision regarding my employment termination from the hospital.
27. The Texas Workforce Commission found that I had been wrongfully terminated by the hospital.
28. I gave Jackson a copy of the November 2009 letter I wrote to Dr. Rivera complaining of individual harassment. Jackson made a copy of the letter in October 2010. Attached hereto as Exhibit "B" is a true and correct copy of the November 2009 letter I wrote to Dr. Rivera complaining of individual harassment.
29. Jackson filed suit against the hospital on my behalf on January 4, 2011.
30. I had a deposition for my lawsuit in November 2011. Simon D. Whiting, the attorney for the hospital, took my deposition. During the deposition, I told him about my audio recording of the GMEC hearing. Jackson gave Whiting a copy of my audio recording after the deposition.

31. On February 3, 2012, the hospital, Whiting, and Jackson made a joint agreement to forego mediation for Civil Action No. 3:11-CV-0017-B. I did not know about the agreement before it was made and I never told Jackson to forego mediation for the lawsuit.
32. On February 18, 2012, Jackson emailed me to tell me that the hospital filed a motion for summary judgment. Attached hereto as Exhibit "H" is a true and correct copy of the February 18, 2012, email I received from Jackson.
33. The February 18, 2012, email did not include a copy of the hospital's affidavits it filed with the motion. Attached hereto as Exhibit "I" is a true and correct copy of the affidavits the hospital submitted for Civil Action 3:11-CV-0017-B.
34. I emailed Jackson in response on February 20, 2012, stating: "*Has the date of mediation been changed? I cannot attend on the 9th. Whatever the date is I'd like to know asap so I don't have to spend too much on a plane ticket*", Attached hereto as Exhibit "L" is a true and correct copy of the February 20, 2012, email I sent to Jackson.
35. It was my understanding at the time the case was still moving forward and there were still plans to mediate. I assumed the hospital wanted to mediate because of all the evidence I gave to Jackson to prove my case.
36. On March 2, 2012, Jackson submitted an affidavit to the court in response to the hospital's motion for summary judgment. Attached hereto as Exhibit "G III" is a true and correct copy of the affidavit Jackson submitted for Civil Action 3:11-CV-0017-B.
37. I did not make the affidavit nor did I sign it. I was in New York during the time that it was signed.
38. The court granted the hospital's motion for judgment for Civil Action No. 3:11-CV-0017-B, on April 26, 2012. Jackson did not tell me about the Court's decision. The only way I found out was by looking at my case online.
39. When I called Jackson on the phone in May 2012, Jackson told me the judge stated the hospital was allowed to make mistakes in accusing me of writing unauthorized orders and failing to return pages.
40. I emailed Jackson and asked that he send me a copy of the judge's decisions for the case, Attached hereto as Exhibit "O" is a true and correct copy of the June 4, 2012, email I sent Jackson asking about the alleged "mistakes" the hospital was permitted to make.
41. Jackson never sent me the information.

42. After the phone call in May 2012, Jackson began refusing to communicate with me. I contacted the State Bar of Texas in June 2012, in effort to get Jackson to talk to me about my cases. Attached hereto as Exhibit "J-II" is a true and correct copy of the correspondence I received from the State Bar following my complaint against Jackson.
43. Even after I contacted the state bar, I continued to try to arrange meetings with Jackson via his secretary, Cristal Cienfuegos. She told me that I could meet with Jackson in September 2012.
44. When I tried to confirm the meeting with Jackson he wrote to me stating: ", "*You realize that you filed a grievance against me with the state bar?*", Attached hereto as Exhibit "O III" (formerly labeled Attachment 9), is a true and correct copy of the September 26, 2012, email I received from Jackson.
45. Jackson refused to meet with me. Instead, he withdrew from representing me before the medical board on October 8, 2012. Attached hereto as Exhibit "I-II" is a true and correct copy of Jackson's motion to withdraw from TMB Legal No. 11-0141.
46. I was not aware of Jackson's intent to withdraw before he sent the letter of withdrawal to the medical board and SOAH. Jackson did not send me a copy of the letter of withdrawal before he filed it. The State Bar ultimately did not force Jackson to communicate with me.
47. The hospital initiated TMB Legal No. 11-0141, against me sometime in 2011. Barbara Jordan represented the board for TMB Legal No. 11-0141.
48. Jackson never told me when or how TMB Legal No. 10-5774, ended. When TMB Legal No. 11-0141, began, I did not know that Jackson did not request discovery of the medical records from the hospital, did not depose my witnesses nor, admit my evidence while representing me for TMB Legal No. 10-5774**.**
49. Jackson did not inform me of the Texas Medical Board's request for mediation made before June 4, 2012. Attached hereto as Exhibit "M" is a true and correct copy of the Texas Medical Board's request for mediation made before June 4, 2012.
50. Jackson withdrew from representing me before the medical board in October 2012. I was unaware that Jackson was supposed to give me time to find new counsel and inform me of all pending proceedings before withdrawing.
51. I met with Barbara Jordan for my deposition for TMB Legal No. 11-0141, in December 2012. During the deposition, I informed her that I was not living or practicing medicine in Texas. I also gave her a copy of the vacation contract that I made with members of the hospital's Internal Medicine Residency Department just before I was fired. Attached

hereto as Exhibit "J" is a true and correct copy of the vacation contract I formed with the hospital on May 14, 2010.

52. I hired Attorney, Oscar San Miguel to represent me for TMB Legal No. 11-0141, in February 2013.
53. San Miguel contacted Barbara Jordan about the proceeding on February 11, 2013.
54. On February 11, 2013, Jordan emailed San Miguel a Rule 11 agreement regarding extension of discovery for TMB Legal No. 11-0141/SOAH DOCKET #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.
55. On February 12, 2013, San Miguel emailed discovery to Jordan and requested information on the Agreed Order which was offered by the TMB. \
56. On February 14, 2013, Jordan emailed the Agreed Order to San Miguel. On February 19, 2013, Jordan emailed San Miguel a copy of the order granting Summary Disposition. Attached hereto as Exhibit "C II" is a true and correct copy of the Motion to Appeal Summary Judgment Disposition prepared by San Miguel for TMB Legal No. 11-0141/SOAH DOCKET #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.
57. San Miguel did not inform me of the outcome of any discovery he conducted for TMB Legal No. 11-0141/SOAH DOCKET NO. 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.
58. San Miguel spoke with Jackson on the phone about my board proceeding on February 20, 2013.
59. I asked San Miguel over email, what Jackson did on my behalf for the proceeding.
60. San Miguel emailed me and told me he did not know what Jackson did, Attached hereto as Exhibit "A-II" is a true and correct copy of the emails I exchanged with San Miguel in February 2013 regarding Jackson, the medical records, pager records, discovery.
61. On February, 21, 2013, San Miguel emailed me stating: *draft point by point response as best you can and what evidence, once obtained by discovery, would show factual disputes, ie med record would show... page, beeper records would show, etc. thats most costeffective at this point to try to put out this fire".* Attached hereto as Exhibit "N III" (formerly labeled Attachment 8), is a true and correct copy of the February, 21, 2013, email I received from San Miguel.
62. I responded to San Miguel via email on February 22, 2013, stressing the importance of the medical records. Attached hereto as Exhibit "N III" (formerly labeled Attachment 8),

is a true and correct copy of the February, 22, 2013, email I sent to San Miguel regarding the medical records.

63. I thought San Miguel was going to use my email response to conduct discovery from the hospital. He did not. San Miguel did not investigate what Jackson did on my behalf for the proceeding. He did not acquire the medical records.
64. On March 19, 2017, San Miguel emailed me to say he'd attend the final board meeting on my behalf Attached hereto as Exhibit “L-II” is a true and correct copy of the March 19, 2017, email I received from San Miguel.
65. San Miguel did not attend the final board hearing for TMB Legal No. 11-0141, nor did he update me on the defenses he raised.
66. The medical board entered a Final Order against me for TMB Legal No. 11-0141, in June 2013. Attached hereto as Exhibit “R” is a true and correct copy of the Texas Medical Board’s June 2013 Final Order.
67. On July 8, 2013, I emailed San Miguel to ask him what final arguments he made before the board. Attached hereto as Exhibit “B-II” is a true and correct copy of the July 8, 2013, email I sent to San Miguel.
68. San Miguel did not respond to me.
69. On August 1, 2013, the Texas Medical Board wrote me a letter instructing me to wait three months for an update from them on TMB Legal No. 10-5774, Attached hereto as Exhibit “F-II” is a true and correct copy of the August 1, 2013, letter I received from the medical board.
70. In response to the letter, I attempted to submit evidence for the Executive Committee's consideration. Attached hereto as Exhibit “S III” (formerly labeled Attachment 13), is a true and correct copy of my email to Jordan attempting to submit evidence for TMB Legal No. 10-5774.
71. In August 2013, I emailed Jackson to request that he send me my complete file for my legal proceedings.
72. Jackson emailed me on August 6, 2013, stating that he sent me my entire file. Attached hereto as Exhibit “Q” is a true and correct copy of the August 6, 2013, email I received from Jackson.
73. The file was not complete.
74. Sometime between August 1, and December 16, 2013, a new board complaint was started against me, TMB Legal No. 14-0096.
75. Affidavits were prepared that accused me of allegedly: failing to comply with the 2013 Final Order; failing to respond to requests for information; displaying conduct likely to

deceive/defraud the public or injure the public and; and; acting in a manner inconsistent with public health and welfare including, failure to meet the standard of care.

76. I have never seen the actual affidavits.

77. For some reason I was accused of failing to respond to requests for information despite being sent a letter by the board on August 1, 2013, instructing me to wait three months for an update from them on TMB Legal No. 10-5774, Attached hereto as Exhibit “F-II” is a true and correct copy of the August 1, 2013, letter I received from the medical board.
78. The board never sent me an update on TMB Legal No. 10-5774. I do not know what happened with that case.
79. I had not lived or worked in Texas since before I met with Jordan for my deposition for TMB Legal No. 11-0141, in December 2012.
80. The board did not send me a letter in the mail, email me or, serve me by a process server to inform me that TMB Legal No. 14-0096, had been initiated. I have never received the formal complaint or affidavits used to start the proceeding.
81. There is no start date given for TMB Legal No. 14-0096, on my physician profile for the Texas Medical Board. Attached hereto as Exhibit “J III” (formerly labeled Attachment 3), is a true and correct copy of my physician profile for the Texas Medical Board.
82. Jordan sent me a letter and, emailed me regarding an informal settlement conference for TMB Legal No. 14-0096, in December 2013. Attached hereto as Exhibits “C-III” and; “D-II” respectively, are true and correct copies of the letter and email, respectively, I received from Jordan in December 2013 regarding TMB Legal No. 14-0096.
83. This was the first time I became aware of the new proceeding. The affidavits and Expert Panel Report used to initiate TMB Legal No. 14-0096, were not included in the letter and email I received.
84. The board cancelled the informal settlement conference. It was never rescheduled.
85. I was confused about how TMB Legal No. 14-0096, could have been started against me since I let my Texas license expire and I was not living or working in Texas as of September 2012.
86. On January 24, 2014, I wrote an email to Barbara Jordan asking, "*Can you please inform me who paid the renewal fee for my Texas License* in June *2012? I voluntarily let it expire in May 2012....*" The same day, I emailed Jordan and her assistant, Terri Cooper, asking, "*Also, what continuing medical education credits did I earn for license renewal last year including the required medical ethics course? I don't recall taking any CME courses. Could you please forward me the credits I received so that I may also use them*

*for my NY license renewal?*, Attached hereto as Exhibit "T III" (formerly labeled as Attachment 14), is a true and correct copy of the emails I sent to Jordan and Cooper on January 24, 2014.

87. Barbara Jordan and Terri Cooper did not respond to me.
88. In January 2014, I was denied a New Jersey medical license due to the information that was being published by the Texas Medical Board. Attached hereto as Exhibit "K III" (formerly labeled Attachment 4), is a true and correct copy of the email I received from the New Jersey Board of Medical Examiners denying my application for licensure in January 2014.
89. On March 5, 2014, I attempted to schedule a hearing, admit evidence and, request production of documents for TMB Legal No. 14-0096, Attached hereto as Exhibit "L III" (formerly labeled Attachment 6), is a true and correct copy of the March 5, 2014, email I sent to Jordan.
90. The board did not respond to my requests. A hearing was never held between me and the board for TMB Legal No. 14-0096.
91. The Texas Medical Board's Executive Committee notified the New York State Department of Health of its findings against me in March 2014. This caused the NYDOH to open NYOPMC #CO-13-07-3474-A, against my New York medical license. Attached hereto as Exhibit "E-II" is a true and correct copy of the letter I received from the New York Department of Health regarding NYOPMC #CO-13-07-3474-A.
92. I was forced to have a phone hearing with the New York State Department of Health. I also submitted evidence.
93. The Texas Medical Board also reported its findings to the Texas State Office of Administrative Hearings to initiate SOAH DOCKET # 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, against me on April 29, 2014.
94. Jordan emailed me on June 13, 2014, to inform me that the SOAH hearing was moot because I did not pay for license renewal. Attached hereto as Exhibit "H-II" is a true and correct copy of the June 13, 2014, email I received from Jordan.
95. On June 18, 2014, Jordan sent me another email saying the proceeding was moot because the June 2013 Order terminated because plaintiff's license was no longer active. Attached hereto as Exhibit "M III" (formerly labeled as Attachment 7), is a true and correct copy of the June 18, 2014, email I received from Jordan.

96. On June 20, 2014, in the defense of my license, I uploaded documents to the SOAH docket. Attached hereto as Exhibit "D-III" is a true and correct copy of the notice I received from the SOAH after uploading documents to the docket.
97. Jordan emailed me on July 3, 2014, to inform me to make my request for subpoena to the TMB's General Counsel Department.
98. On July 9, 2014, Jordan emailed me to inform me that payment for the subpoena request goes to the same address. Attached hereto as Exhibit "I-III" (formerly labeled as Attachment 2), is a true and correct copy of the July 9, 2014, email I received from Jordan regarding payment for subpoena request.
99. I paid for the subpoena request.
100. On July 14, 2014, Scott Freshour sent me a letter in the mail stating the Texas Medical Board denied my request for subpoena. Attached hereto as Exhibit "E-III" is a true and correct copy of the letter I received from Freshour denying my request for subpoena.
101. Later that month, Jordan and I had a hearing before the SOAH's Administrative Law Judge.
102. Jordan did not present any evidence to prove that I violated the June 2013 Final Order.
103. Instead, she moved to dismiss TMB Legal No. 14-0096, and SOAH DOCKET # 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.
104. The Texas Medical Board's Executive Committee published information about my TMB proceedings on the TMB website for the community and potential employers to access. The Executive Committee also published the information to the National Practitioners Database.
105. In August 2014, acting pro se, I filed Civil Action 3:14-CV-02958-B, against the hospital asserting claims for breach of contract and intentional interference with prospective contract.
106. Whiting also represented the hospital for Civil Action No. 3:14-CV-02958-B.
107. On November 19, 2014, Whiting wrote a letter to the Judge regarding delaying the proceedings for Civil Action 3:14-CV-02958-B, until after March 2015. Attached hereto as Exhibit "K-II" is a true and correct copy of the November 19, 2014, letter Whiting wrote to Judge Boyle.

108. In May 2015, the judge dismissed my claims against the hospital finding that they were time barred.

109. In May, 2015, I filed the current action against Jackson acting pro se.

110. While doing research for the current cause, I discovered: the motion to forego mediation and; the affidavit Jackson submitted on my behalf for Civil Action 3:11-CV-0017-B, on the ECF website.

111. Upon examination of my alleged signature for the affidavit, I noticed that it is different than mine.

112. I did not sign the affidavit submitted on my behalf for Civil Action 3:11-CV-0017-B. Additionally, the grammar and verbiage used in the affidavit is not mine.

113. In March 2016, Attorney, Ray Jackson responded to my Second Set of Request For Admissions for Civil Action 3:15-CV-01700-S-BT.

114. In his response, Jackson admitted that: I did not communicate to him an order to inform the Court that I wanted to forego mediation for Civil Action 3:11-CV-0017-B, (Question #26), and; that I informed Jackson I believed the hospital breached the Resident Physician Agreement it held with me, prior to the disposition of Civil Action 3:11-CV-0017-B, (Question #27). Attached hereto as Exhibit "Q-III" (formerly labeled Attachment 11), is a true and correct copy of my Second Set of Request For Admissions for Civil Action 3:15-CV-01700-S-BT, served on Jackson.

115. On March 21, 2016, I contacted Cristal Cienfuegos, Notary Public and Jackson's former employee to request a copy of her record book entry for the affidavit used for Civil Action 3:11-CV-0017-B. Attached hereto as Exhibit "B-III" is a true and correct copy of the March 21, 2016, letter I wrote to Cristal Cienfuegos.

116. Cienfuegos sent me a text message saying that she did not sign the affidavit submitted on my behalf for Civil Action 3:11-CV-0017-B. Attached hereto as Exhibit "A-III" is a true and correct copy of the text messages I received from Cristal Cienfuegos regarding the affidavit submitted on my behalf for Civil Action 3:11-CV-0017-B.

117. On September 20, 2016, Oscar San Miguel responded to my First Set of Request For Admissions for Civil Action 3:15-CV-01700-S-BT.

118. In his response, San Miguel admitted that: He did not conduct discovery from the hospital for TMB Legal No. 11-0141, (Question #13); He did not provide me with the

information I requested by email regarding the subpoena of medical records for TMB Legal No. 11-0141, (Question #17); He told me that he would attend the final hearing for TMB Legal No. 11-0141, on my behalf and keep me updated, (Question #29); He did not make evidenced based arguments on my behalf at the final hearing for TMB Legal No. 11-0141, (Question #30); He did not attend the final hearing for TMB Legal No. 11-0141, (Question # 31), and; He did not provide me with the information I requested by email regarding the arguments he made at the final hearing for TMB Legal No. 11-0141, (Question #32). Attached hereto as Exhibit "R-III" (formerly labeled Attachment 12), is a true and correct copy of my First Set of Request For Admissions for Civil Action 3:15-CV-01700-S-BT, served on San Miguel.

119. During discovery for the current cause, I requested San Miguel provide me with all the information he obtained in response to my inquiry on February 21, 2013, asking what Jackson did on my behalf for my board proceedings. Attached hereto as Exhibit "H III" (formerly labeled Attachment 1), is a true and correct copy of the March 13, 2017, email exchange between me and San Miguel regarding Jackson's advocacy for TMB Legal No. 11-0141.

120. San Miguel emailed a response to me on March 13, 2017, stating that he did not obtain anything from Jackson. Attached hereto as Exhibit "H III" is a true and correct copy of the email I received from San Miguel.

121. The Texas Medical Board has never provided me with a copy of the charges brought against me for TMB Legal No. 14-0096, pursuant to Tex. Occ. Code § Sec. 164.005,(d).

122. On September 21, 2018, I served a subpoena duces tecum upon the Records Custodian/Assistant Record Custodian for the Texas Medical Board requesting a copy of the initiating affidavits and Expert Panel Report for TMB Legal No. 14-0096.

123. On September 21, 2018, the board filed a motion for protective order from my subpoena duces tecum.

124. The board notified me of who the motion was for and the grounds for it only 31 minutes before filing its motion. Attached hereto as Exhibit "P III" (formerly labeled Attachment 10), is a true and correct copy of the September 21, 2018, email exchange between me and the medical board regarding the subpoena duces tecum.

125. I did not get a chance to confer with the board about the motion or state whether or not I was opposed to it.

126. I have been emotionally traumatized suffering from irritability, restlessness and inability to concentrate due to the events described in this affidavit.

127. In 2009, I was awarded the Arnold P. Gold Foundation Humanism and Excellence in Teaching Award.

128. In 2010, I was awarded a fellowship opportunity to train in Sports Medicine and Pain Intervention through the National Resident Matching Program.

129. My emotional trauma has been exacerbated by the fact that I have to explain to potential employers that the information posted by the Texas Medical Board and on the National Practitioners Database is not true, for example that I did not feloniously practice medicine in Texas after the medical board entered its final order against me for TMB Legal No. 11-0141.

130. I am a licensed physician in the State of New York.

131. I am the custodian of my own records and emails.

132. I have provided the Court with a true and correct copy of the RESIDENT PHYSICIAN AGREEMENT I received on June 17, 2009, after copying it from my records.

133. I have provided the Court with true and correct copies of the discovery responses I received from the defendants in this case after downloading a copy from my email and printing them.

134. I have provided the Court with a true and correct copy of the transcript from the May 20, 2010, audio recording of the GMEC meeting after having it transcribed by John Valente at Mechanical Secretary, Inc. Molly's Prof. Typing Service at 108-16 72nd Ave. Forest Hills, NY 11375, on June 19, 2014.

135. I have provided the Court with true and correct copies of the letters I received from the Defendants, National Residency Match Program, Texas Workforce Commission, Texas State Office of Administrative Hearings, New York Department of Health and, State Bar of Texas.

136. I have provided the Court with true and correct copy of the vacation contract I made with the hospital on May 14, 2010, after making a copy from my records.

137. I have provided the Court with true and correct copy of the 2009 letter I wrote to the hospital's DIO after making a copy from my records.

138. I have provided the Court with a true and correct copy of the affidavits submitted by the hospital for Civil Action 3:11-CV-0017-B, after downloading and printing it from the ECF website.

139. I have provided the Court with a true and correct copy of the affidavit submitted on my behalf by Jackson for Civil Action 3:11-CV-0017-B, after downloading and printing it from the ECF website.

140. I have provided the Court with a true and correct copy of the letter I sent to Cristal Cienfuegos regarding her Record Book Entry for the affidavit for 3:11-CV-0017-B, on March 21, 2016.

141. I have provided the Court with a true and correct copy of the text messages I received from Cristal Cienfuegos after sending them to my email and printing them out.

142. I have provided the Court with a true and correct copy of my Physician Profile for the Texas Medical Board after downloading and printing a copy from the Texas Medical Board website.

143. I have provided the Court with a true and correct copy of the letter the hospital wrote to Judge Boyle for Civil Action 3:14-CV-02958-B, after downloading a copy from my email and printing.

144. I have provided the Court true and correct copies of the emails I sent and received from the Defendants and, email I received from the New Jersey Board of Medical Examiners after downloading and printing them from my email account.

145. Attached hereto is an appendix of true and correct copies of the documents discussed above. I have personally reviewed each exact copy. They are as follows:

**EXHIBIT A:** TRANSCRIPT OF AUDIO RECORDING FROM PLAINTIFF'S GMEC HEARING MAY 20, 2010
**EXHIBIT B:** PLAINTIFF'S NOVEMBER 2009 LETTER TO DIO COMPLAINING OF INDIVIDUAL HARASSMENT
**EXHIBIT H:** JACKSON'S FEBRUARY 18, 2012, EMAIL TO PLAINTIFF RE: MHD MOTION FOR SUMMARY JUDGMENT
**EXHIBIT I:** METHODIST HOSPITALS OF DALLAS' AFFIDAVITS FOR CIVIL ACTION NO. 3:11-CV-0017-B
**EXHIBIT L:** PLAINTIFF'S FEBRUARY 20, 2012, EMAIL RESPONSE TO JACKSON RE: MHD'S MOTION FOR SUMMARY JUDGMENT
**EXHIBIT M:** TMB REQUEST FOR MEDIATION
**EXHIBIT O:** PLAINTIFF'S MAY 2012 EMAIL TO JACKSON REGARDING JUDGE'S STATEMENT ABOUT "MISTAKES"
**EXHIBIT P:** TEXAS WORKFORCE COMMISSION DISPOSITION REGARDING PLAINTIFF'S EMPLOYMENT TERMINATION
**EXHIBIT Q:** AUGUST 2013 EMAIL FROM JACKSON REGARDING: "ENTIRE FILE"
**EXHIBIT R:** TMB JUNE 2013 FINAL ORDER
**EXHIBIT S:** PLAINTIFF'S MAY 20, 2010, SUSPENSION LETTER
**EXHIBIT T:** RESIDENT PHYSICIAN AGREEMENT
**EXHIBIT U:** MHD'S CONSIDERATION TO PLAINTIFF FOR HIS SERVICES AS RESIDENT MEDICAL DOCTOR
**EXHIBIT W**: NRMP LETTER TO PLAINTIFF RE: PLAINTIFF'S FELLOWSHIP APPOINTMENT WITH JPS
**EXHIBIT X:** MHD CEO'S JULY 2010 LETTER TO PLAINTIFF REGARDING GMEC HEARING
**EXHIBIT Y:** RIVERA'S EMAIL TO HUNTER REGARDING PLAINTIFF'S REQUEST FOR GMEC HEARING

**EXHIBIT A II**: SAN MIGUEL'S FEBRUARY 2013 EMAILS REGARDING PHONE CALL WITH JACKSON
**EXHIBIT B II:** PLAINTIFF'S EMAIL TO SAN MIGUEL REGARDING FINAL ARGUMENTS
**EXHIBIT D II:** JORDAN'S 12/13 EMAIL FOR ISC
**EXHIBIT E II:** PLAINTIFF'S NYOPMC #CO-13-07-3474-A APPEARANCE
**EXHIBIT F II:** TMB 8/1/13 LETTER INSTRUCTING PLAINTIFF TO WAIT FOR UPDATE
**EXHIBIT H II:** JORDAN'S 6/13/14 EMAIL
**EXHIBIT I II:** JACKSON'S MOTION TO WITHDRAW FROM TMB LEGAL NO. 11-0141
**EXHIBIT J II:** PLAINTIFF'S STATE BAR COMPLAINT
**EXHIBIT K II:** WHITING'S LETTER TO DELAY CIVIL ACTION 3:14-CV-02958-B
**EXHIBIT L II:** OSCAR'S 3/19/13 EMAIL REGARDING TMB FINAL HEARING
**EXHIBIT TII:** JACKSON'S FEBRUARY 3, 2012, AGREED MOTION TO FOREGO MEDIATION FOR CIVIL ACTION NO. 3:11-CV-0017-B
**EXHIBIT AIII:** CRISTAL CIENFUEGOS' MARCH 2016 RESPONSE TO PLAINTIFF'S REQUEST FOR RECORD BOOK ENTRY FOR AFFIDAVIT JACKSON SUBMITTED FOR CIVIL ACTION NO. 3:11-CV-0017-B
**EXHIBIT B III:** PLAINTIFF'S REQUEST TO CRISTAL CIENFUEGOS FOR RECORD BOOK ENTRY FOR JACKSON'S AFFIDAVIT
**EXHIBIT C III:** JORDAN'S LETTER TO PLAINTIFF REGARDING DECEMBER 2013 ISC
**EXHIBIT D III**: PLAINTIFF'S SOAH APPEARANCE
**EXHIBIT EIII:** FRESHOUR'S 6/13/14 EMAIL DENYING PLAINTIFF'S SUBPOENA REQUEST
**EXHIBIT G III:** AFFIDAVIT SUBMITTED BY RAY JACKSON ON MARCH 2, 2012, FOR CIVIL ACTION NO. 3:11-CV-0017-B
**EXHIBIT H III** (Formerly labeled Attachment 1): SAN MIGUEL'S MARCH 13, 2017, EMAIL REGARDING DISCOVERY OF JACKSON'S EFFORTS FOR TMB LEGAL NO. 10-5774/11-0141
**EXHIBIT I-III** (Formerly labeled Attachment 2)**:** SUBPOENA REQUEST
**EXHIBIT J III** (Formerly labeled Attachment 3): TMB'S PHYSICIAN PROFILE FOR PLAINTIFF
**EXHIBIT K III** (Formerly labeled Attachment 4): NEW JERSEY MEDICAL LICENSE DENIAL
**EXHIBIT L III** (Formerly labeled Attachment 6): PLAINTIFF'S ATTEMPT TO RE-SCHEDULE ISC/ADMIT EVIDENCE
**EXHIBIT M III** (Formerly labeled Attachment 7)**:** JORDAN'S 6/18/14 EMAIL
**EXHIBIT N III** (Formerly labeled Attachment 8): PLAINTIFF/SAN MIGUEL'S EMAILS REGARDING EVIDENCE
**EXHIBIT O III** (Formerly labeled Attachment 9): PLAINTIFF'S SEPTEMBER 2012 ATTEMPT TO MEET WITH JACKSON
**EXHIBIT P III** (Formerly labeled Attachment 10): PLAINTIFF AND BOARD'S EMAILS RE: CONFERENCE FOR MOTION FOR PROTECTION

**EXHIBIT Q III** (Formerly labeled Attachment 11): JACKSON'S 2016 RESPONSE TO PLAINTIFF'S SECOND SET OF REQUEST FOR ADMISSIONS

**EXHIBIT R III** (Formerly labeled Attachment 12): SAN MIGUEL'S ANSWER TO PLAINTIFF'S FIRST SET OF REQUEST FOR ADMISSIONS

**EXHIBIT S III** (Formerly labeled Attachment 13): PLAINTIFF'S RELIANCE ON THE TEXAS MEDICAL BOARD'S AUGUST 1, 2013 LETTER
**EXHIBIT T III** (Formerly labeled Attachment 14): PLAINTIFF'S REQUESTS FOR CLARIFICATION RE: TMB LEGAL NO. 14-0096.

146. In all other respects the evidence given by me in the Amended Affidavit is: the same evidence included in the initial affidavit and is true and accurate.

147. I declare under penalty of perjury under the laws of the United States of America that the stated facts and referenced "Exhibits" of Plaintiff's Amended Affidavit in Support of Motion for Summary Judgment are true and correct, are within my personal knowledge and, I am competent to testify.

**FURTHER AFFIYANT SAYETH NOT**."

_________________
Jason Simmons-Plaintiff
100 Briar Heath Cir.

Dayton, OH 45415

**SUBSCRIBED AND SWORN TO BEFORE ME** on the 27th day of February, 2019, to certify which witness my hand in official seal.

________________
Notary Public
My Commission Expires: