IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF TEXAS
DALLAS DIVISION

| | | |
|---|---|---|
| JASON SIMMONS, | § § | |
| Plaintiff, | § § | |
| v. | § § | No. 3:15-cv-01700-S-BT |
| RAY JACKSON, et al., | § § | |
| Defendants. | § § | |

**FINDINGS, CONCLUSIONS, AND RECOMMENDATION
OF THE UNITED STATES MAGISTRATE JUDGE**

Before the Court is Plaintiff Jason Simmons's "Motion to Alter or Amend Judgment Pursuant to Rule 59 or to Make Additional Findings of Fact and Conclusions of Law Pursuant to Rule 52(b) in the Alternative" (the "Motion"), requesting that the Court "reconsider and grant his motion for summary judgment; deny Defendant's motion for summary judgment," or alternatively, "provide specific analysis and discussion of the substantive and contrary evidence . . . so that plaintiff and the appellate court will have a thorough understanding of the factual basis of the trial court's decision." Mot. 21 (ECF No. 282). For the reasons stated, the Court should DENY the Motion.

I.

On January 29, 2019, the District Court entered its order accepting the findings, conclusions, and recommendation of the magistrate judge that Defendant Oscar San Miguel's motion for summary judgment be granted, Plaintiff's motion for

1

summary judgment be denied, and Plaintiff's claims against Defendant San Miguel be dismissed with prejudice. FCR (ECF No. 274); Order (ECF No. 279). That same day, the District Court entered a judgment dismissing Plaintiff's claims against Defendant San Miguel with prejudice. J. (ECF No. 280). Subsequently, the District Court entered a final judgment memorializing that all of Plaintiff's claims against all Defendants had been dismissed. Final J. (ECF No. 281).

II.

"A motion asking the court to reconsider a prior ruling is evaluated either as a motion to 'alter or amend a judgment' under Rule 59(e) or as a motion for 'relief from a final judgment, order, or proceeding' under Rule 60(b)." *Demahy v. Schwarz Pharma, Inc.*, 702 F.3d 177, 182 n.2 (5th Cir. 2012) (per curiam) (internal citations omitted). "If the motion was filed within twenty-eight days after the entry of the judgment, the motion is treated as though it was filed under Rule 59, and if it was filed outside of that time, it is analyzed under Rule 60." *Id.*; *see also* Fed. R. Civ. P. 59(e) ("A motion to alter or amend a judgment must be filed no later than 28 days after the entry of the judgment."). Because Plaintiff filed his Motion within 28 days of the entry of the judgment, it is properly brought under Rule 59(e) rather than Rule 60(b).

A Rule 59(e) motion "is appropriate (1) where there has been an intervening change in the controlling law; (2) where the movant presents newly discovered evidence that was previously unavailable; or (3) to correct a manifest error of law or fact." *Demahy,* 702 F.3d at 182 (citing *Schiller v. Physicians Res. Grp. Inc.*, 342 F.3d

563, 567 (5th Cir. 2003)). But "[a] motion under Rule 59 cannot be used to raise arguments or claims 'that could, and should, have been made before the judgment issued.'" *Id.* (quoting *Marseilles Homeowners Condo. Ass'n v. Fidelity Nat. Ins. Co.*, 542 F.3d 1053, 1058 (5th Cir. 2008) (per curiam)). Further, "[i]t is within the district court's discretion whether to reopen a case under [Rule] 59(e)." *Weber v. Roadway Exp., Inc.*, 199 F.3d 270, 276 (5th Cir. 2000) (citing *Edward H. Bohlin Co. v. Banning Co.*, 6 F.3d 350, 355 (5th Cir. 1993)). However, "[r]econsideration of a judgment after its entry is an extraordinary remedy that should be used sparingly." *Templet v. HydroChem Inc.*, 367 F.3d 473, 479 (5th Cir. 2004) (citing *Clancy v. Emp'rs Health Ins. Co.*, 101 F. Supp. 2d 463, 465 (E.D. La. 2000)).

### III.

Plaintiff "brings his motion to point to controlling law, decisions, and evidence that [the] Court overlooked which led to manifest errors of law and manifest errors of fact in the judgment." Mot. 1-2. Specifically, Plaintiff asserts those errors include the Court's: "1) Failure to follow the law for summary judgment determination; 2) Failure to abide by the Pinkerton Doctrine and; 3) Wholesale omission and lack of consideration for plaintiff's entire uncontroverted evidence, as well as, his undisputed facts." *Id.* 2. The Court addresses these arguments in turn.

### A.

Plaintiff first contends the Court erred in denying his motion for summary judgment, (ECF No. 266), by "ma[king] credibility determinations on [his] evidence relevant to the issue of whether the defendants agreed to commit overt acts." Mot.

3

5. In support of his argument, Plaintiff cites a Louisiana state-court case in which summary judgment was improper because, "[t]he trial judge could not have rendered summary judgment . . . without weighing the credibility of the witnesses . . . , and choosing one side's version of the accident over the other." *Barnes v. Darby*, 98-738 (La. App. 5 Cir. 1/26/99); 726 So. 2d 491, 494. Summary judgment would have been similarly improper in this case had the Court engaged in credibility determinations. *See E.E.O.C. v. LHC Grp., Inc.*, 773 F.3d 688, 701 (5th Cir. 2014) ("On summary judgment, however, courts are precluded from weighing credibility.").

Here, however, the Court employed the proper summary-judgment standard and found Plaintiff's evidence insufficient to carry his burden. Because Plaintiff had the burden of proof to establish the elements of each of his claims at trial, he also had the burden on summary judgment and was, therefore, required to establish "beyond peradventure" the elements of each claim to warrant judgment in his favor. FCR 3; *see Fontenot v. Upjohn Co.*, 780 F.2d 1190, 1194 (5th Cir. 1986) ("Thus, if the movant bears the burden of proof on an issue, either because he is the plaintiff or as a defendant he is asserting an affirmative defense, he must establish beyond peradventure *all* of the essential elements of the claim or defense to warrant judgment in his favor."). Thus, the Court denied Plaintiff's motion for summary judgment not because it found his evidence incredible, but because Plaintiff's motion and associated evidence did not establish beyond peradventure that there were no genuine material fact disputes as to all elements of his RICO-conspiracy,

§ 1983, and § 1985 claims. FCR 12. Specifically, the Court found that Plaintiff was not entitled to summary judgment on his RICO-conspiracy, § 1983-civil-conspiracy, and § 1985-civil-conspiracy claims because he failed to establish beyond peradventure that there were no genuine material fact disputes regarding whether the alleged conspirators: engaged in predicate acts, as required to succeed on a RICO-conspiracy claim; agreed to commit illegal acts, as required to succeed on a § 1983-civil-conspiracy claim; or committed any act in furtherance of a conspiracy to deprive Plaintiff of equal protection of the laws, as required to succeed on a § 1985-civil-conspiracy-claim. FCR 12-14. Thus, in denying Plaintiff's motion for summary judgment, the Court determined Plaintiff failed to point to sufficient evidence to carry his burden. The Court did not err by engaging in a credibility determination.

Second, Plaintiff maintains the Court erred by granting Defendant San Miguel's motion for summary judgment, (ECF No. 265), because that motion "[did] not point to evidence outside the complaint [or], . . . highlight the insufficiency of plaintiff's evidence." Mot. 5. However, as the Court pointed out in its findings, conclusions, and recommendation, a Rule 12(b)(6) defense may properly be raised on summary judgment. Specifically, the Court stated:

> "Rule 12 expressly provides that a defendant not pursuing a Rule 12(b)(6) defense at the pleading stage may raise it later in the litigation, including at trial." [*C&C Inv. Props., L.L.C. v. Trustmark Nat'l Bank,* 838 F.3d 655, 660 (5th Cir. 2016)] (citing Fed. R. Civ. P. 12(h)(2)(C)). Affirmative defenses raised in Rule 12(b)(6) motions may also be strategically raised via summary-

5

>   judgment motion for the ability to rely on evidence outside the complaint. *Id.* Yet "even when there is no apparent reason for doing so, the rules allow a defendant to assert an affirmative defense that may have been suitable for Rule 12(b)(6) disposition at the summary judgment stage." *Id.* Thus, when a party fails to assert an affirmative defense in its answer, the court may permit the party to raise it "at a pragmatically sufficient time" when "the plaintiff was not prejudiced in its ability to respond." *Id.* (brackets and internal quotation marks omitted) (citing *Arismendez v. Nightingale Home Health Care, Inc.*, 493 F.3d 602, 610 (5th Cir. 2007); *Rogers v. McDorman*, 521 F.3d 381, 386-87 (5th Cir. 2008) (finding no unfair surprise when plaintiffs had notice of an unpleaded defense since it was alluded to in the answer, a pretrial brief, and during a pretrial hearing); *Standard Waste Sys. Ltd. v. Mid-Continent Cas. Co.*, 612 F.3d 394, 398-99 (5th Cir. 2010) (per curiam) (finding the failure to plead an affirmative defense did not result in unfair surprise when defendant expressly mentioned it in denial letters, a joint status report, and the expert witness designation list)).

FCR 4-5, *adopted by* Order (ECF No. 279). Though Defendant San Miguel inartfully raised a Rule 12(b)(6) defense in his motion for summary judgment, he was not required to rely on any outside evidence to establish the insufficiency of Plaintiff's fourth amended complaint. Instead, San Miguel's motion relied on Plaintiff's fourth amended complaint to prove its failure to state a claim. *See* Def.'s MSJ.

Additionally, the Court applied the proper summary-judgment standard with respect to Defendant's motion for summary judgment. Since Defendant had the burden to prove his Rule 12(b)(6) defense, he was required to establish the existence of his defense "beyond peradventure" to be entitled to summary judgment. FCR 3. The Court drew all reasonable inferences in favor of the nonmovant. *Id.* (citing

*Chaplin v. NationsCredit Corp.*, 307 F.3d 368, 372 (5th Cir. 2002)). Because Plaintiff failed to identify with sufficient particularity any predicate acts San Miguel allegedly committed, any illegal act that Defendants agreed to commit, or any facts indicating that San Miguel conspired to deprive Plaintiff of equal protection, which were necessary to substantiate Plaintiff's RICO-conspiracy, § 1983-civil-conspiracy, and § 1985-civil-conspiracy claims, respectively, the Court found that Defendant was entitled to summary judgment. FCR 4-11. Furthermore, as an additional ground meriting dismissal, the Court noted that Plaintiff's fourth amended complaint failed to comply with the District Court's order, exceeding the mandated 20-page limit by 60 pages. FCR 11; Order (ECF No. 168). Thus, the Court did not err by granting summary judgment in favor of Defendant, even though his motion for summary judgment did not address evidence outside the pleadings, or by denying Plaintiff's motion for summary judgment after evaluating the sufficiency of Plaintiff's evidence. Though Plaintiff maintains "the Court ignored evidence from which reasonable inferences could be drawn in [his] favor," his disagreement with the Court's ruling is not an appropriate ground for relief under Rule 59. Mot. 6. Accordingly, Plaintiff raises no "error of law or fact" entitling him to relief under Rule 59.

B.

Plaintiff further contends the Court "committed manifest error of law when it failed to consider the Pinkerton Rule & totality of the circumstances." Mot. 7. In particular, Plaintiff maintains that the "Court deliberately did not consider plaintiff's

7

allegations and evidence against: The Methodist Hospitals of Dallas; Ray Jackson and; the Texas Medical Board, simply because plaintiff's claims against these defendants had been dismissed prior to its ruling on summary judgment," asserting that such evidence would have established that San Miguel "joined a pre-existing conspiracy." *Id*. 7-8. In *Pinkerton v. United States*, 328 U.S. 640, 647 (1946), the Supreme Court held that, "acts in furtherance of [a] conspiracy are . . . attributable to the other[ ] [co-conspirators] for the purpose of holding them responsible for the substantive offense." Indeed, "[u]nder RICO, a defendant need not personally commit the predicate acts provided that the evidence is sufficient to connect him to the fraudulent scheme." *Casperone v. Landmark Oil & Gas Corp.*, 819 F.2d 112, 115 (5th Cir. 1987) (per curiam) (citing *R.A.G.S. Couture, Inc. v. Hyatt,* 774 F.2d 1350, 1354 (5th Cir. 1985); *United States v. Finney,* 714 F.2d 420, 423 (5th Cir. 1983)). However, though Plaintiff cited *Pinkerton* in his motion for summary judgment, he did not argue that his allegations and evidence against Methodist Hospitals of Dallas, Ray Jackson, and the Texas Medical Board were attributable to San Miguel for the purpose of holding him responsible under RICO. Rather, Plaintiff included his allegations against those Defendants under the heading, "The Methodist Hospitals of Dallas, Simon Whiting, Ray Jackson, Barbara Jordan, Scott Freshour and, the Executive Committee are Liable to the Plaintiff Under Co-Conspirator Theory of Liability for Their Overt Acts and Crimes Committed in Furtherance of the Civil Conspiracy," and argued "[t]he evidence shows the hospital was the very employer who discriminated against the plaintiff in terms of his employment,"

8

"there is no dispute that the hospital . . . intended to assist and advance the conspiracy," and "the foregoing paragraphs . . . prove the affirmative and criminal acts made by Ray Jackson, Barbara Jordan, Scott Freshour, and the Texas Medical Board's Executive Committee to advance the conspiracy." Pl.'s Br. Support MSJ 76-78 (ECF No. 266-2). Oscar San Miguel was not mentioned in the "Co-Conspirator Theory of Liability" section of Plaintiff's motion for summary judgment. *Id*. Because Plaintiff appeared to move for summary judgment with respect to those Defendants who were no longer parties—or never were parties—to this case, instead of using any evidence against them to prove his claims against San Miguel, the Court properly limited its consideration to Plaintiff's claims against San Miguel. Furthermore, Plaintiff may not now raise new arguments in his Rule 59(e) Motion that could have been raised before the entry of judgment. *See Templet*, 367 F.3d at 479 (citing *Simon v. United States*, 891 F.2d 1154, 1159 (5th Cir. 1990)). Accordingly, the Court did not err by not considering Plaintiff's claims against parties that had already been dismissed or that were not named in Plaintiff's Fourth Amended Complaint. Plaintiff points to no manifest error of law or fact on this point that entitles him to relief under Rule 59.

### C.

Finally, Plaintiff asserts the Court erred because it "made manifest errors of fact when it failed to accept as true the evidence-based allegations in Plaintiff's briefs." Mot. 9. However, "a [Rule 59(e)] motion is not the proper vehicle for rehashing evidence, legal theories, or arguments that could have been offered or

raised before the entry of judgment." *Templet*, 367 F.3d at 479 (citing *Simon*, 891 F.2d at 1159). And "[m]ere disagreement with a prior ruling does not support a Rule 59(e) motion." *Omega Hosp., LLC v. United Healthcare Servs., Inc.*, 2019 WL 1917242, at *3 (M.D. La. Apr. 30, 2019) (citing *Hutchinson v. Staton*, 994 F.2d 1076, 1082 (4th Cir. 1993)). In his Motion, Plaintiff recites the same facts he offered in support of his motion for summary judgment. Mot. 9-17. The Court already determined that Plaintiff's evidence was insufficient to carry his summary-judgment burden. FCR 12-14; Order (ECF No. 279). Plaintiff's assertion that his "motion for summary judgment and response to defendants' motion are replete with factual allegations that are supported by testimony based on personal knowledge and, supported by direct and circumstantial evidence," does not make it so. Mot. 10. Though Plaintiff contends that "the Court overlooked [his] evidence" by not ruling in his favor, his arguments were raised before the entry of judgment; he is not entitled to have them "rehashed" now. *Id.* Accordingly, Plaintiff raises no ground entitling him to relief under Rule 59(e).

### D.

Alternatively, Plaintiff moves for relief under Rule 52(b), requesting that the Court supplement its findings because it "did not explain why plaintiff's substantive and contrary evidence was insufficient and irrelevant to the issue of whether the defendants agreed to commit overt and parallel acts to obstruct his legal proceedings." *Id.* 20. "If the Court denies plaintiff's [Rule 59] motion," he "requests the Court make additional findings of fact and conclusions of law on the contrary

10

evidence and recite the undisputed facts for purposes of his appeal." *Id.* Rule 52(b) provides that "[o]n a party's motion filed no later than 28 days after the entry of judgment, the court may amend its findings—or make additional findings—and may amend the judgment accordingly." Fed. R. Civ. P. 52(b). A motion to amend a court's findings serves, "to correct manifest errors of law or fact or, in some limited situations, to present newly discovered evidence." *Fontenot v. Mesa Petroleum Co.*, 791 F.2d 1207, 1219 (5th Cir. 1986). "[That] is not to say, however, that a motion to amend should be employed to introduce evidence that was available at trial but was not proffered, to relitigate old issues, to advance new theories, or to secure a rehearing on the merits." *Id.* (citations omitted). "To prevail on a Rule 52(b) motion to amend, the moving party must show that the Court's findings of fact or conclusions of law are not supported by evidence in the record." *Cooper v. Dall. Police Ass'n*, 2013 WL 5786437, at *3 (N.D. Tex. Oct. 28, 2013) (citing *Mesa Petroleum Co.*, 791 F.2d at 1219). Here, Plaintiff only attempts to relitigate old issues. He neither raises a manifest error of law or fact, nor presents newly discovered evidence, which would entitle him to additional findings. Accordingly, Plaintiff's request for additional findings, conclusions, and recommendations regarding the sufficiency of his summary-judgment evidence should be denied.

IV.

Additionally, Plaintiff filed a "Request to File an Amended Affidavit in Support of Plaintiff's Motion to Alter or Amend Judgment Pursuant to Rule 59 or to Make Additional Findings of Fact Pursuant to Rule 52(b) in the Alternative," (ECF No.

11

284), seeking to file an "amended affidavit . . . in support of [his] Motion for Summary Judgment." Ex. 1 (ECF No. 284-1). Because the Court has already entered its order and judgment regarding Plaintiff's motion for summary judgment, and now recommends that Plaintiff's Rule 59(e) Motion be denied, Plaintiff's "Request to File an Amended Affidavit" should similarly be denied.

## RECOMMENDATION

For the foregoing reasons, the District Court should DENY both Plaintiff Jason Simmons's "Motion to Alter or Amend Judgment Pursuant to Rule 59 or to Make Additional Findings of Fact and Conclusions of Law Pursuant to Rule 52(b) in the Alternative," (ECF No. 282), and his "Request to File an Amended Affidavit in Support of Plaintiff's Motion to Alter or Amend Judgment Pursuant to Rule 59 or to Make Additional Findings of Fact Pursuant to Rule 52(b) in the Alternative," (ECF No. 284).

**SO RECOMMENDED**.

June 7, 2019.

                          REBECCA RUTHERFORD
                          UNITED STATES MAGISTRATE JUDGE

## INSTRUCTIONS FOR SERVICE AND
## NOTICE OF RIGHT TO APPEAL/OBJECT

The United States District Clerk is directed to serve a true copy of these findings, conclusions, and recommendation on the parties. Pursuant to Title 28, United States Code, Section 636(b)(1), any party who desires to object to these findings, conclusions, and recommendation must serve and file written objections within 14 days after being served with a copy. A party filing objections must specifically identify those findings, conclusions, or recommendation to which objections are being made. The District Court need not consider frivolous, conclusory, or general objections. A party's failure to file such written objections to these proposed findings, conclusions, and recommendation will bar that party from a *de novo* determination by the District Court. *See Thomas v. Arn*, 474 U.S. 140, 150 (1985). Additionally, any failure to file written objections to the findings, conclusions, and recommendation within 14 days after being served with a copy will bar the aggrieved party from appealing the factual findings and legal conclusions of the Magistrate Judge that are accepted by the District Court, except upon grounds of plain error. *See Douglass v. United Services Auto. Ass'n*, 79 F.3d 1415, 1417 (5th Cir. 1996) (en banc).